[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

FILED
6/10/2020
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

RECEIVED
3/31/2020
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

2020 MAR 31 PM 5:43
CLERK
U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Elizabeth Gonzalez )
_____ )
_____ )
_____ )
(Name of the plaintiff or plaintiffs) )
)
v. )
)
Janet Dhillon, Chair, United )
States Equal Employment )
Opportunity Commission )
(Name of the defendant or defendants) )

CIVIL ACTION

NO._____

**20CV2111**

**JUDGE KENNELLY**
**MAGISTRATE JUDGE HARJANI**

<u>**COMPLAINT OF EMPLOYMENT DISCRIMINATION**</u>

1. This is an action for employment discrimination.

2. The plaintiff is Elizabeth Gonzalez of the county of COOK in the state of Illinois.

3. The defendant is Janet Dhillon, Chair, United States Equal Employment Opportunity Commission, whose street address is 131 M Street, NE,
(city) Washington (county) District of Columbia (state) D.C. (ZIP) 20507

(Defendant's telephone number) (___) – _____

4. The plaintiff sought employment or was employed by the defendant at (street address)
500 West Madison St., Suite 2000 (city) Chicago
(county) COOK (state) IL (ZIP code) 60661

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

5. The plaintiff [*check one box*]

(a) ☐     was denied employment by the defendant.

(b) ☐     was hired and is still employed by the defendant.

(c) ☑     was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) **November** , (day) **17** , (year) **2015** .

7.1    *(Choose paragraph 7.1 or 7.2, do not complete both*.)

(a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☐ *has not*     filed a charge or charges against the defendant ☐ *has*

asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

(i)     ☐ the United States Equal Employment Opportunity Commission, on or about (month)_____ (day)_____ (year)_____.

(ii)     ☐ the Illinois Department of Human Rights, on or about (month)_____ (day)_____ (year)_____.

(b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☐ YES.     ☐ NO, **but plaintiff will file a copy of the charge within 14 days**.

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2    The defendant is a federal governmental agency, and

(a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

2

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

☑ Yes (month) February (day) 2 (year) 2019

☐ No, did not file Complaint of Employment Discrimination

(b)     The plaintiff received a Final Agency Decision on (month) May (day) 6 (year) 2019 .

(c)     Attached is a copy of the

(i)  Complaint of Employment Discrimination,

☑ YES     ☐ NO, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☑ YES     ☐ NO, but a copy will be filed within 14 days.

8.     *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐     the United States Equal Employment Opportunity Commission has not issued

a *Notice of Right to Sue.*

(b) ☐     the United States Equal Employment Opportunity Commission has issued a

*Notice of Right to Sue*, which was received by the plaintiff on

(month)_____ (day)_____ (year)_____ a copy of which

*Notice* is attached to this complaint.

9.     The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

(a) ☐     Age (Age Discrimination Employment Act).

(b) ☐     Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

3

(c) ☑ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☑ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☑ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]

(a) ☐ failed to hire the plaintiff.

(b) ☑ terminated the plaintiff's employment.

(c) ☐ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☑ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☑ failed to stop harassment;

(g) ☑ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☐ other (specify):_____

_____

4

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____

_____

_____

_____

13.  The facts supporting the plaintiff's claim of discrimination are as follows:

On December 1, 2014, I began working with the United States Equal Employment Opportunity Commission as an Information Intake Representative (IIR) at its Chicago, Illinois District Office. I was required to serve a one-year probationary period that was scheduled to end on December 1, 2015. On November 5, 2015, I got very sick at work; the paramedics took me to the hospital. On November 17, 2015, November 20, 2015 and November 25, 2015, I requested a reasonable accommodation. My status as a Probationary employee was a condition and factor to deny me ADA (Americans with Disabilities Act) protection, not entitled to complete the interactive process. On November 25, 2015, management informed me that it had decided to terminate my employment effective November 30, 2015.

14.  **[AGE DISCRIMINATION ONLY]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15.  The plaintiff demands that the case be tried by a jury.  ☑ YES  ☐ NO

16.  THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [**check only those that apply**]

(a) ☐  Direct the defendant to hire the plaintiff.

(b) ☑  Direct the defendant to re-employ the plaintiff.

(c) ☐  Direct the defendant to promote the plaintiff.

(d) ☐  Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☐  Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☐  Direct the defendant to (specify): _____

_____

5

_____

_____

_____

_____

(g) ☑ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☑ Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)

*Elizabeth Gonzalez*

(Plaintiff's name)

Elizabeth Gonzalez

(Plaintiff's street address)

5944 South Tripp Avenue

_____

(City) Chicago        (State) IL    (ZIP) 60629

(Plaintiff's telephone number) (312) – 788 – 4519

Date: 03/30/2020

6

Exhibits

## Complaint Submission RE: Formal EEO Case Number: 2019-0012

**Elizabeth Gonzalez**

Sat 2/2/2019 4:23 PM

**To:** CONTACT_OEO <contact_oeo@eeoc.gov>; ERICA WHITE-DUNSTON <ERICA.WHITE-DUNSTON@EEOC.GOV>
**Cc:** OFO EEOC <OFO.EEOC@EEOC.GOV>; stan.pietrusiak@eeoc.gov <stan.pietrusiak@eeoc.gov>; Macdonald, Dalton <dmacdonald@osc.gov>; nicholas.inzeo@eeoc.gov <nicholas.inzeo@eeoc.gov>

📎 1 attachments (1 MB)
Formal EEO Complaint (2019-0012).pdf;

Dear Director of the Office of Equal Opportunity:

I have attached my formal EEO Complaint of discrimination (EEOC Form 429) and attachments as evidence related to the EEO Case Number: 2019-0012. Due to my disabilities; I have not been able to access my electronic mail, open my U.S. postal mail and not able to focus or be productive in my everyday life activities. While preparing to file this formal EEO complaint (EEOC Case Number: 2019-0012); I have realized that the U.S. Equal Employment Opportunity Commission has continued to discriminate and retaliate against me after I filed my previous EEO Complaint (EEO Complaint Number: 2016-0014) and the U.S. EEOC has continued to discriminate and retaliate against me until this current date.

Also, I have just discovered and realized that I was given false and misleading information when I was issued the Final Agency Decision (FAD.) The Office of Equal Opportunity failed to advise me of my rights and give me an opportunity to file an appeal with the Office of Federal Operations but instead tried misleading to file an appeal with the Merit Systems Protection Board in order to miss the deadline and jeopardize my case. This was a malicious intent.

(Please See Final Agency Decision and the Supplemental Report for further details.)

Therefore, since I have just realized this; I would like to amend my complaint related to EEO Case Number: 2019-0012 and would like the additional claims to be added to the above mentioned EEO complaint (2019-0012.)

Very Truly Yours,
Elizabeth Gonzalez
5944 South Tripp Avenue
Chicago, IL 60629
(312) 788-4519
elizabeth_gonz2@hotmail.com

| INDIVIDUAL COMPLAINT OF EMPLOYMENT DISCRIMINATION AGAINST THE U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION Based on Race, Color, Religion, National Origin, Sex, Age, Disability, and/or Reprisal 29 CFR § 1614.103 *(Privacy Act Statement on reverse. Additional filing instructions are attached.)* | Agency Case Number: |
|---|---|

## SECTION I    COMPLAINANT AND COMPLAINANT'S REPRESENTATIVE INFORMATION

| 1. COMPLAINANT'S NAME: | Mailing Address | Phone Numbers: Cell: |
|---|---|---|
| Elizabeth Gonzalez | 5944 South Tripp Avenue Chicago, IL 60629 | ~~Home~~ 312-788-4519 Office |

| 2. REPRESENTATIVE'S NAME | Mailing Address | Phone Number: |
|---|---|---|
| Not Applicable | Not Applicable | Not Applicable |

Place √ in only one box to complete the following: The Representative named above ☑ is, ☐ is not, an attorney.

## SECTION II    INDIVIDUAL COMPLAINT OF EMPLOYMENT DISCRIMINATION

**3. BASIS(ES):**

Check box(es) next to **only** the basis(es) on which you are filing this complaint.

Refer to the instructions for further definitions.

| RACE ☐ Specify your race: | RELIGION ☐ Specify your religion: | NATIONAL ORIGIN ☑ Specify your National Origin: Mexican |
|---|---|---|
| COLOR ☐ Specify your color: | SEX ☐ Specify your sex: | GENETIC INFORMATION ☐ Specify: |
| REPRISAL ☑ Specify: Prior Formal EEO Complaint (2016-0014) | AGE ☐ Specify your age & D.O.B. | DISABILITY ☑ Specify your disability: Same disabilities stated in prior Formal EEO complaint. Mental, Vertigo and Migranes. | SEXUAL ORIENTATION ☐ Specify: |

**4. ISSUE(S)  Employment Related Matter(s)**

The employment related matters that are generally tracked under § 1614 regulations and the "No Fear Act" are listed below. Refer to instructions for further definitions.

| ☐ Appointment/Hire | ☐ Evaluation/Appraisal | ☐ Reasonable Accommodation |
|---|---|---|
| ☐ Assignment of Duties | ☐ Examination/Test | ☐ Reinstatement |
| ☐ Awards | ☑ Harassment/Non-sexual | ☐ Retirement |
| ☐ Conversion to Full-time | ☐ Harassment/Sexual | ☐ Termination *Post* |
| ☐ Disciplinary Action - Demotion | ☐ Medical Examination | ☑ Terms and Conditions of Employment |
| ☐ Disciplinary Action - Reprimand | ☐ Pay/Including Overtime | ☐ Time & Attendance |
| ☐ Disciplinary Action - Suspension | ☐ Promotion/Non-selection | ☐ Training |
| ☐ Disciplinary Action - Removal | ☐ Reassignment/denied | ☑ Other: Different terms and conditions related to my FOIA request, employment reference checks, refusal to remove remarks annotated on my SF-50. Harassment during OEO and Office of Legal Counsel interaction. |
| ☐ Duty Hours | ☐ Reassignment/directed | |

**5. DATE(S) ON WHICH THE DISCRIMINATION IS ALLEGED TO HAVE OCCURED,** including the most recent date that discrimination took place:

| 6. EEOC OFFICE  Where the Alleged Discrimination occurred: | NAME & TITLE OF INVOLVED MANAGEMENT OFFICIAL (If Known): |
|---|---|
| Chicago District Office, Office of Equal Opportunity, Office of Legal Counsel and Office of Information Technology. | Julianne Bowman (Director); Stephanie Garner, Kimberly Hall, Leona Clark, Unknown Name (Director from the Office of Information Technology. |

EEOC FORM 429 (Revised 08/2009)    PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND SHOULD NOT BE USED    page 1 of 2 pages

**7. STATEMENT OF CLAIM(S):** In accordance with 29 CFR § 1614.106(c), the claim(s) "must be sufficiently precise to identify the aggrieved individual and the agency and to describe generally the action(s) or practice(s) that form the basis of the complaint."

Use the space below to provide a brief statement of your claim(s). Refer to the instructions in the addendum for additional information on framing a claim of discrimination

I have been discriminated on the bases of retaliation (prior EEO complaint Number: 2016-0014); National Origin (Mexican), Disabilities (depression, anxiety, suicidal ideation, migrane headaches and vertigo.) The U.S. Equal Employment Opportunity Commission (U.S. EEOC) and its employees continue to discriminate and retaliate against me. (1.) The U.S. EEOC has denied, provided me the wrong information and estimated high fees related to my Freedom Of Information Act (FOIA) requests. (2.) The U.S. EEOC and management are responsible for maliciously disclosing my sensitive, confidential and the private facts that were gathered and taken from my resignation letter and made a conscious decision to maliciously document the information and disclose it in my Standard Form 50. This was an intentional action to detract from my character and to influence other federal agencies and their hiring officials not to hire me based on the information the U.S. EEOC disclosed in my Standard Form 50. The information annotated in my Standard Form 50 is sensitive, confidential and private facts related to my former job position during my employment with the U.S. Equal Employment Opportunity Commission and not public ones. It's also a violation of the Privacy Act. The disclosure occurs every time I need to submit a job application via the usajobs.gov website. I have made several requests to have the information removed from my Standard Form 50, but yet the U.S. has refused. (3.) The U.S. EEOC provided false information to the U.S. Customs and Border Protection during an employment background investigation; it had a negative impact on the job offer.

**8. REMEDY REQUESTED**

Use the space below to describe what you are seeking to resolve the claim(s) in your complaint.

$500,000.00

**9. I HAVE DISCUSSED MY COMPLAINT WITH AN EEO COUNSELOR.**

| | |
|---|---|
| (a) Date of Initial Contact: | November 16, 2018 |
| (b) Name of EEO Counselor: | Beeanna Swain and Leona Clark |
| (c) Date you received the Notice of Right to File a Discrimination Complaint: | January 19, 2019 |

**10. HAVE YOU FILED THE CLAIM(S) RAISED IN THIS COMPLAINT IN EITHER:**

If yes, indicate date filed in space below.

| | | |
|---|---|---|
| (a) A Merit Systems Protection Board Appeal? | NO ☒ | YES ☐ |
| (b) A negotiated grievance? | NO ☒ | YES ☐ |

**11. COMPLAINANT'S SIGNATURE:** x *Elizabeth Gonzalez*  **DATE** x 02/01/2019

*I have read the Privacy Act Statement below and reviewed the complaint. I declare, under penalty of Perjury that, to the best of my knowledge and belief, the foregoing is true and correct.*

**PRIVACY ACT STATEMENT**

**Authority.** 42 U.S.C. Section 2000-e 16; 29 U.S.C. 206(d); 29 U.S.C. 633(a); 29 U.S.C. Section 791; Executive Order Number 12106, 44 Fed. Reg. 1053 (Jan. 1979); and the No Fear Act, P.L. 107-174.
**Principal Purposes.** The primary uses of the information requested on this form are to determine whether the complaint was timely filed or whether the claims in the complaint are within the purview of 29 CFR § 1614.
**Routine Uses.** Other uses for the information you provide may include: (1) referring information to federal, state, and local law enforcement agencies if EEOC becomes aware of a violation or possible violation of a law or regulation; (2) disclosing information to a federal agency, court, or party to an administrative proceeding or in litigation when the government is a party; (3) providing information to a congressional office; (4) disclosing information to a duly authorized official engaged in the investigation or settlement of a grievance, complaint, or appeal filed by an employee; (5) disclosure of relevant information during discovery in a judicial or administrative proceeding;

(6) disclosing information to state or local bar associations or disciplinary boards or committees investigating complaints against attorneys regarding their representation of a party in a judicial or administrative proceeding; (7) disclosing information to federal agencies upon request and if relevant to their decision to hire an individual or issue a security clearance, conduct a security or suitability investigation, classify a job, or for other lawful investigatory purposes; (8) disclosing information to employees of contractors engaged by an agency to carry out the agency's responsibilities under 29 CFR § 1614; and (9) disclosing information to potential witnesses where necessary to perform the agency's functions under 29 CFR § 1614.
**Whether Disclosure is mandatory or voluntary and effect on individual for not providing information.** Furnishing the requested information on this form is voluntary, but failure to identify the parties, the action(s) or policy(ies) complained of and failure to sign the complaint may result in dismissal of the complaint.

NAME : GONZALEZ, Elizabeth
SSN : ███████

# REPORT OF INVESTIGATION

| | | | |
|---|---|---|---|
| SUBJECT: | GONZALEZ, Elizabeth | DATE: | April 9, 2018 |
| AKA: | N/A | CASE NO: | (b) (2), (b) (7)(E) |
| POSITION: | Other | INV. CRED: | (b)(6), (b)(7)(C) |
| SSN: | ███████ | | |
| DPOB: | ██████ / Chicago, IL | | |

TYPE OF INVESTIGATION: Tier 5
CORRECTED: ☐
SUPPLEMENTAL: ☐
DISCONTINUED CASE: ☐

## SYNOPSIS OF LEADS ADDRESSED BY ROI

| | | |
|---|---|---|
| I. | SUBJECT INTERVIEW: | See ROI Comments |
| II. | EDUCATION: | N/A |
| III. | EDUCATION REFERENCES: | N/A |
| IV. | MILITARY SERVICE: | See ROI Comments |
| V. | MILITARY REFERENCES: | N/A |
| VI. | EMPLOYMENT: | See ROI Comments |
| VII. | EMPLOYMENT REFERENCES: | See ROI Comments |
| VIII. | UNEMPLOYMENT: | See ROI Comments |
| IX. | LISTED REFERENCES: | See ROI Comments |
| X. | DEVELOPED REFERENCES: | See ROI Comments |
| XI. | RESIDENCE: | N/A |
| XII. | RESIDENCE REFERENCES: | See ROI Comments |
| XIII. | LOCAL AGENCY CHECK: | See ROI Comments |
| XIV. | COURT CHECK: | N/A |
| XV. | FORMER SPOUSE: | N/A |
| XVI. | MEDICAL RECORDS | N/A |
| XVII. | MEDICAL INTERVIEW: | See ROI Comments |
| XVIII. | OTHER: | N/A |
| XIX. | ATTACHMENTS | N/A |
| XX. | CONFIDENTIAL SOURCE: | N/A |

All witnesses interviewed were advised of the Privacy Act of 1974 as it applies to disclosure of their identity as a source of information to the person under investigation. All individuals providing information for this Report of Investigation (ROI) were interviewed personally unless otherwise indicated. Their applicable comments about Subject's character, reputation, integrity, emotional stability, associates, loyalty and suitability for employment, position of trust or access to classified information are included in the appropriate ROI section.

APPROVED BY: (b)(6), (b)(7)(C)          Date: April 9, 2018

~~OFFICIAL USE ONLY~~

Department of Homeland Security, Bureau of Customs and Border Protection

1

NAME    : GONZALEZ, Elizabeth
SSN     : ███████████

## EMPLOYMENT

9. U.S. Equal Employment Opportunity Commission (EEOC), 500 W., Madison St.,
Chicago, IL, Information Intake Representative, from June 19, 2014 to November 25,
2015, Subject resigned, is eligible for rehire; annual salary of $35,005 was paid bi-
weekly. There were no derogatory or disciplinary issues on file. Records were
personally reviewed.

This investigator met with Yolonda Tanks in private location and reviewed her personnel
file. Tanks advised this Investigator that Subject was still with TSA on a part-time call-in
basis; however, Transportation Security Administration (TSA) and EEOC are in no way

9

NAME    : GONZALEZ, Elizabeth
SSN      : ██████████

related. Tanks was not able to provide information regarding Subject's TSA former federal employment. [February 22, 2018 ████████

## EMPLOYMENT REFERENCES

10. Attempts to obtain employment references for Subject's employment with EEOC came back with negative results. During this investigator's canvassing of employment, listed supervisor, Tyrone Irvin, and listed coworker, Jose Romo, were not on-site, but in mediation. Cards were left for both references with Yolonda Tanks who stated she would pass them along. As of March 13, 2018, this investigator has not received a response from Irvin or Romo. Subject was contacted and advised she was not able to provide any additional leads or sources regarding this employment. [February 22, March 13, 2018] ████████

## EMPLOYMENT

11. United States Deparment of Homeland Security, Transportation Security Officer,



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Chicago District Office

500 West Madison Street, Suite 2000
Chicago, IL 60661
Intake Information Group: (800) 669-4000
Intake Information Group: (800) 669-6820
Chicago Direct Dial: (312) 353-2713
Chicago TTY: (312) 353-2421
Administration Fax: (312) 353-4041
Enforcement/File Disclosure Fax: (312) 886-1168
Federal Sector Fax: (312) 886-5391
Legal Fax: (312) 353-8555
Mediation Fax: (312) 353-6676

November 24, 2014

Elizabeth Gonzalez
E-mail: JAKE_MAT97@HOTMAIL.com

Dear Elizabeth,

Congratulations on your selection and appointment to the position of Information Intake
Representative (IIR) Bilingual/Spanish (GS 1802, Grade 5, Step 1) with an annual salary of
██████. This is a Career Conditional appointment, which carries a one-year probationary period.
Your duty station is the EEOC's Chicago District Office, located at 500 West Madison Street,
Suite 2000, Chicago, IL. I am delighted you are joining our Chicago staff. Your role will be
critical to fulfilling the mission of our Agency and the Chicago District Office.

Your appointment to this position is effective December 1, 2014, and is subject to the
satisfactory completion of a background investigation, which began with your completion of the
Declaration of Federal Employment, OF 306.

On Monday, December 1, orientation will begin at 9 a.m. Please check in with the building
receptionist on Level 3. You will be issued a temporary badge granting you access to our office.
When you arrive on the 20th floor, please ask the EEOC receptionist for Debra. Remember to
bring a photo ID or driver's license and original social security card or birth certificate.
Alternatively, you may bring your U.S. Passport.

The following links and accompanying document may be helpful in describing your federal
benefits. Please review as soon as you can, as these benefits will be discussed during your
orientation.

http://www.opm.gov/healthcare-insurance/healthcare/
http://www.opm.gov/healthcare-insurance/
https://www.tsp.gov/index.shtml
http://www.opm.gov/retirement-services/fers-information/

The EEOC team is here to support your transition. Although you will be assigned a "buddy" or "mentor," please know we are all here to assist you as you begin your employment with the EEOC. We look forward to welcoming you and are pleased that you have selected the EEOC as your employer.

Sincerely,

*Julianne Bowman*

Julianne Bowman
District Director (Acting)

JB/dws

Attachment (1) – "Know Your EEOC"

# APPOINTMENT AFFIDAVITS

*Information Intake Representative*
(Position to which Appointed)

*12/01/2014*
(Date Appointed)

*EEOC*
(Department or Agency)

*Chicago DO*
(Bureau or Division)

*Chicago*
(Place of Employment)

I, *Elizabeth Gonzalez* , do solemnly swear (or affirm) that--

## A. OATH OF OFFICE

I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter.  So help me God.

## B. AFFIDAVIT AS TO STRIKING AGAINST THE FEDERAL GOVERNMENT

I am not participating in any strike against the Government of the United States or any agency thereof, and I will not so participate while an employee of the Government of the United States or any agency thereof.

## C. AFFIDAVIT AS TO THE PURCHASE AND SALE OF OFFICE

I have not, nor has anyone acting in my behalf, given, transferred, promised or paid any consideration for or in expectation or hope of receiving assistance in securing this appointment.

*Elizabeth Gonzalez*
(Signature of Appointee)

Subscribed and sworn (or affirmed) before me this *1st* day of *December* , *2014*

at *Chicago*
(City)

*Illinois*
(State)

(SEAL)

(Signature of Officer)

*ORM*
(Title)

Commission expires_____
(If by a Notary Public, the date of his/her Commission should be shown)

Note - If the appointee objects to the form of the oath on religious grounds, certain modifications  may be permitted pursuant to the Religious Freedom Restoration Act. Please contact your agency's legal counsel for advice.

U.S. Office of Personnel Management
The Guide to Processing Personnel Actions

NSN 7540-00-634-4015

Standard Form 61
Revised August 2002
Previous editions not usable
EOD:IN01 - NBC/SSC

Standard Form 50
Rev. 7/91
U.S. Office of Personnel Management
FPM Supp. 296-33, Subch. 4

# NOTIFICATION OF PERSONNEL ACTION

| 1. Name (Last, First, Middle) GONZALEZ, ELIZABETH | | 2. Social Security Number 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 | 3. Date of Birth 01/07/75 | 4. Effective Date 10/01/14 |
|---|---|---|---|---|

| FIRST ACTION | | SECOND ACTION | |
|---|---|---|---|
| 5–A. Code 317 | 5–B. Nature of Action RESIGNATION | 6–A. Code | 6–B. Nature of Action |
| 5–C. Code ZVC | 5–D. Legal Authority P.L. 107-71 | 6–C. Code | 6–D. Legal Authority |
| 5–E. Code | 5–F. Legal Authority | 6–E. Code | 6–F. Legal Authority |

| 7. FROM: Position Title and Number TRANSPORTATION SECURITY OFFICER 90568636 032670 | | | | | | 15. TO: Position Title and Number | | | | |
|---|---|---|---|---|---|---|---|---|---|---|

| 8. Pay Plan SV | 9. Occ. Code 1802 | 10. Grade or Level D | 11. Step or Rate 00 | 12. Total Salary 33,855.00 | 13. Pay Basis PA | 16. Pay Plan | 17. Occ. Code | 18. Grade or Level | 19.Step or Rate | 20. Total Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 12A. Basic Pay 27,062.00 | 12B. Locality Adj. 6,793.00 | 12C. Adj. Basic Pay 33,855.00 | 12D. Other Pay .00 | | | 20A. Basic Pay | 20B. Locality Adj. .00 | 20C. Adj. Basic Pay | 20D. Other Pay .00 | | |

| 14. Name and Location of Position's Organization TRANSPORTATION SECURITY ADMINISTRATION SECURITY OPERATIONS CENTRAL AREA ORD - CHICAGO-O'HARE INTERNATI | 22. Name and Location of Position's Organization HS HS TA5905213329000000  PP 24 2014 |
|---|---|

## EMPLOYEE DATA

| 23. Veterans Preference 1  1 – None  3 – 10–Point/Disability  5 – 10–Point/Other  2 – 5–Point  4 – 10–Point/Compensable  6 – 10–Point/Compensable/30% | 24. Tenure 2  0 – None  2 – Conditional  1 – Permanent  3 – Indefinite | 25. Agency Use | 26. Veterans Preference for RIF  YES  X  NO |
|---|---|---|---|
| 27. FEGLI C0  BASIC | 28. Annuitant Indicator 9  NOT APPLICABLE | | 29. Pay Rate Determinant 0  NOT APPLICABLE |
| 30. Retirement Plan KF  FERS (FRAE) | 31. Service Comp. Date (Leave) 04/20/14 | 32. Work Schedule P  PART TIME | 33. Part–Time Hours Per 50  Biweekly Pay Period |

## POSITION DATA

| 34. Position Occupied 2  1 – Competitive Service  3 – SES General  2 – Excepted Service  4 – SES Career Reserved | 35. FLSA Category N  E – Exempt  N – Nonexempt | 36. Appropriation Code | 37. Bargaining Unit Status 5520 |
|---|---|---|---|
| 38. Duty Station Code 17-1670-031 | 39. Duty Station (City – County – State or Overseas Location) CHICAGO  COOK  IL | | |

| 40. Agency Data 00040812 | 41. ORD | 42. SUPV CD = 8 | 43. POS SNS = 1N | 44. |
|---|---|---|---|---|

45. Remarks
SF-2819 WAS PROVIDED. LIFE INSURANCE COVERAGE IS EXTENDED FOR 31 DAYS
DURING WHICH YOU ARE ELIGIBLE TO CONVERT TO AN INDIVIDUAL POLICY (NON-
GROUP CONTRACT).
FORWARDING ADDRESS=
5944 SOUTH TRIPP AVENUE
CHICAGO   IL  60629
LUMP-SUM PAYMENT TO BE MADE FOR ANY UNUSED ANNUAL LEAVE.

| 46. Employing Department or Agency HOMELAND SECURITY | 50. Signature/Authentication and Title of Approving Official E/S BY: NATASHA A. SIKORSKY |
|---|---|
| 47. Agency Code HS BC | 48. Personnel Office ID 1598 | 49. Approval Date 11/21/14 | MANAGER, BENEFITS/PERSONNEL ACTIONS |

5–Part 50–316       2 - OPF Copy - Long-Term Record - DO NOT DESTROY       Editions Prior to 7/91 Are Not Usable After 6/2093
NSN 7540–01–333–6238



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Washington, D.C. 20507
**OFFICE OF EQUAL OPPORTUNITY**

May 6, 2019

Email: elizabeth_gonz2@hotmail.com
Ms. Elizabeth Gonzalez
5944 S. Tripp Avenue
Chicago, IL 60629

RE:     Notice of Dismissal
        *Elizabeth Gonzalez* v. *Victoria Lipnic, Acting Chair, EEOC*
        EEO Complaint No. 2019-0012

Dear Ms. Gonzalez:

This Notice refers to Complainant's formal complaint of discrimination filed on March 2, 2019 with the Office of Equal Opportunity (OEO). In your amendment to your complaint, you allege that the Equal Employment Opportunity Commission (hereafter "Agency") has subjected you to discrimination on the basis of reprisal (prior EEO complaint) when:

1.  On or around January 5, 2016, the Agency included the reason for your resignation on your Standard Form 50.

2.  On or around April 6, 2018, you learned that the Agency provided incorrect information to the United States Customs and Border Protection (CBP) background investigator that negatively affected your ability to secure employment with CBP.

3.  On unspecified dates, up to and including October 2018, the Agency mishandled your Freedom of Information Act (FOIA) requests; and

4.  In October 2018, the Agency denied your most recent FOIA request.

It is also important to note that in your February 2, 2019 email, you assert:

> Also, I have just discovered and realized that I was given false and misleading information when I was issued the Final Agency Decision (FAD.) The Office of Equal Opportunity failed to advise me of my rights and give me an opportunity to file an appeal with the Office of Federal Operations but instead tried misleading to file an appeal with the Merit Systems Protection Board in order to miss the deadline and jeopardize my case. This was a malicious intent. (Please See Final Agency Decision and the Supplemental Report for further details.)

> Therefore, since I have just realized this; I would like to amend my complaint related to EEO Case Number: 2019-0012 and would like the additional claims to be added to the above mentioned EEO complaint (2019-0012.)

## DISMISSAL

After reviewing Complainant's complaint (as amended) in its entirety, I have determined that the above-referenced claims must be **DISMISSED** as discussed below.

Gonzalez v. EEOC
EEO Complaint No. 2019-0012
Notice of Dismissal

## A. Failure to State a Claim – Claim 1

Pursuant to 29 Code of Federal Regulation (C.F.R.) § 1614.107(a)(1):

> [A]n agency shall dismiss an entire complaint that fails to state a claim under § 1614.103 [protected bases] or § 1614.106(a) [filed with the agency that allegedly discriminated against the complainant].[1]

### 1. SF-50 Recording Complainant's Resignation

You claim that that the Agency discriminated against you when it included the reasons for your resignation on your SF-50. The Office of Personnel Management's (OPM) guidance on processing personnel actions provides in pertinent part:

> **4. Documenting Reason(s) for Separations**
>
> **A. Need for Remarks.** Most of the actions in this Chapter require remarks that document the reasons for the action. The remarks are used to determine future employment eligibility and eligibility for various benefits, including unemployment compensation. When a former employee applies for unemployment compensation, the State employment security agency will use the nature of action and the remarks to adjudicate the claim. Inadequate or incomplete information about the separation may result in delays or errors in processing such claims.
>
> **B. Employee's Reason for Resignation**
>
> (1) Each person who resigns should be asked to do so in writing. Part E of the Standard Form 52 is one option for submitting a written resignation. When the employee resigns orally, try to obtain written confirmation. If this is not possible, ask the person who received the oral resignation to document it in a memorandum for the record.
>
> (2) **In the remarks section of the Standard Form 50, quote in full the employee's reason for resigning.** If the employee's reason is so lengthy that it will not fit in the space available, summarize it. The entire reason will remain a matter of record because the resignation is a long term Official Personnel Folder document. **(Emphasis added)**

OPM, *Guide to Processing Personnel Actions* (GPPA) (March 2017) Chapter 31, Separations by Other than Retirement (Natures of Action 312, 317, 330, 350, 351, 352, 353, 355, 356, 357, 385, and 390)

In determining whether a complaint states a claim, the proper inquiry is whether the conduct if true would constitute an unlawful employment practice under the EEO statutes. *Cobb v. Dep't. of the Treasury*, EEOC Request No. 05970077 (Mar. 13, 1997) (a complaint should not be dismissed for failure to state a

---

[1] In other words, if a complaint does not allege discrimination based on one of the protected bases that is covered by Title VII and within the EEOC's jurisdiction (*i.e.*, race, color, religion, sex, national origin, age, sex-based wage discrimination, or genetic information), or if a complaint is not filed with the Agency that ultimately would be liable for discrimination against the complainant, OEO must dismiss the entire complaint.

Gonzalez v. EEOC
EEO Complaint No. 2019-0012
Notice of Dismissal

claim unless it appears beyond doubt that the complainant cannot prove a set of facts in support of the claim which would entitle the complainant to relief).

The Agency approved the SF-50 which records your resignation on January 5, 2016. Your resignation letter was copied in its entirety and inserted into the SF-50 in compliance with OPM guidance on processing personnel actions. The OPM guidance requires that the SF-50 document the reasons for an employee's resignation.

In essence, you allege that your stated reason for resigning that you provided to the Agency for inclusion in the SF-50 is negatively affecting your ability to secure employment. We note that the Agency took no discretionary or other action when completing the subject SF-50; in other words, the Agency merely performed the ministerial function of including your reason for resigning verbatim in the SF-50 as prescribed by OPM. *See* GPPA Ch. 31 § 4B, *supra*.

Because the Agency's alleged conduct does not constitute an unlawful employment practice under the EEO statutes, in accordance with 29 C.F.R. § 1614.107(a)(1), Claim 1 is hereby **DISMISSED**.

## B. <u>Untimely claims – Claims 1 and 2</u>

Pursuant to 29 C.F.R. § 1614.107(a)(2), an agency shall dismiss a complaint where the Complainant fails to comply with regulatory time limits. An aggrieved person is required to make contact with a Counselor within 45 days of the matter alleged to be discriminatory pursuant to 29 C.F.R. § 1614.105(a)(1). You did not initiate contact with an EEO Counselor until November 16, 2018, which is more than eight months after the most recent of the discriminatory events alleged in claims 1 and 2 above.[2]

The Agency applies a "reasonable suspicion" standard to trigger the date for determining the timeliness of the contact with the EEO Counselor. Under this standard, the time period for contacting an EEO Counselor is trigged when you should reasonably suspect discrimination, but before all the facts to support a charge of discrimination may have become apparent.

The SF-50 you provided shows that it was approved on January 5, 2016. Thus, on that date, or soon after, you should have been aware of the contents of your SF-50 and the resignation remarks. Similarly, in an email from you, dated April 6, 2018, to the CBP investigator included in the documentation that your provided, you discuss the incorrect information provided by the EEOC (specifically, the Agency purportedly told the CBP investigator that you began employment at EEOC as an intern). Yet, you did not contact the Office of Equal Opportunity regarding this issue until November 16, 2018.

The undersigned finds that the Agency's approval of your SF-50 on January 5, 2016 and your awareness as of April 6, 2018, that the Agency provided alleged false information to the CBP background investigator evinces a reasonable suspicion of discrimination; not later than April 6, 2018, you should have suspected that the Agency had subjected you to discrimination in these matters. Therefore, in accordance with 29 C.F.R. § 1614.107(a)(2), Claims 1 and 2 of EEO Complaint 2019-0012 are hereby **DISMISSED**.

---

[2] Complainant's initial contact was 1,046 days from the January 5, 2016, the date the Agency approved her SF-50. Further, her initial contact was 244 days from April 6, 2018, the date she became aware that the Agency made allegedly false statements to the CBP background investigator.

Gonzalez v. EEOC
EEO Complaint No. 2019-0012
Notice of Dismissal

## C. Collateral Attack – Claims 3 and 4

### 1. FOIA Request

You allege that you made numerous FOIA requests on unspecified dates and that the Agency mishandled your FOIA requests by (1) changing the terms and conditions under which you are able to make FOIA requests, (2) charging you high fees to process your request, and (3) falsely advising you that certain information you requested was available on line. In addition, you allege that your most recent FOIA request was denied.

The Agency has a prescribed process for availability of Agency records in C.F.R. Part 1610 (FOIA). Pursuant to 29 C.F.R. § 1611.10:

> [A] requester may appeal any adverse determination to the Legal Counsel, or the Assistant Legal Counsel, FOIA Program.

Thus, the proper forum for you to raise a challenge to the Agency's actions which occurred during the FOIA process is with the Agency's Office of Legal Counsel or the Assistant Legal Counsel, FOIA Program (and not the Office of Equal Opportunity). *See Jae v. U.S. Postal Serv.*, EEOC Appeal No. 0120171832 (July 14, 2017).

### 2. SF-50 Recording Complainant's Resignation

The Agency approved the SF-50 which records your resignation on January 5, 2016. Your resignation letter was copied in its entirety and inserted into the SF-50 in compliance with OPM guidance on processing personnel actions. As discussed above, OPM's guidance requires that the SF-50 document the reasons for an employee's resignation. Thus, the proper forum for you to raise a challenge to these actions that occurred pursuant to OPM's guidance is with OPM. *Id.*

### 3. Analysis

The Commission has held that an employee cannot use the EEO complaint process to lodge a collateral attack on another proceeding and that a collateral attack fails to state a claim. *See Wills v. Dep't of Def.*, EEOC Request No. 05970596 (July 30, 1998); *Kleinman v. U.S. Postal Serv.*, EEOC Request No. 05940585 (Sept. 22, 1994); *Lingad v. U.S. Postal Serv.*, EEOC Request No. 05930106 (June 25, 1993). A claim that can be characterized as a collateral attack, by definition, involves a challenge to another forum's proceeding, such as the grievance process, the workers' compensation process, an internal agency investigation, and state or federal litigation. *See Fisher v. Dep't of Defense*, EEOC Request No. 05931059 (July 15, 1994).

The proper forum for Complainant to have raised her challenges to actions which occurred during the FOIA process was at that proceeding itself. Likewise, the proper forum for Complainant to challenge the OPM requirement to include the reason for her separation on her SF-50 is with OPM. It is inappropriate to now attempt to use the EEO process to collaterally attack actions which occurred during the FOIA process or based on guidance from OPM.

Accordingly, Claims 1, 3 and 4 are hereby **DISMISSED** as a collateral attack, or challenge to another forum's proceeding.

Gonzalez v. EEOC
EEO Complaint No. 2019-0012
Notice of Dismissal

## SPINOFF COMPLAINTS

Complainant has raised two claims regarding the processing of her EEO complaints. First Complainant asserts that she has been subjected to discriminatory animus by the OEO Director and EEO Specialists during the informal complaint processing of EEO Complaint No. 2019-0012. Complainant also asserts that she has recently learned that OEO staff maliciously mislead Complainant with information regarding an MSPB appeal for the purposes of causing Complainant to miss the timely filing of her appeal of EEO Complaint No. 2016-0014 with the Office of Federal Operations (OFO).

Pursuant to 29 C.F.R. § 1614.107(a)(8), complaints about the processing of existing complaints should be dismissed and referred to the agency official responsible for complaint processing and/or processed as part of the of the original complaint. In accordance with Management Directive (MD) 110, Chapter 5, Section IV.D., the agency official must earnestly attempt to resolve the dissatisfaction and provide an explanation for acting (or failing to act) with respect to the dissatisfaction.

**Claim No. 1:** In Complainant's November 28, 2018 email to the OEO Director, Complainant asserts that the EEO Specialists used intimidating tactics to interrogate her and were seeking information that Complainant believed was irrelevant to EEO Complaint No. 2019-0012. Complainant asserts that both Specialists used demeaning tones of voice, were unprofessional and argumentative, thereby triggering one of her medical conditions and causing Complainant to have an anxiety attack. Complainant states that because of the anxiety attack, she raised her voice and believes that the behavior of the Specialists was malicious and intended to discourage Complainant from proceeding in the informal complaint process. Complainant then states that a follow up telephone call from the OEO Director further exacerbated her condition by raising her voice at Complainant and demanding that Complainant not interrupt the OEO Director. Complainant states that she asked that OEO Director to refrain from contacting her by telephone.

**Analysis:** Because Complainant named the OEO Director as a party in her statement of dissatisfaction and harassment with respect to the informal complaint process, the OEO Director recused herself from the process and requested that the undersigned complete an investigation of Complainant's assertions.

It is important to note the Complainant's recitation of events significantly differs from those of both EEO Specialists and the OEO Director. First, both EEO Specialist Beeanna Swain and Attorney-Advisor Leona Clark[3] assert that from the outset of the interview, Complainant was suspicious of the process did not believe the information provided to her by both Misses Clark and Swain and most specifically, refused to answer pertinent to the possible resolution of her complaint at the lowest possible level. Both Misses Clark and Swain further affirm that Complainant became increasingly belligerent and began yelling angrily at them in such a manner that they determined that the best course of action was to end the interview. Both reported that Complainant repeatedly attempted to direct the counseling process, informing them what she was and was not going to do or provide. As a result, both immediately informed a Senior EEO Specialist, who advised the OEO Director of the difficulty that had with the interview and the inability to obtain information relevant to the complaint.

The OEO Director affirms that this same information was conveyed to her by Misses Clark and Swain. As a result, the OEO Director called Complainant. The OEO Director affirms that upon speaking with the Complainant, the Complainant informed the OEO Director that the Agency was attempting to impermissibly record Complainant for the Office of General Counsel by having Complainant on speaker

---

[3] At the time of Complainant's complaint, Ms. Clark was a Legal Intern with OEO. Ms. Clark was hired as an Attorney-Advisor with OEO in February 2019.

Gonzalez v. EEOC
EEO Complaint No. 2019-0012
Notice of Dismissal

phone. The OEO Director states that she explained to Complainant that she was not being recorded but was placed on speaker phone so that both women could hear her and type Complainant's responses while listening to Complainant. The OEO Director also states that when she attempted to explain to Complainant why questions were being posed and that Complainant must answer the questions if she is attempting to resolve the issue and to explain why she believes her current complaint is in retaliation of the prior complaint, the Complainant began aggressively speaking over the OEO Director, demanding that the OEO Director provide her with written information regarding the process. When the OEO Director informed her that the information is provided during the counseling process and can also be located online, Complainant loudly demanded that the OEO Director provide her with the cite information. The OEO Director states that when she provided Complainant with the cite information and began to recite the language relevant to this issue, Complainant became even more belligerent and loud, that even without being on speakerphone, the Equal Opportunity Assistant that was passing the OEO Director's office stopped at her doorway and asked if everything was okay. The OEO Director told Complainant that if Complainant continued to yell at and interrupt the OEO Director, they would not be able to address Complainant's concerns and that Complainant would not be allowed to talk to OEO staff in such a manner. At that time, Complainant stated her disability caused her to talk loud and sometimes aggressively. The OEO Director asked Complainant whether she had informed Misses Clark and Swain of her disability and that she needed an accommodation. Complainant again interrupted the OEO Director and loudly stated that she had not so informed Misses Clark and Swain and the OEO Director was also exacerbating her disability. In response to this statement, the OEO Director informed Complainant that she was ending the call and that all further communications with Complainant with respect to her complaint would be made via written correspondence.

It is also important to note that Complainant appears to be mistaken regarding the informal complaint process, which has a primary goal of resolving complaints at the earliest possible level. Second, Complainant raised a complaint of retaliation, specifically asserting that the retaliation was based on her prior EEO complaint, but refused to answer questions relevant to the prior complaint. Management Directive (MD) 110 Chapter 2, Section III describes among the roles of responsibilities of an EEO Counselor:

3.      Conduct a limited inquiry during the initial interview with the aggrieved individual for the purpose of determining jurisdictional questions. This includes determining whether there may be issues relating to the timeliness of the individual's EEO Counselor contact and obtaining information relating to the issue. This also includes obtaining enough information concerning the claim(s) and basis(es) so as to enable the agency to properly identify the legal claim raised if the individual files a complaint at the conclusion of the EEO counseling process. (Information gatherer)

Moreover, MD-110 Chapter 2, Section V states in part:

The EEO Counselor must at all times control the inquiry. If the aggrieved person or agency personnel raise objections to the scope or nature of the inquiry, the EEO Counselor shall seek guidance and assistance from the EEO Director. If the EEO Counselor has problems with the inquiry, s/he should immediately notify the EEO Director.

Accordingly, we find that the OEO staff performed their duties in according to the regulatory guidance which supports the EEO process. We find that Complainant misunderstood the role of the EEO staff in the information complaint process, erroneously believed that she was improperly being recorded and failed to notify the OEO staff that she needed an accommodation. Once Complainant informed the OEO Director of her disability, the OEO Director that no further direct telephone communication be held with

Gonzalez v. EEOC
EEO Complaint No. 2019-0012
Notice of Dismissal

Complainant in an effort to assure that Complainant's disability was not exacerbated while still providing the neutral and objective counseling of Complainant's claim.

**Claim No. 2:** In Complainant's March 2, 2019, email to various Agency leadership, including the OEO Director and Deputy Director, Complainant asserts that she recently learned that OEO maliciously failed to advise Complainant of her rights and give Complainant an opportunity to timely file the appeal of her Final Agency Decision (FAD) with the Office of Federal Operations. Specifically, Complainant asserts that OEO staff maliciously provided Complainant with information regarding filing an appeal with MSPB in an effort to cause Complainant to miss her timely filing her appeal with OFO.

**Analysis:** We find that Complainant's assertion has no merit. First, Complainant timely filed her appeal of the FAD of EEO Complaint No. 2016-0014 with OFO on December 7, 2017. Second, in the Agency's Motion in Opposition to Appeal, dated January 19, 2018, the Agency addresses this issue, specifically explaining in its first footnote:

> **On January 17, 2018, while preparing this Motion in Opposition to Appeal, the Agency discovered that it incorrectly referred to the instant case as a "mixed case complaint" in the FAD and inadvertently provided Appellant with appeal rights to the MSPB (and not to the Commission). Because Appellant was terminated during her probationary period, the MSPB does not have jurisdiction over an appeal from this FAD. And because Appellant's termination is not appealable to the MSPB, this is not [sic] mixed case; thus, the Agency should have instructed Appellant to file her appeal with the Commission. *See* 29 C.F.R. § 1614.302(a)(defining a mixed case complaint as a complaint based on race, color, religion, sex, national origin, age, disability or genetic information related to or stemming from an action that can be appealed to the MSPB). Notwithstanding the Agency's inadvertent error, Appellant located the correct appeal form published at Appendix P to the Agency's MD-110 and timely submitted her appeal with her supporting statement to the Commission.**

It is important to note that Complainant originally received the Report of Investigation on July 19, 2016. At that time, Complainant was provided the correct appeal information with respect to the Office of Federal Operations. After Complainant requested and received a supplemental investigation of EEO Complaint No. 2016-0014 in December 2017, she was mistakenly provided the incorrect information. OEO's original submission of the correct appeal information, coupled with OEO's explanation of the procedural error, does not support Complainant's assertion of malicious intent. Moreover, Complainant's timely filing, coupled with her receipt of the original appeal information also contradicts Complainant's assertion that she only recently became aware of the improper filing information and alleged discriminatory animus by OEO.

Accordingly, we find that Complainant has not provided any evidence to support either her assertion of malicious intent by OEO or her lack of knowledge of the procedural error publicly acknowledged by OEO in the Agency's Motion in Opposition to Appeal more than one year prior to Complainant's current assertion. We find that the Agency readily acknowledged its error and Complainant timely filed her appeal and thus was not disadvantaged by this admitted Agency error.

Gonzalez v. EEOC
EEO Complaint No. 2019-0012
Notice of Dismissal

## STATEMENT OF RIGHTS

Complainant's appeal rights are explained in detail in the enclosure. Please note that there are time limits for filing an appeal. If you have any questions or concerns, please contact the Office of Equal Opportunity at (202) 663-7081.

Sincerely,

Stan Pietrusiak, Deputy Director
Office of Equal Opportunity

Encl:    Appeal Rights
         Form 573

cc:      Nicholas Inzeo, Director
         Office of Field Programs (OFP)

         Martin Ebel, Director
         Field Management Programs, OFP

         Julianne Bowman, Director
         Chicago District Office

Gonzalez v. EEOC
EEO Complaint No. 2019-0012
Notice of Dismissal

# CERTIFICATE OF MAILING

I certify that a copy of the Commission's Notice of Dismissal with Complainant's appeal rights was mailed via electronic mail and certified mail to Complainant Elizabeth Gonzalez at the following addresses:

Elizabeth Gonzalez
5944 S. Tripp Avenue
Chicago, IL 60629
elizabeth_gonz2@hotmail.com

_____5/6/19_____
Date

_____
Equal Opportunity Assistant

Certified Mail Receipt No. 7004 1160 0001 1631 6043

OFFICE OF FEDERAL OPERATIONS
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
P. O. Box 77960
Washington, D.C. 20013

| | |
|---|---|
| Elizabeth Gonzalez<br>Complainant,<br><br> v. <br><br>Victoria A. Lipnic, Acting Chair,<br>U.S. Equal Employment Opportunity<br>Commission,<br>Agency | OFO File No: 2019003329<br><br>EEOC Case No: 2019-0012<br><br>Date: June 8, 2019 |

## **COMPLAINANT APPEAL BRIEF**

I hereby submit a brief in support of my appeal, which was filed on May 9, 2019 on the above referenced matter.

On May 6, 2019 the U.S. Equal Employment Opportunity Commission, Office of Equal Opportunity issued its Notice of Dismissal.

I hereby submit evidence as below and attached documents which was already referenced during the EEO counseling, correspondence and supporting documents/evidence I submitted to the Office of Equal Opportunity.
The Office of Equal Opportunity failed to adhere to the laws and failed to accept my claims, investigate my claims, failed to correct my claims, failed to allow me to engage in the EEO process, failed to address my concerns and issues.

I allege that the U.S. Equal Employment Opportunity Commission and the Office of Equal Opportunity have continued to discriminate against me based on my national origin (Mexican), disability (major depressive disorder, suicidal ideation, depression, anxiety disorder, vertigo and migrainosus – migraine headaches), sex (female, single mother, domestic violence situation), denied reasonable accommodation and in retaliation for my prior EEO activity (EEOC Case No: 2016-0014); all of which I claimed as a bases in my previous EEOC case (Case No: 2016-0014.)

- On November 28, 2018; I received a telephone call from Ms. Beeanna Swain, Equal Employment Opportunity Specialist to conduct the initial EEO Intake interview; Ms. Swain had me on speakerphone. I kindly asked Ms. Swain to take me off speakerphone and she refused stating that there was someone else in the room and her name is, Ms. Leona Clark.
  I asked her what role did Ms. Leona Clark have with my initial EEO Intake interview. Ms. Leona Clark told me that she was the "collateral counselor". I have

Page 1

never heard of that title and confused as to her role and why she was listening in during the initial EEO Intake interview.

- After repeated requests for her to remove me from speakerphone; my anxiety levels started to rise. I believe that I was being audio recorded without my consent and both, Ms. Swain and Ms. Clark refused to remove me from speakerphone after several requests. That alone is a violation of the law.

Furthermore, Ms. Clark and Ms. Swain used intimidating tactic's to interrogate me and were forcing me to provide them with the specific details of my prior EEO complaint, which I believe is irrelevant to the retaliatory complaint I recently filed and the subject matter of the EEO interview. By both their demeanor and actions; I was certain that both Ms. Swain and Ms. Clark had reviewed my prior EEO case (Case No. 2016-0014.) Ms. Swain and Ms. Clark used a demeaning tone of voice, unprofessional and were very argumentative as a form of harassment while forcing me to provide information related to my prior formal EEO complaint. Their actions triggered one of my medical conditions and I had an anxiety attack. I informed them of my medical conditions but they were dismissive.

During the interview; my anxiety attack worsened and it triggered me to raise my voice. I strongly believe that their actions and interrogation tactics were malicious and with the intent to discourage me and prevent me from proceeding with the informal complaint and to prevent me from filing a formal EEO complaint.

Furthermore, later that day; I received a telephone call from Ms. Erica White-Dunston, Director, Office of Equal Opportunity. I couldn't understand why Ms. Dunston had called me and couldn't understand her role in my initial EEO Intake interview. Ms. Dunston further harassed me and used intimidating tactics as well to further discourage me and prevent me from proceeding with the informal complaint and to prevent me from filing a formal EEO complaint.

Her actions were also malicious and a form of retaliation as she was involved with my prior EEO complaint (EEO Complaint Number: 2016-0014); she also continues to discriminate and retaliate against me. I informed Ms. Dunston that Ms. Swain and Ms. Clark had given me an anxiety attack and that she was also making me sicker and worsening my medical conditions.

Ms. Dunston told me that I am not entitled to ask questions during the interview or the EEO process. Ms. Dunston raised her voice at me and told me not to interrupt her; she as well gave me an anxiety attack. Due to my medical conditions worsening; I had to tell Ms. Dunston to refrain from contacting me via telephone and should she have any questions or concerns, to please feel free to contact me via electronic mail as my health conditions could not resist her harassment or anyone else's any further.

- On February 2, 2019 I discovered and realized while preparing to file the formal EEO complaint (EEO Case Number: 2019-0012) with the Office of Equal Opportunity that the U.S. Equal Employment Opportunity Commission and the Office of Equal Opportunity have continued to discriminate and retaliate against me after I filed the previous EEO Complaint (EEO Complaint Number: 2016-0014) and continue to discriminate and retaliate against me.

Page 2

I discovered and realized that I was given false and misleading information when the Office of Equal Opportunity issued the Final Agency Decision (FAD); the Office of Equal Opportunity failed to advise me of my rights and give me an opportunity to file an appeal with the Office of Federal Operations but instead purposely provided me with the wrong information with the intent to sabotage, jeopardize and prevent me from filing an appeal with the Office of Federal Operations but instead lead me to believe to file an appeal with the Merit Systems Protection Board. On this date, February 2, 2019; I made an amendment to the formal EEO complaint (EEO Case Number: 2019-0012) and notified the Office of Equal Opportunity.

- On March 20, 2019; I was in receipt of the information I requested with the U.S. Customs and Border Protection under the Freedom of Information Act (FOIA) and related to a job offer that I received contingent upon the employment background investigation. I did not have the information regarding the Report of Investigation from the U.S. Customs and Border Protection related to the employment background investigation when I initiated and filed the formal EEO complaint (EEO Case Number: 2019-0012) against the U.S. Equal Employment Opportunity Commission and the Office of Equal Opportunity on the Bases of my national origin (Mexican), disability (major depressive disorder, suicidal ideation, depression, anxiety disorder, vertigo and migrainosus – migraine headaches), sex (female, single mother, domestic violence situation), denied reasonable accommodation and in retaliation for my prior EEO activity (EEOC Case No: 2016-0014.)
  On March 20, 2019; I made an amendment to the formal EEO Complaint (EEO Case No: 2019-0012) and notified the Office of Equal Opportunity.
  I amended the complaint and added Yolanda Tanks (EEOC, Chicago District Office) to the complaint. Ms. Tanks provided false information to the investigator, Mr. Harold Sneath while conducting an employment background investigation for a job offer I had pending with the U.S. Customs and Border Protection. Ms. Tanks provided false information related to my employment with the U.S. Equal Employment Opportunity Commission and regarding my employment with the Transportation Security Administration (TSA.)
  Ms. Tanks advised the investigator, Mr. Harold Sneath that my start date with the U.S. Equal Employment Opportunity Commission was June 19, 2014; that is a false statement.
  My start date with the U.S. Equal Employment Opportunity Commission was on December 1, 2014. Ms. Tanks also advised the investigator that I was still employed and working with TSA on a part-time call-in basis; that is a false statement.
  I resigned from TSA on October 1, 2014.
  During the employment investigation; the investigator informed me that the U.S. Equal Employment Opportunity Commission stated that I started as an intern and my start date was in June 2014; that is a false statement. I was never an intern and my job title while working with the U.S. Equal Employment Opportunity Commission was only as an Information Intake Representative (IIR) Bilingual/Spanish.

I believe Yolanda Tanks retaliated against me due to my prior EEO activity and acted with malicious intent to prevent me from obtaining a job.

The false information had a negative affect on me and my job with the U.S. Customs and Border Protection. The job offer was withdrawn by the U.S. Customs and Border Protection. At this point, I realized the reason why I haven't been able to obtain federal employment is because the U.S. Equal Employment Opportunity Commission has been providing false information during job reference checks and during employment background investigations.

- Due to my disabilities worsening throughout the past few years and due to the harm that the U.S. Equal Employment Opportunity Commission and the Office of Equal Opportunity have caused me; I have not been able to concentrate, be healthy or be productive in my everyday life activities.

  The anti-discrimination laws state that the time limit can be extended under certain circumstances and I believe that I meet the time limit, given my circumstances and the ongoing harassment that I've endured by the U.S. Equal Employment Opportunity Commission and the Office of Equal Opportunity and the individuals mentioned in my complaint.

  Also, I believe that the day of harm or action can also be the date when the individual "realizes" they were harmed and when it's ongoing harassment.

I believe the Office of Equal Opportunity failed to properly investigate my claims and apply the law in to my claims and complaint; I believe this was done with malicious intent to jeopardize my previous case (OFO File No: 0120180745 and EEOC Case No: 2016-0014) that is currently under review with the Office of Federal Operations and to discourage and prevent me from filing a formal EEO Complaint, therefore, denying my rights to engage in the EEO process.

The U.S. Equal Employment Opportunity Commission, Chicago District Office has already been in violation of the Agency's laws and discriminated against other EEOC employees.

Furthermore, after reading the Notice of Dismissal issued by Mr. Stan Pietrusiak's; I was in disbelief to discover the false statements and fabricated stories in which Ms. Swain, Ms. Clark and Ms. Dunston provided to Mr. Stan Pietrusiak.

It's frightening to know that these same individuals are employed by the U.S. Equal Employment Opportunity Commission, Office of Equal Opportunity. It appears to be a common practice and something they have in common with the Chicago District Office.

For the reasons and evidence provide herewith, Complainant respectfully request that the Commission overturn the Notice of Dismissal in this matter and make a determination in my favor.

Respectfully submitted,

Elizabeth Gonzalez

Elizabeth Gonzalez
5944 South Tripp Avenue
Chicago, IL 60629
Elizabeth_gonz2@hotmail.com

Page 4

# **CERTIFICATE OF SERVICE**

I, Elizabeth Gonzalez, certify that on June 8, 2019, the attached documents
(COMPLAINANT APPEAL BRIEF AND SUPPORTING
DOCUMENTS/EVIDENCE) was sent to each of the following:

| NAME | METHOD OF SERVICE |
|---|---|
| OFFICE OF FEDERAL OPERATIONS<br>U.S. Equal Employment Opportunity Commission | By Electronic Mail:<br>ofo.eeoc@eeoc.gov |
| U.S. Equal Employment Opportunity Commission<br>Office of Equal Opportunity | By Electronic Mail:<br>contact_oeo@eeoc.gov |
| Erica White-Dunston, Director<br>U.S. Equal Employment Opportunity Commission<br>Office of Equal Opportunity | By Electronic Mail:<br>Erica.white-dunston@eeoc.gov |

06/08/2019
_____
Date

*Elizabeth Gonzalez*

Elizabeth Gonzalez
Appellant
5944 South Tripp Avenue
Chicago, Illinois 60629
Telephone: (312) 788-4519
elizabeth_gonz2@hotmail.com



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Washington, DC 20507**

Elizabeth Gonzalez, a/k/a
Nadine M.,[1]
Complainant,

v.

Janet Dhillon,
Chair,
Equal Employment Opportunity Commission,[2]
Agency.

Appeal No. 2019003329

Agency No. 2019-0012

## DECISION

On May 9, 2019, Complainant filed an appeal with the Equal Employment Opportunity Commission (EEOC or Commission), pursuant to 29 C.F.R. § 1614.403(a), from the Agency's May 6, 2019, final decision concerning her equal employment opportunity (EEO) complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq., and Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 et seq. For the following reasons, the Commission AFFIRMS the Agency's final decision.

## ISSUE PRESENTED

The issue presented herein is whether the Agency properly dismissed Complainant's EEO complaint.

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

[2] In the present matter, the Equal Employment Opportunity Commission (EEOC) is both the respondent agency and the adjudicatory authority. The Commission's adjudicatory function is housed in an office that is separate and independent from those offices charged with in-house processing and resolution of discrimination complaints. For the purposes of this decision, the term "Commission" or "EEOC" is used when referring to the adjudicatory authority and the term "Agency" is used when referring to the respondent party to this action.

2                                                                              2019003329

## BACKGROUND

Complainant worked with the Agency as an Information Intake Representative (IIR) at its Chicago, Illinois District Office. The Agency informed her on November 25, 2015, that she would be terminated during her probationary period. In response, Complainant resigned from the Agency effective November 25, 2015. Complainant filed an EEO complaint, namely Agency No. 2016-0014, alleging that she was subjected to discrimination when she was constructively discharged when she was denied reasonable accommodations and resigned in lieu of termination. Complainant appealed this matter to the Commission. It has been docketed as EEOC Appeal No. 0120180745.

Subsequent to her resignation, Complainant discovered that the Agency had included on her Standard Form 50 (SF-50), issued on January 5, 2016, the reasons Complainant had given for her resignation. Complainant characterized this information as "sensitive and personal"; it referenced her disability, the Agency's alleged failure to provide her with reasonable accommodation, her view that she had been constructively discharged, and her intention to file a complaint against the Agency. Complainant contacted the Agency on several occasions to obtain a revised SF-50 omitting this information. The record reflects that Complainant emailed the Agency in July 2017. When she received no response, Complainant submitted additional emails and letters to the Agency in November 2017.

Following her resignation from the Agency, Complainant sought employment with the United States Customs and Border Protection (CBP) under the Department of Homeland Security. The CBP tendered Complainant a conditional offer of employment pending a background investigation. As part of the background investigation, the CBP contacted the Agency. Following her background investigation, the CBP rescinded Complainant's job offer. Complainant believes that an Agency official provided information which negatively affected her ability to secure employment with the CBP. The record included an email from Complainant to a CBP official (CBP Official) dated April 6, 2018, discussing the rescission of the job offer and the background investigation.

During this period of time, Complainant tried to obtain information that would support her claim of discrimination alleged in Agency No. 2016-0014. To this end, Complainant submitted several requests for documents and information under the Freedom of Information Act (FOIA). She believes that the Agency has continued to subject her to unlawful retaliation in mishandling and denying her FOIA requests.

Based on these incidents, Complainant contacted the EEO Counselor via email dated November 16, 2018, alleging unlawful retaliation. During the informal processing of the instant matter, Complainant emailed the EEO Office on February 2, 2019, raising concerns with the processing of Agency No. 2016-0014. She attempted to amend the instant matter to include her concerns regarding the EEO Office's alleged misleading and false information provided in the processing of her prior EEO complaint.

When the instant matter could not be resolved informally, Complainant was issued a notice of right to file a formal complaint. On March 2, 2019, Complainant filed an EEO complaint alleging that the Agency discriminated against her on the basis of reprisal for prior protected EEO activity arising under Title VII and the Rehabilitation Act when:

1. The Agency included the private and sensitive reasons for her resignation on her SF-50. Complainant believed this was an intentional action to detract from her character and influence other federal agencies from hiring her in the future.

2. Complainant learned that the Agency provided false information to the CBP background investigator that negatively affected her ability to secure employment with the CBP.

3. On unspecified dates up to October 2018, the Agency mishandled Complainant's FOIA requests.

4. In October 2018, the Agency denied Complainant's most recent FOIA request.

On May 6, 2019, the Agency issued its final decision dismissing Complainant's EEO complaint (Agency No. 2019-0012). The Agency dismissed claim 1 pursuant to 29 C.F.R. § 1614.107(a)(1) for failure to state a claim. The Agency held that Complainant failed to assert a cognizable claim and that the SF-50 was drafted pursuant to guidance issued by the Office of Personnel Management (OPM).

The Agency also dismissed claims 1 and 2 pursuant to 29 C.F.R. § 1614.107(a)(2) for untimely EEO Counselor contact. The Agency found that Complainant became aware of claim 1 on January 5, 2016, the date the SF-50 was issued. As to claim 2, the Agency determined that Complainant became aware that an Agency official provided information for the CBP background investigation as evidenced in the April 6, 2018 email. The record showed that Complainant contacted the EEO Counselor by email on November 16, 2018. The Agency noted that Complainant's contact occurred well outside of the 45-day time limit.

The Agency then dismissed claims 3 and 4 pursuant to 29 C.F.R. § 1614.107(a)(1) for failure to state a claim. The Agency determined that Complainant was using the EEO complaint process to collaterally attack the Agency's FOIA process. The Agency stated that Complainant was inappropriately using the EEO complaint process to challenge events outside of the Commission's jurisdiction.

Lastly, the Agency noted that Complainant had attempted to amend the instant complaint by alleging claims of dissatisfaction with the processing of her prior EEO complaint. The Agency dismissed these claims pursuant to 29 C.F.R. § 1614.107(a)(8) as a spin-off complaint. The Agency nonetheless addressed the claims of dissatisfaction pursuant to EEO MD-110, Chap. IV § D, but found that the claims lacked merit.

4                                                                 2019003329

## CONTENTIONS ON APPEAL

On appeal, Complainant maintained her claims that the Agency's EEO Office subjected her to unlawful retaliation regarding the processing of her prior EEO complaint. She levied accusations against the EEO Director and the contractor EEO Counselor. She also argued that the Agency improperly investigated her prior EEO complaint.

Complainant then argued that she did not receive the CBP investigation until March 2019. As such, she claimed that did not become aware of the discrimination alleged in claim 2 until March 2019. She asserted that claim 2 therefore was raised in a timely manner. In addition, she stated that her prior management official with the Agency provided incorrect dates to the CBP pursuant to their background investigation. Complainant asserted that the management official's false information was the basis for the withdrawal of the CBP's offer of employment. Based on the Agency's alleged improper processing and false statements, Complainant asked that the Commission reverse the dismissal of her EEO complaint.

The Agency responded by arguing that its dismissal of the complaint was appropriate. The Agency asked that the Commission therefore affirm its final decision.

## ANALYSIS AND FINDINGS

*Dismissal of Claims 1 and 2*

EEOC's regulations require that complaints of discrimination be brought to the attention of an Equal Employment Opportunity Counselor "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). The Commission has long applied a "reasonable suspicion" standard, viewed from the perspective of the complainant, to determine when the 45-day limitation period is triggered. See, e.g., Complainant v. U.S. Postal Serv., EEOC Appeal No. 0120093169 (June 27, 2014) (citing Howard v. Dep't of the Navy, EEOC Request No. 05970852 (Feb. 11, 1999), citing Ball v. U.S. Postal Serv., EEOC Appeal No. 01871261 (July 6, 1988), req. for recon. den., EEOC Request No. 05980247 (July 15, 1988)). Thus, the time-limitation is not triggered until a complainant should reasonably suspect discrimination, even if all the facts that might support the charge of discrimination have not yet become apparent.

As for claim 1, the record includes several forms of correspondence from Complainant requesting the Agency to change her SF-50 issued on January 5, 2016. The record shows that Complainant contacted the Agency on July 11, 2017, seeking changes to her SF-50. As such, we find that Complainant was aware of the situation as early as July 2017. However, she did not contact the EEO Counselor until November 16, 2018, well beyond the 45 calendar-day

5                                                                    2019003329

time-limit. Complainant has provided no reason to toll the time-limit. As such, we affirm the
dismissal of claim 1.[3]

In claim 2, Complainant argued on appeal that she was not aware of the false information
provided by an Agency official (Agency Official) to the CBP until she received a copy of the
background investigation in March 2019. The record shows otherwise.

Complainant provided several documents in support of her appeal. Included within the
documents was a copy of an email she sent to the CBP Official dated April 6, 2018. In
this email, Complainant provided the CBP Official with documents pertaining to her start
date with the Agency.

After a review of the documents as a whole, we find that Complainant clearly believed that the
CBP withdrew its offer of employment following its background investigation. More
specifically, as of at least April 6, 2018, Complainant was aware that the Agency Official
provided what she believed to be false information regarding her start date. We find that
Complainant should have reasonably suspected discrimination by April 2018, and therefore,
we find that the time-limitation was triggered in April 2018. Complainant subsequently
received documents supporting her belief that the Agency Official provided misinformation
to the CBP. Despite reasonably suspecting discrimination in April 2018, Complainant
waited until she received additional information from the CBP to contact the EEO Counselor
in March 2019. As Complainant did not contact the EEO Counselor within the 45-day time-
limit, we find that the Agency properly dismissed claim 2 pursuant to 29 C.F.R.
§ 1614.107(a)(2).

*Dismissal of Claims 3 and 4*

The EEOC regulation set forth at 29 C.F.R. § 1614.107(a)(1) provides, in relevant part, that
an agency shall dismiss a complaint that fails to state a claim. EEOC regulations further
provide that an agency shall accept a complaint from any aggrieved employee or applicant for
employment who believes that he or she has been discriminated against by that agency because
of race, color, religion, sex, national origin, age, disabling condition, genetic information, or
reprisal. 29 C.F.R. §§ 1614.103, 1614.106(a). The Commission's federal sector case

---

[3] We note that the Agency also dismissed claim 1 pursuant to 29 C.F.R. § 1614.107(a)(1) for
failure to state a claim. We have affirmed the dismissal of claim 1 on other grounds.
However, we would be remiss if we did not address the Agency's application of 29 C.F.R.
§ 1614.107(a)(1). We remind the Agency that, in claim 1, Complainant alleged unlawful
retaliation when the Agency provided Complainant with a negative reference contained within
the SF-50. We find that Complainant has presented a cognizable claim of unlawful retaliation.
Furthermore, we note that the Agency's articulated reason for the action in dispute, i.e., that
the SF-50 was issued in compliance with OPM regulations, goes to the merits of
Complainant's complaint, and is irrelevant to the procedural issue of whether she has stated a
justiciable claim under Title VII. See Osborne v. Dep't of the Treasury, EEOC Request No.
05960111 (July 19, 1996); Lee v. U.S. Postal Serv., EEOC Request No. 05930220 (Aug. 12,
1993); Ferrazzoli v. U.S. Postal Serv., EEOC Request No. 05910642 (Aug. 15, 1991).

2019003329

precedent has long defined an "aggrieved employee" as one who suffers a present harm or loss with respect to a term, condition, or privilege of employment for which there is a remedy. Diaz v. Dep't of the Air Force, EEOC Request No. 05931049 (Apr. 21, 1994).

In claims 3 and 4, Complainant alleged discrimination based on her dissatisfaction with the Agency's responses to, and denial of, her FOIA requests. We note that such claims fall outside of the Commission's jurisdiction. The Commission does not have enforcement authority over the processing of FOIA requests. See Gaines v. Dep't of the Navy, EEOC Request No. 05970321 (June 12, 1997) (Commission has no jurisdiction over the processing of FOIA requests and appeals about the processing of his FOIA requests should be brought under the appropriate FOIA regulations). As such, Complainant should bring any appeals about the processing of her FOIA requests under the appropriate FOIA regulations. We therefore affirm the dismissal of claims 3 and 4 pursuant to 29 C.F.R. § 1614.107(a)(1) for failure to state a claim.

*Claims of Dissatisfaction in the processing of Agency No. 2016-0014*

EEOC Regulation 29 C.F.R. § 1614.107(a)(8) provides for an Agency to dismiss an EEO complaint that alleges the dissatisfaction with the processing of a previously filed complaint. This is commonly referred to as a "spin-off" complaint.

Complainant claimed that the EEO Office mishandled her prior EEO complaint. She tried to amend the instant complaint to include her claims of dissatisfaction in the processing of her prior EEO complaint. In addition, on appeal, Complainant levied additional claims against Agency EEO staff. Here, the claims at issue are classic examples of spin-off complaints as all its allegations, considered in their totality, raise allegations of Agency misconduct in the processing of Complainant's previously filed complaint. As such, we find that these claims are properly dismissed pursuant to 29 C.F.R. § 1614.107(a)(8).

In cases where Complainant's concerns have not been resolved informally with the Agency, Complainant may present those concerns to the Commission at either of the following stages of processing:

1. Where the complainant has requested a hearing, to the Commission's Administrative Judge when the complaint is under the jurisdiction of the Administrative Judge; or

2. Where the complainant has not requested a hearing, to the Commission's Office of Federal Operations (OFO) on appeal.

EEO MD-110 at 5-29. We note that Complainant's prior EEO complaint, Agency No. 2016-0014, was addressed in EEOC Appeal No. 0120180745. The Commission vacated the Agency's final decision and remanded the matter for further processing. The Agency has been ordered to provide Complainant with the right to a hearing before an Equal Employment

7                                                                  2019003329

Opportunity Commission Administrative Judge (AJ) or an immediate final decision. Therefore, we note that the appropriate place for Complainant to raise her claims of improper processing of her original complaint and the motives therein is before the AJ if she opts for a hearing or before the Commission on appeal following the Agency's final decision in that complaint.

<u>CONCLUSION</u>

Based on a thorough review of the record and the contentions on appeal, including those not specifically addressed herein, we AFFIRM the Agency's final decision.

<u>STATEMENT OF RIGHTS - ON APPEAL</u>
<u>RECONSIDERATION</u> (M0617)

The Commission may, in its discretion, reconsider the decision in this case if the Complainant or the Agency submits a written request containing arguments or evidence which tend to establish that:

    1.    The appellate decision involved a clearly erroneous interpretation of material fact or law; or

    2.    The appellate decision will have a substantial impact on the policies, practices, or operations of the Agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision. A party shall have **twenty (20) calendar days** of receipt of another party's timely request for reconsideration in which to submit a brief or statement in opposition. <u>See</u> 29 C.F.R. § 1614.405; <u>Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614</u> (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission. Complainant's request may be submitted via regular mail to P.O. Box 77960, Washington, DC 20013, or by certified mail to 131 M Street, NE, Washington, DC 20507. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. <u>See</u> 29 C.F.R. § 1614.604. The agency's request must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP). <u>See</u> 29 C.F.R. § 1614.403(g). The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

8                                                            2019003329

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0610)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

bernadette.wilson@eeoc.gov   Digitally signed by bernadette.wilson@eeoc.gov
                             DN: cn=bernadette.wilson@eeoc.gov
                             Date: 2019.12.27 12:55:41 -05'00'

_____
Bernadette B. Wilson
Executive Officer
Executive Secretariat

### DEC 2 7 2019
_____
Date

9
2019003329

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this letter was mailed to the following recipients on the date below:

Ms. Elizabeth Gonzalez
5944 South Tripp Avenue
Chicago, IL 60629

Hand Deliver to:
Stan Pietrusiak, Acting Director
Office of Equal Opportunity
Equal Employment Opportunity Commission
131 M St., NE 6NW22K
Washington, DC 20507


December 27, 2019
Date


Compliance and Control Division



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Washington, D.C. 20507**

Office of Equal Opportunity

July 19, 2016

Elizabeth Gonzalez
5944 South Tripp Avenue
Chicago, IL 60629

      SUBJECT:    Report of Investigation
                    *Elizabeth Gonzalez v. Jenny R. Yang, Chair, U.E. EEOC*
                    EEO Complaint No. 2016-0014

Dear Ms. Gonzalez:

Pursuant to 29 C.F.R. § 1614.108, effective on July 19, 2016, the investigation of your formal complaint, filed on January 12, 2016, has been completed. A copy of the investigative file is enclosed.

Additional information in regard to the Bill for Collection you received from the U.S. Department of the Interior regarding a pay adjustment, as well as, the information regarding your comparator you provided on May 6, 2016, has been requested from management. Upon receipt of the information, it will be forwarded to you as Tab F-3 and to be inserted under Tab F (Evidence and Documents) in the investigative file.

Discretion should be exercised with regard to the contents of the investigative record. The information in the file should not be disclosed to anyone other than you or others directly involved in the adjudication of this matter.

Be advised that you have the right to request a hearing before an Administrative Judge (AJ) or to receive a final decision from the Chair, Equal Employment Opportunity Commission (Agency). If you wish to request a hearing before an AJ, **YOU MUST SUBMIT A WRITTEN REQUEST FOR A HEARING WITHIN 30 CALENDAR DAYS OF RECEIPT OF THE INVESTIGATIVE FILE. THE WRITTEN REQUEST MUST BE SENT TO**:

                    Hearing Request
                    Attention: Director of Special Services
                    Office of Federal Operations
                    Equal Employment Opportunity Commission
                    131 M Street N.E., Rm. 5SE21B
                    Washington, D.C. 20507

*Elizabeth Gonzalez v. EEOC*                    *Transmittal of Report of Investigation*
Page 2                                          EEO Complaint No. 2016-0014


Enclosed for your convenience, please find a hearing request form. Submission of the request will constitute notice to the Agency under the applicable regulations. If a hearing is requested, the AJ will issue a decision on the complaint. Thereafter, within 40 calendar days of receipt of the AJ's decision and hearing record, the Agency will take final action by fully implementing, modifying or rejecting the decision of the AJ in its Final Order, and simultaneously filing an appeal with the Office of Federal Operations. If the Agency does not issue a Final Order within 40 days of receipt of the AJ's decision, then the AJ's decision will become the final action of the Agency.

If a hearing is not requested within 30 days of receipt of the investigative file, the Agency will issue a final decision on the merits within 60 calendar days from the end of the 30-day period for requesting a hearing.

If you have any questions, please contact the Office of Equal Opportunity at 202-663-7081.


Sincerely,

/s/
Camella Woodham, Deputy Director
Office of Equal Opportunity



Encl:   (Complainant only)
        Investigative File
        Request for Hearing Form

cc:     Nicholas Inzeo, Director
        Office of Field Programs

        Julianne Bowman, Director
        Chicago District Office

**FORM TO REQUEST A HEARING**

Re: EEOC Complaint No(s) _____ _____

I am requesting the appointment of an Administrative Judge pursuant to 29 C.F.R. § 1614.108(g). I hereby certify (check applicable box below):

☐ More than 180 days have passed from the date I filed my complaint; or
☐ I have received a notice from the Commission that I have thirty (30) days to elect a hearing.

Complainant's Name: _____

Complainant's Address: _____

Complainant's Telephone No.: _____

Representative's Name (if any): _____

Representative's Address: _____

Representative's Telephone No.: _____

*In accordance with 29 CFR § 1614.108(g), I have sent this request for a hearing, either by mail or email, to the following persons at the Commission:*

**To:** Hearing Request
Attn: William Torruellas,
Attorney Advisor
Office of Federal Operations
U.S. Equal Employment Opportunity
Commission
131 M Street, NE
Washington, DC 20507

**CC:** Director, Office of Equal Opportunity
U.S. Equal Employment Opportunity
Commission
131 M Street, NE, Suite 6NW14G
Washington, DC 20507

**Alternatively, you may email your form to:**

**To:** hearingrequest@eeoc.gov
*(Include "Hearing Request- Complaint No. :___ " in Subject Line)*

_____     _____
Signature of Complainant or                       Date
Complainant's Representative

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Washington, D.C. 20507**
**OFFICE OF EQUAL OPPORTUNITY**

December 7, 2017

Ms. Elizabeth Gonzalez
5944 South Tripp Avenue
Chicago, IL 60629

Re:  *Elizabeth Gonzalez v. Victoria A. Lipnic, Acting Chair, EEOC*
EEO Complaint No. 2016-0014

Dear Ms. Gonzalez:

Enclosed is the Final Decision in the above-referenced complaint. Your MSPB appeal rights are explained in detail in the attached enclosure. Please note that there are time limits for filing an appeal, if you decide to do so.

I have also enclosed a CD which contains the revised Report of Investigation (ROI) in this matter. The revised ROI includes the following exhibits which were obtained as part of the Agency's supplemental investigation:

Tab G: Miscellaneous

G-3  Supplemental Affidavit of CHIDO Director Julianne Bowman

G-4  Affidavit of Agency Payroll Administrator Marquis Chambliss

G-5  Affidavit of IIG Program Director Patrick DeWolf

G-6  Supplemental Affidavit of Union Steward Kimberly Engram

G-7  Supplemental Affidavit of CHIDO Enforcement Supervisor Tyrone Irvin

G-8  Affidavit of OFP Attorney Advisor Jean Watson

G-9  E-mails and attachments from Julianne Bowman, OCHCO Attorney-Advisor Steven Schuster and the CHIDO management team regarding Complainant's termination

G-10  Complainant's Improper Case Processing complaints

G-11  Agency responses to Complainant's Improper Case Processing complaints

*Elizabeth Gonzalez v. EEOC*
EEO Complaint NO. 2016-0014

Additionally, we have included CHIDO Director Julianne Bowman's July 28, 2016 affidavit which was inadvertently omitted from the original ROI at Tab F-3.

If you have any questions, please contact me at (202) 663-4100.

Sincerely,

Erica D. White-Dunston, Director
Office of Equal Opportunity

Encl:   Appeal Rights
        Revised ROI (CD)

2

# RE: Final Agency Decision and MSPB appeal rights

## ERICA WHITE-DUNSTON <ERICA.WHITE-DUNSTON@EEOC.GOV>

Wed 1/10/2018 6:00 PM

Inbox

To:Elizabeth Gonzalez <elizabeth_gonz2@hotmail.com>;

Ms. Gonzalez,

OEO responded provided you the Report of Investigation both by electronic mail and postal mail.  As you regularly correspond with this office via electronic mail, OEO used your regular method of communication (email) in delivering said report to you.  However, to insure that you also received the information, a hard copy was mailed to you.

This office is committed to the objective and neutral investigations of every complaint of discrimination filed with this office. There was malicious intent to delay your complaint processing.  ✳ ✳

Erica D. White-Dunston, Esq.
**Director**
**Office of Equal Opportunity**
**EEOC Headquarters**
**131 M Street NE, Rm 6NW22K**
**Washington DC 20507**
**Erica.white-dunston@eeoc.gov**
**202.663.4100**
**100% Committed, 100% of the Time**

From: Elizabeth Gonzalez [mailto:elizabeth_gonz2@hotmail.com]
Sent: Monday, December 18, 2017 1:46 PM
To: CONTACT_OEO <contact_oeo@eeoc.gov>; ERICA WHITE-DUNSTON <ERICA.WHITE-DUNSTON@EEOC.GOV>
Subject: Re: Final Agency Decision and MSPB appeal rights

Erica White-Dunston (Director of OEO) is aware of this issue. She was a recipient and received the electronic mail. I believe this was a malicious intent to delay the filing of the lawsuit.
That was an improper way to render the Final Agency Decision.

**From: CONTACT_OEO <contact_oeo@eeoc.gov>**
**Sent: Monday, December 18, 2017 9:59:12 AM**
**To: Elizabeth Gonzalez**
**Subject: RE: Final Agency Decision and MSPB appeal rights**

Hi Ms. Gonzalez,

I understand that you are unable to retrieve the information and documentation on the CD you received.  I will inform OEO management regarding this matter.

*Sabrina A. Carraway*

**Equal Employment Specialist**
**Office of Equal Opportunity**

OFFICE OF FEDERAL OPERATIONS
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
P. O. Box 77960
Washington, D.C. 20013

| | |
|---|---|
| Elizabeth Gonzalez<br>Complainant,<br><br>               v.<br><br>Victoria A. Lipnic, Acting Chair,<br>U.S. Equal Employment Opportunity<br>Commission,<br> Agency | OFO File No: 0120180745<br><br>EEOC Case No: 2016-0014<br><br>Agency No: 20160014<br><br>Date: January 22, 2018 |

## COMPLAINANT APPEAL BRIEF

I hereby submit a brief in support of my appeal, which was filed on December 22, 2017 on the above referenced matter.

On December 7, 2017 the U.S. Equal Employment Opportunity Commission, Office of Equal Opportunity issued its Final Agency Decision.

I hereby submit evidence as below and attached documents which is already referenced in the EEO investigation, EEO Report of Investigation and Revised Report of Investigation to dispute the Office of Equal Opportunity's finding and to proffer facts which were omitted, misrepresented, and falsified by the investigator, Joel Millan, the Office of Equal Opportunity and the management of the U.S. Equal Employment Opportunity Commission, Chicago District Office (Agency.) There are several shifting explanations in the Affidavits and e-mail correspondence from management (U.S. EEOC, Chicago District Office) and Union Steward, Kimberly Engram. The Office of Equal Opportunity failed to adhere to the laws and failed to properly investigate my case, failed to correct my claims, failed to address my concerns and issues, failed to correct my Standard Form 50 and remove the derogatory remarks (I have not been able to obtain federal employment because of the affect from the remarks) and failed to issue a timely Final Agency Decision (it was issued almost two years after I filed the formal complaint on January 12, 2016.) I did not request a hearing. I also believe that the law was not applied to my case.

I allege that the U.S. Equal Employment Opportunity Commission (Agency) discriminated against me based on my national origin (Mexican), disability (major depressive disorder, suicidal ideation, depression, anxiety disorder, vertigo and migrainosus – migraine headaches), sex (female, single mother, domestic violence situation), denied reasonable accommodation and in retaliation for my prior EEO activity:

Did the Office of Equal Opportunity and the U.S. Equal Employment Opportunity Commission (Agency) err when it determined that my status as a probationary employee was a condition and factor to deny me ADA protection, and therefore I, Elizabeth Gonzalez, who has a major depressive disorder, suicidal ideation, depression, anxiety disorder, vertigo and migrainosus (migraine headaches), was not entitled to ADA protection, not entitled to complete the interactive process after being fully aware that I contacted the Disability Program Manager, Mr. Rodney Yelder and submitted the formal Request for Reasonable Accommodation and not entitled to a reasonable accommodation?

Would modifying my work schedule so I could telework and/or take intermittent leave significantly disrupt the Agency's (U.S. EEOC) operations and cause undue hardship, given the size of the Agency (U.S. EEOC) and the number of staff in the Information Intake Group (IIG), and the flexible policies and practices governing telework and flexible work schedules?

Did the Office of Equal Opportunity and the U.S. Equal Employment Opportunity Commission err when it determined that an essential function of an Information Intake Representative was to be able to work only from the physical location of the EEOC Office and not telework; although there are several Information Intake Representatives that telework, and therefore I, Elizabeth Gonzalez, who has a major depressive disorder, suicidal ideation, depression, anxiety disorder, vertigo and migrainosus (migraine headaches), was not entitled to ADA protection, not entitled to complete the interactive process after contacting the Disability Program Manager, Mr. Rodney Yelder and submitting the formal Request for Reasonable Accommodation and not entitled to a reasonable accommodation?

- On February 3, 2015; I went to the emergency room at Holy Cross Hospital due to suicidal ideation and major depression.

- On February 4, 2015; I informed supervisor, Tyrone Irvin regarding the emergency room visit at the hospital.

- In April 2015; I started applying to jobs in Baltimore, Maryland and Washington, D.C. to get away from the domestic violence situation I was experiencing with my son.

- On May 28, 2015; I updated and informed Mr. Tyrone Irvin that I was still experiencing major depression and still in a domestic violence situation with my 22-year-old son.

- On June 1, 2015; I informed Mr. Tyrone Irvin that I was still experiencing major depression and still in a domestic violence situation and asked Mr. Irvin to modify my work schedule until I get my health under control as well as the domestic violence situation at home with my 22-year-old son. Specifically I requested intermittent leave, leave without pay and a hardship transfer.

- At first, Mr. Tyrone Irvin and the Agency (U.S. EEOC) accommodated two of my request by approving and allowing me to take intermittent leave and take leave without pay. Mr. Tyrone Irvin said the hardship transfer would be very difficult and he did not offer any assistance.

- But then on November 5, 2015; I got very sick at work and was taken by an ambulance to the hospital. After this day; management and the Agency (U.S. EEOC) took a very fast approach to terminate me without having any regard or sympathy for my health (disabilities) and well-being from being in a domestic violence situation. It was apparent that their main concern was to fire me before my probationary period ended (12/01/2016.)

- So on November 17, 2015 and November 20, 2015; the management from the U.S. Equal Employment Opportunity Commission, Chicago District Office (Agency) presented me with three options:
    - (1) Request a reasonable accommodation (I immediately requested it on November 20, 2015)

    - (2) A demotion to part-time employment (I accepted the part-time demotion but it was quickly disregarded and voided after I told Union Steward, Ms. Kimberly Engram about my prior EEO activity in which then Ms. Engram told me to hold off on it because she knew how management was and they would retaliate against me.)

    - (3) Extend probationary period (the management in the U.S. Equal Employment Opportunity Commission, Chicago District Office failed to extend my probationary period for 22 days per the Leave Policy.)

In my response, I agreed to all of the three options. I wanted and needed to keep my job. I was able and willing to work with a reasonable accommodation. As a result of their actions; I have been living in poverty for the past two years with $6.50 per day given to me from the government on my Link card to purchase food. My house that I've owned for the past 18 years is going in to foreclosure. My health and disabilities have worsen and I have isolated myself from my family and friends.

I also asked for two possible reasonable accommodations:
*Request to modify my work schedule; provide and allow me to telework and/or take intermittent leave on the days that I cannot get my depression or vertigo under control and have to stay home.

On November 20, 2015; I contacted Mr. Rodney Yelder, Disability Program Manager and sent him an e-mail and requested a formal reasonable accommodation. I informed Mr. Rodney Yelder (DPM) that I would submit the medical documentation and support as soon as possible.

Please Note:   November 20, 2015 (Friday; I requested the formal reasonable accommodation)
                November 21, 2015 (Saturday; office is closed)

Page 3

November 22, 2015 (Sunday; office is closed)
November 23, 2015 (Monday; I sent an email to Mr. Rodney Yelder to clarify
    information regarding medical documentation)
November 24, 2015 (Tuesday; I was preparing to schedule a doctor's appointment)
November 25, 2015 (Wednesday; I was issued the termination letter due to
    excessive absences from work)

Furthermore, the email correspondence that was gathered from the supplemental
investigation regarding management from the U.S. EEOC, Chicago District Office;
Julianne Bowman, Patricia Jaramillo, Tyrone Irvin; Disability Program Manager, Rodney
Yelder and Attorney Advisor, Steven Schuster, and related to my termination was not
entered in to "Evidence" but was entered under Tab G (Miscellaneous.)

The following Affidavits were not entered in to "Evidence":
*Julianne Bowman's Affidavit dated, December 05, 2017 (pages not initialed.)
*Tyrone Irvin's Affidavit dated, November 8, 2017
*Kimberly Engram's Affidavit dated, June 19, 2017
*Elizabeth Gonzalez' Affidavit dated, January 12, 2016 and June 30, 2016.

The Office of Equal Opportunity and investigator, Joel Millan omitted the Incident
Report (November 5, 2015; the day I got sick at work) that I submitted as an attachment
with my Affidavit, dated June 30, 2016 and failed to enter it in to "Evidence."

The Office of Equal Opportunity and investigator, Joel Millan omitted the email
correspondence between manager from the U.S. EEOC, Chicago District Office, Patricia
Jaramillo and Attorney Advisor, Steven Schuster related to my disability and reasonable
accommodation, dated November 23, 2015 and November 24, 2015.
This particular email was entered in to the Tab G (Miscellaneous) during the
supplemental investigation.

I believe the Office of Equal Opportunity and investigator, Joel Millan failed to submit
critical facts in to "Evidence" and failed to properly investigate my claims and apply the
law in to my case; I believe this was done with malicious intent to jeopardize my case as
the U.S. EEOC, Chicago District Office has already been in violation of the Agency's
laws and discriminated against other EEOC employees.

For the reasons and evidence provide herewith, Complainant respectfully request that the Commission overturn the Final Agency Decision in this matter and make a determination in my favor.


Respectfully submitted,

*Elizabeth Gonzalez*

Elizabeth Gonzalez
5944 South Tripp Avenue
Chicago, IL 60629
(312)788-4519
Elizabeth_gonz2@hotmail.com


## CERFITICATE OF SERVICE


I, the undersigned, hereby certify that I served the foregoing document(s) to the parties indicated below by means indicated below on the date of signature below:

| | |
|---|---|
| OFFICE OF FEDERAL OPERATIONS<br>U.S. Equal Employment Opportunity<br>Commission | By Electronic Mail:<br>ofo.eeoc@eeoc.gov |
| U.S. Equal Employment Opportunity<br>Commission<br>Office of Equal Opportunity | By Electronic Mail:<br>contact_oeo@eeoc.gov |
| Erica White-Dunston, Director<br>U.S. Equal Employment Opportunity<br>Commission<br>Office of Equal Opportunity | By Electronic Mail:<br>Erica.white-dunston@eeoc.gov |


*Elizabeth Gonzalez*

Elizabeth Gonzalez
5944 South Tripp Avenue
Chicago, IL 60629
(312)788-4519
Elizabeth_gonz2@hotmail.com

JAN-12-2016 20:20 From:63 PULASKI CE          17737679055          T:2026637003          P.2/13

## INDIVIDUAL COMPLAINT OF EMPLOYMENT DISCRIMINATION
### AGAINST THE
### U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Based on Race, Color, Religion, National Origin, Sex, Age, Disability, and/or Reprisal
29 CFR § 1614 103
*(Privacy Act Statement on reverse Additional filing instructions are attached )*

| | Agency Case Number |
|---|---|

## SECTION I          COMPLAINANT AND COMPLAINANT'S REPRESENTATIVE INFORMATION

| 1. COMPLAINANT'S NAME: | Mailing Address | Phone Numbers |
|---|---|---|
| Elizabeth Gonzalez | 5944 S. Tripp Ave. Chicago, IL. 60629 | Cell Home 312-788-4519 / Office |
| 2. REPRESENTATIVE'S NAME | Mailing Address | Phone Number |
| | | |

Place √ in only one box to complete the following  The Representative named above □ is, □ is not, an attorney

## SECTION II          INDIVIDUAL COMPLAINT OF EMPLOYMENT DISCRIMINATION

| 3. BASIS(ES): | | | |
|---|---|---|---|
| Check box(es) next to **only** the basis(es) on which you are filing this complaint.  Refer to the instructions for further definitions. | RACE □<br>Specify your race | RELIGION □<br>Specify your religion | NATIONAL ORIGIN ☑<br>Specify your National Origin<br>Mexican |
| | COLOR □<br>Specify your color | SEX ☑<br>Specify your sex<br>Female, single mother, domestic violence situation | GENETIC INFORMATION □<br>Specify |
| REPRISAL ☑<br>Specify<br>Participating in prior EEO activities | AGE □<br>Specify your age & D O B | DISABILITY ☑<br>Specify your disability<br>major depressive disorder, anxiety disorder, migraine, headaches and suicidal ideation, vertigo | SEXUAL ORIENTATION □<br>Specify |

| 4. ISSUE(S)  Employment Related Matter(s) | | The employment related matters that are generally tracked under § 1614 regulations and the "No Fear Act" are listed below  Refer to instructions for further definitions |
|---|---|---|
| □ Appointment/Hire | ☑ Evaluation/Appraisal | ☑ Reasonable Accommodation |
| □ Assignment of Duties | □ Examination/Test | □ Reinstatement |
| □ Awards | ☑ Harassment/Non-sexual | □ Retirement |
| □ Conversion to Full-time | □ Harassment/Sexual | ☑ Termination |
| □ Disciplinary Action - Demotion | □ Medical Examination | ☑ Terms and Conditions of Employment |
| □ Disciplinary Action - Reprimand | □ Pay/Including Overtime | □ Time & Attendance |
| □ Disciplinary Action - Suspension | □ Promotion/Non-selection | □ Training |
| □ Disciplinary Action - Removal | □ Reassignment/Denied | ☑ Other Constructive discharge, Disparate treatment |
| □ Duty Hours | □ Reassignment/directed | |

| 5. DATE(S) ON WHICH THE DISCRIMINATION IS ALLEGED TO HAVE OCCURED, including the most recent date that discrimination took place: | 11/17/2015<br>11/20/2015<br>11/25/2015 |
|---|---|

| 6. EEOC OFFICE  Where the Alleged Discrimination occurred: | NAME & TITLE OF INVOLVED MANAGEMENT OFFICIAL (If Known): |
|---|---|
| Chicago District Office<br>500 W. Madison Ave. Suite 2000 | Julianne Bowman, Tyrone Irvin and Patricia Jaramillo |

EEOC FORM 429 (Revised 08/2009)          PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND SHOULD NOT BE USED          page 1 of 2 pages

JAN-12-2016 20:28 From:63 PULAS CE    17737679055    T 2026637003    P.3/13 

**7. STATEMENT OF CLAIM(S):** In accordance with 29 CFR § 1614.106(c), the claim(s) "must be sufficiently precise to identify the aggrieved individual and the agency and to describe generally the action(s) or practice(s) that form the basis of the complaint."

*Use the space below to provide a brief statement of your claim(s)  Refer to the instructions in the addendum for additional information on framing a claim of discrimination*

Please See Attached ~~Affidavit~~ e.g.
Complaint Affidavit

**8. REMEDY REQUESTED**

*Use the space below to describe what you are seeking to resolve the claim(s) in your complaint*

Compensation for damages; $1,000,000.00
(one million dollars.)

**9. I HAVE DISCUSSED MY COMPLAINT WITH AN EEO COUNSELOR.**

| | |
|---|---|
| (a) Date of Initial Contact: | 11 | 18 | 2015 |
| (b) Name of EEO Counselor: | Sandra Adams |
| (c) Date you received the Notice of Right to File a Discrimination Complaint: | 01 | 04 | 2016 |

**10. HAVE YOU FILED THE CLAIM(S) RAISED IN THIS COMPLAINT IN EITHER:**   *If yes, indicate date filed in space below.*

| | | |
|---|---|---|
| (a) A Merit Systems Protection Board Appeal? | NO ☒  YES ☐ | |
| (b) A negotiated grievance? | NO ☒  YES ☐ | |

**11. COMPLAINANT'S SIGNATURE:**    x Elizabeth Gonzalez    DATE x 01/07/2016

*I have read the Privacy Act Statement below and reviewed the complaint  I declare, under penalty of Perjury that, to the best of my knowledge and belief, the foregoing is true and correct*

**PRIVACY ACT STATEMENT**

**Authority.** 42 U.S.C  Section 2000e 16, 29 U.S.C. 206(d), 29 U.S.C 633(a), 29 U.S.C  Section 791, Executive Order Number 12106, 44 Fed Reg 1053 (Jan 1979), and the No Fear Act, Pt  107-174.
**Principal Purposes.** The primary uses of the information requested on this form are to determine whether the complaint was timely filed or whether the claims in the complaint are within the purview of 29 CFR § 1614
**Routine Uses.** Other uses for the information you provide may include (1) referring information to federal, state, and local law enforcement agencies if EEOC becomes aware of a violation or possible violation of a law or regulation, (2) disclosing information to a federal agency, court, or party to an administrative proceeding or in litigation when the government is a party, (3) providing information to a congressional office, (4) disclosing information to a duly authorized official engaged in the investigation or settlement of a grievance, complaint, or appeal filed by an employee, (5) disclosure of relevant information during discovery in a judicial or administrative proceeding.

(6) disclosing information to state or local bar associations or disciplinary boards or committees investigating complaints against attorneys regarding their representation of a party in a judicial or administrative proceeding (7) disclosing information to federal agencies upon request and if relevant to their decision to hire an individual or issue a security clearance, conduct a security or suitability investigation, classify a job, or for other lawful investigatory purposes; (8) disclosing information to employees of contractors engaged by an agency to carry out the agency's responsibilities under 29 CFR § 1614, and (9) disclosing information to potential witnesses where necessary to perform the agency's functions under 29 CFR § 1614  Whether Disclosure is mandatory or voluntary and effect on individual for not providing information,  Furnishing the requested information on this form is voluntary, but failure to identify the parties, the action(s) or policy(ies) complained of and failure to sign the complaint may result in dismissal of the complaint

EEOC FORM 429 (Revised 01/2009)    PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE IF AND SHOULD NOT BE USED    page 1 of 2 pages

Gonzalez 2016-0014 00005

# Chicago Fire Department
## Incident Report

| | |
|---|---|
| Incident # | 15-309-1659-00 |
| Status | Closed |
| Incident Date/Time | 11/05/2015 14:17:41 |
| Incident Type | 311 – Medical assist, assist EMS crew |
| Box | 117329 |
| Platoon | 1 |
| Address | 500 W MADISON ST |
| Floor | 20 |
| Ward | 42 |
| Shift | 1 |
| Alarms | 0 |
| District | E5 |
| Action Taken | 100 – Provide Patient Care |
| Property Use | 599 – Business office |

(EEOC CHICAGO DISTRICT OFFICE)

### Unit Responsible for Report

| | |
|---|---|
| Unit Type | 12 – Truck or aerial |
| Action Taken | 100 – Provide Patient Care |
| Dispatch Date/Time | 11/05/2015 14:18:19 |
| Enroute Date/Time | 11/05/2015 14:19:21 |
| Arrival Date/Time | 11/05/2015 14:20:59 |
| Cleared Date/Time | 11/05/2015 14:43:23 |
| Unit Report By | 14156 |



**City of Chicago Fire Department**
3510 S Michigan Ave. 2nd Floor, Chicago IL 60616 (312) 745-3705
Official Department Copy

| | |
|---|---|
| Incident Number | **153091659** |
| Patient | **ELIZABETH GONZALEZ** |
| Complaint | **PERSON DOWN FROM UNKNOWN CAUSE** |
| Case Status | **CLOSED** |

## 📋 INCIDENT    👤 PATIENT    🕐 DATES/TIMES

| INCIDENT | | PATIENT | | DATES/TIMES | |
|---|---|---|---|---|---|
| Case # | **{8D01D1A8-1856-4CEA-B64E-9D191A330F1A}** | Name (First/MI/Last) | **ELIZABETH GONZALEZ** | DISPATCHED | **11/05/2015 14:18:25** |
| Incident # | **153091659** | Gender | **F** | ENROUTE | **11/05/2015 14:19:05** |
| Case Status | **CLOSED** | DOB/Age | | AT SCENE | **11/05/2015 14:23:31** |
| Incident Type | **UNK+ – PERSON DOWN FROM UNKNOWN CAUSE** | Race/Lang. | **Hispanic /** | AT PATIENT | **11/05/2015 14:32** |
| Urgency To Scn | **EMERGENCY** | Weight | | DEPARTED SCENE | **11/05/2015 14:41:43** |
| Address | **500 W MADISON ST** | Address | **5944 S TRIPP AV** | AT DESTINATION | **11/05/2015 14:45:19** |
| Address 2 | | City, St. Zip | **CHICAGO, IL 60629** | IN SERVICE | **11/05/2015 15:26:52** |
| City, St., Zip | **CHICAGO, IL 60661** | Phone Home | **312-788-4519** | | |
| Loc. Type | **PUBLIC BUILDING (NON-GOVERNMENT)** | SSN | | | |
| Loc. Name | **NORTHWESTERN ATRIUM CENTER** | Resp. Party | **ELIZABETH GONZALEZ** | | |
| Loc. on Disp | **RETURN FROM CALL** | Address | **5944 S TRIPP AV** | | |
| Agency/Unit | **CFD / A28** | City, St. Zip | **CHICAGO, IL 60629** | | |
| Shift/Veh. | **EMS 4 /** | Phone # | **312-788-4519** | | |
| Skillset | **ALS** | | | | |
| Delay to Scn. | **TRAFFIC** | | | | |

### CREW
*Role: Name (Qualification) Emp, Cert, Badge*

*AC/PIC:* NICHOLAS T BEATON (PIC), 19296
*FPM:* NICHOLAS CHOW (P), 21343, 21343

## 🗒 Hx PRESENT

| Subject | Description/Details |
|---|---|
| Cause | **MEDICAL CONDITION – NEW** |
| Complaint | **WEAKNESS** *TYPE OF PROBLEM:* **GENERALIZED WEAKNESS** *ONSET:* **15 MINUTES AGO** *PAIN LEVEL:* **NO PAIN** |
| Symptom | **WEAKNESS** *TYPE OF PROBLEM:* **GENERALIZED WEAKNESS** |
| Symptom | **DENIES INT TRAVEL OR TRAVELER EXPOS PAST 30DAYS** |

U/A FOUND PT IN CARE OF TRUCK 2, A/O X 3, NO SOB, NO JVD. PT STATES SHE WAS AT WORK AND BECAME WEAK A LITTLE WHILE AGO. PT DENIES ANY OTHER COMPLAINT. NO SIGN OF TRAUMA OR INJURY. PT TRANSPORTED AND INTO CARE OF ER

## 🗒 Hx PAST

| Subject | Description/Details |
|---|---|
| Allergies | **Denies** |
| Medications | **Albuterol** |
| Pre-existing | **ASTHMA** |

## 👁 FINDINGS

| Subject | Description/Details |
|---|---|
| | |

 Page 1 of 3    (printed by: RMORA)

**Federal Employee's Notice of Traumatic Injury and Claim for Continuation of Pay/Compensation**

Reset  Print

**U.S. Department of Labor**
Employment Standards Administration
Office of Workers' Compensation Programs

Employee: Please complete all boxes 1 - 15 below. Do not complete shaded areas.
Witness: Complete bottom section 15.
Employing Agency (Supervisor or Compensation Specialist): Complete shaded boxes a, b, and c.

| Employee Data | | | |
|---|---|---|---|
| 1. Name of employee (Last, First, Middle) Gonzalez Elizabeth | | | 2. Social Security Number |
| 3. Date of birth Mo. Day Yr. 01/07/1975 | 4. Sex ☐ Male ☑ Female | 5. Home telephone (3(2)788-4519 | 6. Grade as of date of injury  Level 5  Step 1 |

7. Employee's home mailing address (include city, state, and ZIP code)
5944 South Tripp

Chicago                                    IL        60629

8. Dependents
☐ Wife, Husband
☑ Children under 18 years
☐ Other

Description of Injury

9. Place where injury occurred (e.g. 2nd floor, Main Post Office Bldg., 12th & Pine).
Falafel Restaurant, 2 North Riverside Plaza, 2nd Floor, Chicago, IL 6066(

*[handwritten: I did NOT have lunch at this location.]*

| 10. Date injury occurred Mo. Day Yr. 11/05/2015 | Time 01:00 ☐ a.m. ☑ p.m. | 11. Date of this notice Mo. Day Yr. 11/05/2015 | 12. Employee's occupation Information Intake Representative |
|---|---|---|---|

13. Cause of injury (Describe what happened and why)
Employee reported to co-worker that she was dizzy and weak after returning from lunch and could not explain what was causing it.

14. Nature of injury (identify both the injury and the part of body, e.g., fracture of left leg)

Dizziness, weakness, trembling and shaking of the lower jaw.

14. Occupation code

15. Type code   15. Source code

OWCP Use - NOI Code

Employee Signature

16. I certify, under penalty of law, that the injury described above was sustained in performance of duty as an employee of the United States Government and that it was not caused by my willful misconduct, intent to injure myself or another person, nor by my intoxication. I hereby claim medical treatment, if needed, and the following, as checked below, while disabled for work.

  a. Continuation of regular pay (COP) not to exceed 45 days and compensation for wage loss if disability for work continues beyond 45 days. If my claim is denied, I understand that the continuation of my regular pay shall be charged to sick or annual leave, or be deemed an overpayment within the meaning of 5 USC 5584.

  b. Sick and/or Annual Leave

I hereby authorize any physician or hospital (or any other person, institution, corporation, or government agency) to furnish any desired information to the U.S. Department of Labor, Office of Workers' Compensation Programs (or to its official representative). This authorization also permits any official representative of the Office to examine and to copy any records concerning me.

Signature of employee or person acting on his/her behalf                           Date

Any person who knowingly makes any false statement, misrepresentation, concealment of fact or any other act of fraud to obtain compensation as provided by this FECA or who knowingly accepts compensation to which that person is not entitled is subject to civil or administrative remedies as well as felony criminal prosecution and may, under appropriate criminal provisions, be punished by a fine or imprisonment or both.

Thank you for/or complete the receipt attached to this form and return it to you for your records.

Witness Statement

16. Statement of witness (Describe what you saw, heard, or knew about the injury)

While at our work station, Elizabeth began crying and she complained that she was not feeling well. She informed me that she was weak and experiencing dizziness. I alerted the Supervisor Tyrone Irvin, who in turn instructed a staff member to call for an ambulance.

Kenneth Jones                    (b)(6)                              5 Nov 2015
Name of witness               Signature of witness                  Date signed

Address          (b)(6)

Form CA-1
Rev. Apr. 1999

*[handwritten: Redacted signature, address, city/state and zip code of witness.]*

*[handwritten: Tyrone Irvin and Agency NEVER asked me to sign this form. It is NOT SIGNED BY ME.]*

**Official Supervisor's Report: Please complete information requested below.**

**Supervisor's Report**

**17. Agency name and address of reporting office (include city, state, and zip code)**
U. S. Equal Employment Opportunity Commission

500 West Madison, Suite 2000

OWCP Agency Code

OSHA Site Code

Chicago     IL     ZIP Code 60661

**18. Employee's duty station (Street address and ZIP code)**
500 West Madison, Suite 2000    Chicago    IL    60661

**19. Employee's retirement coverage**    CSRS ✓   FERS   Other, (Identify)

**20. Regular work hours** From: 08:30 ✓ a.m. To: 05:00 ✓ p.m.

**21. Regular work schedule** Sun. ✓ Mon. ✓ Tues. ✓ Wed. ✓ Thurs. ✓ Fri. Sat.

**22. Date of Injury** 11/05/2015

**23. Date notice received** 11/05/2015

**24. Date stopped work** 11/05/2015 Time: 02:00 ✓ p.m.

**25. Date pay stopped**

**26. Date 45 day period began**

**27. Date returned to work** Time:

**28. Was employee injured in performance of duty?** Yes ✓ No (If "No," explain)

※ Employee turned ill while at lunch. Unable to ascertain the cause of illness at this time. ※

**29. Was injury caused by employee's willful misconduct, intoxication, or intent to injure self or another?** Yes (If "Yes," explain) ✓ No

**30. Was injury caused by third party?** Yes ✓ No (If "No," go to item 32.)

**31. Name and address of third party (include city, state, and ZIP code)**

**32. Name and address of physician first providing medical care (include city, state, ZIP code)**
Rush Hospital

1653 West Congress Pkwy

Chicago    IL    60612

**33. First date medical care received** 11/05/2015

**34. Do medical reports show employee is disabled for work?** Yes No

**35. Does your knowledge of the facts about this injury agree with statements of the employee and/or witnesses?** ✓ Yes No (If "No," explain)

**36. If the employing agency controverts continuation of pay, state the reason in detail.**

**37. Pay rate when employee stopped work** $ 16.77 Per Hour

**Signature of Supervisor and Filing Instructions**

**38.** A supervisor who knowingly certifies to any false statement, misrepresentation, concealment of fact, etc., in respect of this claim may also be subject to appropriate felony criminal prosecution.

I certify that the information given above and that furnished by the employee on the reverse of this form is true to the best of my knowledge with the following exception:

**Name of supervisor (Type or print)** Tyrone Irvin

**Signature of supervisor**    **Date** 11/5/2015

**Supervisor's Title** Supervisory Investigator    **Office phone** (312) 869-8020

**39. Filing instructions**
- No lost time and no medical expense: Place this form in employee's medical folder (SF-66-D)
- No lost time, medical expense incurred or expected: forward this form to OWCP
- Lost time covered by leave, LWOP, or COP: forward this form to OWCP
- First Aid Injury

Form CA-1 Rev Apr. 1999

※ Fabricated statements made by Tyrone Irvin. I got sick during and while at work! I had to request a FOIA to obtain copy.

**STAN PIETRUSIAK**

| | |
|---|---|
| **From:** | PATRICIA JARAMILLO <PATRICIA.JARAMILLO@EEOC.GOV> |
| **Sent:** | Thursday, November 05, 2015 3:40 PM |
| **To:** | JULIANNE BOWMAN |
| **Subject:** | IIR emergency |

Elizabeth was feeling dizzy and could not walk. Eventually the ambulance had to be called. She is on her way to the hospital. Earlene went with her. Her sugar was really high. Don't know yet to which hospital they are taking her. Is there any paper work that we need to fill out? Or, report this to anyone? I know Tyrone is filling out some form. Will have him send it to us. Please don't stress over this. We will just need to talk tomorrow about support for our office. Hopefully Elizabeth will be fine.

1

GONZALEZ 2016 0014 REVISED ROI 373

## STAN PIETRUSIAK

| | |
|---|---|
| **From:** | JULIANNE BOWMAN <JULIANNE.BOWMAN@EEOC.GOV> |
| **Sent:** | Monday, November 09, 2015 5:30 PM |
| **To:** | TYRONE IRVIN |
| **Cc:** | PATRICIA JARAMILLO |
| **Subject:** | Re: Meeting concerning IIR Elizabeth Gonzalez |

I'm available tomorrow in and around the other all-day meeting I have. If you let me know what your schedule is like, I'll try to work your schedule into mine so we can meet tomorrow. I would like PJ to be there - if she is feeling well enough to come in tomorrow.

>>> TYRONE IRVIN 11/6/2015 4:54 PM >>>
In the past three weeks she has improved her attendance as it pertains to LWOP, but she arrives about 15 minutes late a day. She has not taken LWOP since 10/14/2015. Prior to that it was at least three days a week sometimes more. I have not had a conversation with Elizabeth since probably August about the taking of LWOP. I just wanted to update you to so that we can decide see if this latest improvement is acceptable or if we should still be considering other options.

Are you available Monday or Tuesday to discuss?


Tyrone Irvin
Enforcement Supervisor
U.S. Equal Employment Opportunity Commission
500 W. Madison Street, Suite 2000
Chicago, Illinois 60661
312-869-8020 (Direct)
312-869-8077 (Fax)
312-869-8170 (Intake Fax)

1

## STAN PIETRUSIAK

**From:** JULIANNE BOWMAN <JULIANNE.BOWMAN@EEOC.GOV>
**Sent:** Monday, November 16, 2015 11:05 PM
**To:** RODNEY YELDER; STEVEN SCHUSTER
**Subject:** Need some help and advice...

We have a probationary employee whose year is up on December 1st. She is a good employee but due to some very serious personnel issues and possibly ADA issues, her attendance began to seriously falter about half way through her probationary period. We have discussed her attendance and the possible consequences with her more than once. It got better for awhile and then took a downward turn. Management is talking to her again tomorrow about her circumstances and what we might do to assist. I am wondering a couple of things. First, is there any way to suggest that an ADA accommodation be that her probationary period be extended (assuming that was a reasonable accommodation that made sense)? When she is in the office, she does good work, and we would like to try some other avenues to see if she can get her attendance under control. If we could get an extension, we might want to consider moving her into another position temporarily to see if that helped. We might also want to consider offering her part time employment if that would be of assistance. If you have any thoughts or advice, please let me know as soon as you can as the last day of her probationary period is fast approaching.

Julianne Bowman
District Director, Chicago District
Equal Employment Opportunity Commission
500 West Madison Street, Suite 2000
Telephone: (312) 869-8111
Fax: (312) 869-8041
julianne.bowman@eeoc.gov

1

**STAN PIETRUSIAK**

| | |
|---|---|
| From: | PATRICIA JARAMILLO <PATRICIA.JARAMILLO@EEOC.GOV> |
| Sent: | Tuesday, November 17, 2015 9:36 PM |
| To: | JULIANNE BOWMAN; TYRONE IRVIN |
| Subject: | DR |

Spoke to Elizabeth this afternoon. It was not very productive. I told her she was a probationary employee and we were concerned with her attendance. She was very surprised by the conversation and did not see it coming. I told her I understood that Tyrone had spoken to her about this situation before. She did say that Tyrone may have had a previous conversation with her, but she doesn't remember. She asked me if she was going to be fired. I said we had not made that decision and I was talking to her so see what was going on with her attendance and possible solutions or alternatives. She said she did not know. She doesn't want to be part time. Her job is not stressing her out. She did say that she has been out due to health reasons and issues with her son. She volunteered that she gets migraines headaches and being on the phone all day doesn't help her migraines. I asked her if there was anything we could do about that and she said that she has worked it out with Ken to turn the lights down that helps. I asked her if she had the information for the ADA coordinator and told her that either I or Tyrone would give it to her. She asked if she could work from home when she gets the migraines. I asked her how with that work with her son in her house and her having the migraines. This is when she volunteered that her son had moved out two or two and half weeks ago. I asked her if she is having migraines how would working from home help her. She had no answer.

She was surprised by the conversation. I told her that I was going to be out tomorrow, but would be back on Thursday and we, including Tyrone, could talk more about it on Thursday. She doesn't want to be fired. I repeated that we have not made that decision. She says that the union told the employees that we could fire employees within the probationary period. On Thursday, she will probably talk to us with the union present.

She says that her attendance has improved and the last few weeks. But, she did not say that it was going to get better.

1

**STAN PIETRUSIAK**

| | |
|---|---|
| **From:** | TYRONE IRVIN <TYRONE.IRVIN@EEOC.GOV> |
| **Sent:** | Thursday, November 19, 2015 2:27 PM |
| **To:** | STEVEN SCHUSTER |
| **Cc:** | JULIANNE BOWMAN; PATRICIA JARAMILLO; PATRICK DEWOLF |
| **Subject:** | IIR Elizabeth Gonzalez |
| **Attachments:** | Gonzalez.doc |

Steve and Pat,

We have an IIR here in Chicago that is still in her probationary period that ends November 30, 2015. She has called off frequently to the tune of 240 hours leave without pay beginning in May through Wednesday of this week. In June and again in August I had conversations with Elizabeth pertaining to her absences and the possibility that she could be discharged as a probationary employee if her attendance did not improve. Elizabeth informed me that her absences are caused by stress from events in her private life. I have directed her to EAP and the ADA Reasonable Accommodation coordinator. I have not been contacted by either in reference to Ms. Gonzalez. The Enforcement Manager, Patricia Jaramillo had a conversation with Elizabeth on Tuesday concerning her attendance issues. According to Patricia, Elizabeth offered nothing as a resolution nor did she indicate she would attempt to improve on her attendance. We have made the decision to terminate her employment effective November 30, 2015. Julie Bowman asked that I send the termination document to you both for comment and/or input.



Tyrone Irvin
Enforcement Supervisor
U.S. Equal Employment Opportunity Commission
500 W. Madison Street, Suite 2000
Chicago, Illinois 60661
312-869-8020 (Direct)
312-869-8077 (Fax)
312-869-8170 (Intake Fax)

1

**STAN PIETRUSIAK**

| | |
|---|---|
| **From:** | PATRICIA JARAMILLO <PATRICIA.JARAMILLO@EEOC.GOV> |
| **Sent:** | Thursday, November 19, 2015 6:36 PM |
| **To:** | JULIANNE BOWMAN |
| **Subject:** | Re: The union wants to meet with Tyrone and me tomorrow |

Yes, about Elizabeth. What I told her was that no decision had been made which it was and it is true. As far as I know we have not made a decision.

>>> JULIANNE BOWMAN 11/19/2015 5:33 PM >>>
About Elizabeth? Meet with them and find out what they have to say. Don't have to tell them any decision b/c haven't made one yet. I assume Elizabeth hasn't been told one way or the other.

>>> PATRICIA JARAMILLO 11/19/15 5:26 PM >>>
What can I tell them. No decision has been made and I know the recommendation went up today. I will set up the meeting for the afternoon, around 2:30 to give us time to disucus.

1

## ELIZABETH GONZALEZ - Re: Chat with me

**From:**    ELIZABETH GONZALEZ
**To:**      PATRICK DeWOLF
**Date:**    11/20/2015 10:16 AM
**Subject:** Re: Chat with me

Good morning, Pat:

I'm sorry to bother you and I know you're really busy. I have a question regarding who my reporting supervisor's are in the Chicago District Office. I was informed that it was only Tyrone Irvin from the Chicago. I'm aware that I have three managers in the Kansas City Office, which is yourself, Ellis Hall and Germaine Ruddell. As an IIR and being a part of the IIG team; I am under the assumption that I don't report to the enforcement manager, Patricia Jaramillo from the Chicago District.

My great concern and I guess I'm also confused as to why Patricia Jaramillo called me into her office (unannounced) on Tuesday, November 17, 2015 and what seemed and I believe was an interrogation interview regarding my health and work situation. I was also confused that Tyrone Irvin was not present but he sent me a text message the following day to ask if I met with Patricia on Tuesday.
That was a very uncomfortable conversation between Patricia and I; it was unexpected and I have never held a conversation with her since my employment with the EEOC. She used intimidating tactics and many questions that were confusing and also emphasized that I was still on probation. My start date was December 1, 2015.

A brief overview of the reason's why I take leave. I have been ill for a few months in which Tyrone is fully aware of, and was supportive. I was recently taken to the hospital from the Chicago District Office by ambulance on November 5, 2015.

I'm really sorry, Pat but I just don't know who else to turn to. One other thing; how can I request a reasonable accommodation and FMLA and who do I address it to?

Thank you and have a great day.

Sincerely,

Elizabeth Gonzalez, IIR
Chicago District Office - EEOC
500 West Madison Street
Suite 2000
Chicago, IL 60661

>>> PATRICK DeWOLF 11/18/2015 11:30 AM >>>
I am on the town hall and working with upper management.. whats up?

**From:**     DONNA WALTON
**To:**       ELIZABETH.GONZALEZ@EEOC.GOV
**Date:**     11/20/2015 11:28 AM
**Subject:**  Re: Reasonable Accommodation (Out of Office)

I am away from the Office  November 10  thru 27th. I will reply to all inquiries upon my return.

Donna R. Walton, EdD


Donna R. Walton, EdD
Miami Office Program Analyst
Equal Employment Opportunity Commission
Miami District Office
100 SE Second Street
Miami, Florida  33131
Telephone: 305-808-1764
Fax:  305-808-1834
donna.walton@eeoc.gov


"Excellence must be the result of caring more than what other people think is wise; risking more than what other people think is safe; dreaming more than what other people think is practical, but moreover is expecting more than what other people think is possible."

- V. Lombardi

_____



*********************************************************
This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

>>> ELIZABETH GONZALEZ 11/20/15 12:28 >>>

Dear Dr. Walton:

I'm an EEOC federal employee from the Chicago District Office. I need to request a reasonable accommodation and I don't know where to begin or how to obtain the paperwork.

Thank you and have a great day.



Elizabeth Gonzalez, IIR
Chicago District Office - EEOC
500 West Madison Street
Suite 2000

## ELIZABETH GONZALEZ - Reasonable Accommodation

**From:** ELIZABETH GONZALEZ
**To:** SYLVIA.SMITH@EEOC.GOV
**Date:** 11/20/2015 11:43 AM
**Subject:** Reasonable Accommodation

Dear Ms. Smith:

I'm an EEOC federal employee from the Chicago District Office. I need to request a reasonable accommodation and I don't know where to begin or how to obtain the paperwork.

Thank you and have a great day.

Elizabeth Gonzalez, IIR
Chicago District Office - EEOC
500 West Madison Street
Suite 2000
Chicago, IL 60661
(312)353-8972

**From:**     SYLVIA SMITH
**To:**       ELIZABETH.GONZALEZ@EEOC.GOV
**Date:**     11/20/2015 11:43 AM
**Subject:**  Re: Reasonable Accommodation (Out of Office)

I will be out of the office until Monday November 30.   If you need immediate assistance with FOIA please contact Garry Stevens at Garry.Stevens@eeoc.gov  or Sherlyn.metzler@eeoc.gov.  If you need immediate assistance with anything else, please contact Consuela.Cantrell@eeoc.gov · I will respond to your email as soon as possible upon my return.

11 | 20 | 2015
Emailed  Consuela.Cantrell @ eeoc.gov

## ELIZABETH GONZALEZ - Reasonable Accommodation

**From:**     ELIZABETH GONZALEZ
**To:**         disabilityprogram@eeoc.gov
**Date:**     11/20/2015 11:48 AM
**Subject:**  Reasonable Accommodation

To whom it may concern:

I'm an EEOC federal employee from the Chicago District Office. I need to request a reasonable accommodation and I don't know where to begin or how to obtain the paperwork.

Thank you and have a great day.

Elizabeth Gonzalez, IIR
Chicago District Office - EEOC
500 West Madison Street
Suite 2000
Chicago, IL 60661
(312) 353-8972

## ELIZABETH GONZALEZ - Re: Reasonable Accommodation

| | |
|---|---|
| **From:** | CONSUELA CANTRELL |
| **To:** | ELIZABETH GONZALEZ |
| **Date:** | 11/20/2015 12:01 PM |
| **Subject:** | Re: Reasonable Accommodation |
| **Attachments:** | Rescheduling of the Webinar Training on the Reasonable Accommodation Process |

Good Afternoon Elizabeth,

Requests for Reasonable Accommodations are processed through the Office of the Chief Human Capitol Officer (OCHCO); who may in turn contact your Supervisor for additional information. There is an upcoming webinar on how the process works that you might want to take (see attached). For now, check out the information on InSite, under the Office of the Chief Human Capitol Officer (OCHCO), then "Reasonable Accommodation" under the Featured Items list. To get the process started, you have to send an email in to the RA contact's mailbox (listed on InSite). You may want to bring your Supervisor into the loop, but it is not required up front. You may also be required to provide medical documentation to support your request. The Disability Program Manager will contact you and let you know details once you have submitted your request. For further reading, Order 560.003 covers EEOC's Reasonable Accommodation Program and can also be found on InSite.

Let me know if you have any other questions or if I can be of any further assistance.

Sincerely,

*Consuela*

Consuela J. Cantrell
Management Support Specialist
Equal Employment Opportunity Commission
St. Louis District Office
Robert A. Young Federal Bldg.
1222 Spruce St., Rm. 8.100
St. Louis, MO 63103
Phone # (314) 539-7837
Fax # (314) 539-7893

*This electronic transmission may contain FOR OFFICIAL USE ONLY information. Please do not release without the consent of the originator's office. If you received this message in error, please notify the sender by reply e-mail and delete all copies of the message.*

>>> ELIZABETH GONZALEZ 11/20/2015 11:56 AM >>>
Dear Ms. Cantrell:

I'm an EEOC federal employee from the Chicago District Office. I need to request a

November 20, 2015

**Attention: Mr. Rodney Yelder**

**Fax: (202) 663-4324**

**From: Elizabeth Gonzalez**

**Telephone: (312)788-4519**

**Dear Mr. Rodney,**

**Attached is my request to begin the process regarding the reasonable accommodation. I will forward you the medical documentation and support as soon as possible.**

**Please feel free to contact me should you have any questions at (312)788-4519.**

# CONFIRMATION OF REQUEST
# FOR REASONABLE ACCOMMODATION

**1.**

Elizabeth Gonzalez

**Applicant's or Employee's Name**

(312) 788-4519

**Applicant's or Employee's Telephone Number**

**Date of Request** 11/20/2015

Chicago District Office

**Employee's Office**

**2.**

Tyrone Irvin

**Supervisor's Name**

(312) 869-8020

**Supervisor's Telephone Number**

**3. TYPE OF ACCOMMODATION REQUESTED, IF KNOWN.** *(Be as specific as possible, e.g., assistive technology, reader, interpreter, schedule change)*

Modifying work schedule, providing telework and intermittent leave.

**4. REASON FOR REQUEST.**

Medical health issues; I will forward medical documentation and support as soon as possible.

**4. (Disability Program Manager will assign number)**

**Log No.:** _____

**Privacy Act Statement**

The Rehabilitation Act of 1973, 29 U.S.C. section 791, and Executive Order 13164 authorize collection of this information. The primary use of this information is to consider, decide, and implement requests for reasonable accommodation. Additional disclosures of the information may be: To medical personnel to meet a bona fide medical emergency; to another Federal agency, a court, or a party in litigation before a court or in an administrative proceeding being conducted by a Federal agency when the Government is a party to the judicial or administrative proceeding; to a congressional office from the record of an individual in response to an inquiry from the congressional office made at the request of the individual; and to an authorized appeal grievance examiner, formal complaints examiner, administrative judge, equal employment opportunity investigator, arbitrator or other duly authorized official engaged in investigation or settlement of a grievance, complaint or appeal filed by an employee.

EEOC Form 557 (Revised 10/2014)  PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED

**ELIZABETH GONZALEZ - Re: Reasonable Accommodation**

**From:**    RODNEY YELDER
**To:**      ELIZABETH GONZALEZ
**Date:**    11/23/2015 7:19 PM
**Subject:** Re: Reasonable Accommodation

Elizabeth,

Basically, your doctor's statement should state your diagnosis and prognosis. He/she should also state the type of restrictions and accommodation you need.

>>> ELIZABETH GONZALEZ 11/23/15 9:24 AM >>>
Good morning, Rodney:

I have a couple questions regarding the medical support. Do I need to get specific paperwork from the EEOC to take to my doctor to fill out? Also, does my primary doctor have to fill out the paperwork or can my therapist do the paperwork?

Thank you.

>>> RODNEY YELDER 11/20/2015 12:42 PM >>>
Elizabeth, the process begins by completing the attached form and submitting it to me with medical support.

>>> ELIZABETH GONZALEZ 11/20/2015 1:22 PM >>>
Dear Mr. Yelder:

I'm an EEOC federal employee from the Chicago District Office. I need to request a reasonable accommodation but I don't know where to begin or how to obtain the paperwork.

Thank you and have a great day.

Elizabeth Gonzalez, IIR
Chicago District Office - EEOC
500 West Madison Street
Suite 2000
Chicago, IL 60661
(312) 353-8972

**JOEL MILLAN**

| | |
|---|---|
| From: | STEVEN SCHUSTER |
| Sent: | Tuesday, November 24, 2015 2:56 PM |
| To: | PATRICIA JARAMILLO |
| Subject: | Re: IIR |

OK, I have a letter for Tyrone to issue, but the DPM indicated that there was contact with him from Elizabeth, but she has not submitted any documentation to support a disability or accommodation request. There likely will not be any decision on accommodation until next week. So, talk to Julie and see what she wants to do.

>>> PATRICIA JARAMILLO 11/23/2015 6:36 PM >>>
Hi Steve,

Did you get a chance to review Tyrone's recommendation? Her probationary period ends 11/30/15. Let me know.

>>> STEVEN SCHUSTER 11/23/2015 2:01 PM >>>
I am checking with the DPM

>>> PATRICIA JARAMILLO 11/23/2015 1:43 PM >>>
Thank you. Did she request a reasonable accomodation?

>>> STEVEN SCHUSTER 11/23/2015 12:37 PM >>>
No, my understanding is that probationary periods cant be extended even if there is an accommodation.

>>> PATRICIA JARAMILLO 11/23/2015 1:35 PM >>>
Steve,

I spoke to Julie. I told her you were going to check with Rodney Yelder about the IIR situation. She was wondering if you knew or if he would know, whether the probationary period could be extended as a reasonable accommodation.

---

\* Joel Millan, Investigator and OEO ommited this e-mail from the Original ROI (dated July 19, 2016.)

\* This document needed to be put into evidence and it was not.

\* OEO ommited this with malicious intent.

Revised ROI
Tab G (miscellaneous)

GONZALEZ 2016 0014 REVISED ROI 418

**STAN PIETRUSIAK**

| | |
|---|---|
| **From:** | STEVEN SCHUSTER <STEVEN.SCHUSTER@EEOC.GOV> |
| **Sent:** | Tuesday, November 24, 2015 4:54 PM |
| **To:** | PATRICIA JARAMILLO; TYRONE IRVIN |
| **Subject:** | Re: Fwd: Elizabeth Gonzalez Leave |

Lets talk tomorrow. I got her leave records from PP 8 to the present. I am OK with removal, but there is an issue with reasonable accommodation - she has contacted the DRM, but has not submitted any documentation to demonstrate disability. If Tyrone is out tomorrow, then PJ, call me and we can discuss next steps.

>>> TYRONE IRVIN 11/24/2015 4:44 PM >>>
Attached is Elizabeth Gonzalez leave record

1

**STAN PIETRUSIAK**

| | |
|---|---|
| **From:** | JULIANNE BOWMAN <JULIANNE.BOWMAN@EEOC.GOV> |
| **Sent:** | Wednesday, November 25, 2015 1:31 PM |
| **To:** | STEVEN SCHUSTER |
| **Cc:** | PATRICIA JARAMILLO; TYRONE IRVIN |
| **Subject:** | Gonzalez with changes. |
| **Attachments:** | GONZALEZ TERMINATION DOCUMENT NOV 25 2015.docx |

We are debating the Dec. 1st or Nov. 30th. She started on a Monday, which we assume last year would have been on Monday. She did not come from another agency. (We are going to pay her for Friday and Monday if we can. If we are unsure, we will just pay her for Friday.)

1

## ELIZABETH GONZALEZ - Reasonable Accommodation

**From:** ELIZABETH GONZALEZ
**To:** JULIANNE BOWMAN;  PATRICIA JARAMILLO;  TYRONE IRVIN
**Date:** 11/25/2015 1:28 PM
**Subject:** Reasonable Accommodation
**CC:** JOSE ROMO;  KIMBERLY ENGRAM;  PATRICK DeWOLF;  RODNEY YELDER;  STEPHANIE...

Dear Ms. Bowman, Ms. Jaramillo and Mr. Irvinn:

I wanted to inform you today, that I am suffering from two medical conditions that are disabilities that I have been trying to deal with for the past year. In August 2015, I informed Mr. Irvin that I was suffering from depression and that I sometime had a hard time getting out of bed. Also, that I am in a domestic violence situation. I also informed him that I was seeking medical help and therapy and he informed me that I shouldn't worry about it since there were laws that protected me.

The restroom renovations and the dust it created got me sick and I had to be transported to the hospital from the EEOC Chicago District Office and Mr. Irvin was a witness to that fact. I was subsequently diagnosed with Vertigo which caused me to miss some work days.

At no point have I ever received any type of counseling or reprimand of any kind and now I have been threatened with being made a part time employee or termination.

I have already requested a reasonable accommodation at EEOC Headquarters and I am in touch with the ADA Coordinator at EEOC Headquarters. To make sure that my request is heard, I am hereby requesting a reasonable accommodation from all three of you. I would request that I be allowed to work at home on those days that I cannot get my depression or vertigo under control and have to stay home. This should not be an issue since the EEOC has the capability of allowing IIR's to work from home as evidence by several recent hires that strictly working from home. As an alternative I would at the very least request intermittent FMLA leave. Mr. Irvin has never offered me any type of counseling or help of any kind regarding disability or FMLA paperwork.

I would assume that you would treat me as any other employee that is entitled to ADA or FMLA protections and my status as a probationary employee is not a condition of being entitled to these protections.

Thank you for your assistance,

Elizabeth Gonzalez, IIR
Chicago District Office - EEOC
500 West Madison Street
Suite 2000
Chicago, IL 60661

## STAN PIETRUSIAK

| | |
|---|---|
| **From:** | PATRICIA JARAMILLO <PATRICIA.JARAMILLO@EEOC.GOV> |
| **Sent:** | Wednesday, November 25, 2015 2:32 PM |
| **To:** | STEVEN SCHUSTER |
| **Subject:** | Fwd: Reasonable Accommodation |
| **Attachments:** | Reasonable Accommodation |

We are just getting this now. WE are supposed to meet at 1:30 to discharge her.

1

**STAN PIETRUSIAK**

| | |
|---|---|
| **From:** | PATRICIA JARAMILLO <PATRICIA.JARAMILLO@EEOC.GOV> |
| **Sent:** | Wednesday, November 25, 2015 2:42 PM |
| **To:** | STEVEN SCHUSTER |
| **Cc:** | JULIANNE BOWMAN |
| **Subject:** | Re: Fwd: Reasonable Accommodation |

She refuses to sign and asking us to allow her to resign. I agreed. Jose is telling us that we are not accommodating her and he is trying to avoid problems. Union's issue is that we terminated two people before the probationary period and we didn't put it in writing back when Tyrone had the conversations with her . He still here and we are waiting for her resignation letter.

>>> STEVEN SCHUSTER 11/25/2015 1:39 PM >>>
Right, you have to decide whether its worth it to go forward when she has alleged a disability. Now, she may not have provided medical documentation and she may not be disabled. There may be no effective accommodation. But, this is out there, and if she goes past December 1, she's no longer probationary.

>>> PATRICIA JARAMILLO 11/25/2015 2:31 PM >>>
We are just getting this now. WE are supposed to meet at 1:30 to discharge her.

1

GONZALEZ 2016 0014 REVISED ROI 541

**STAN PIETRUSIAK**

| | |
|---|---|
| **From:** | STEVEN SCHUSTER <STEVEN.SCHUSTER@EEOC.GOV> |
| **Sent:** | Wednesday, November 25, 2015 3:16 PM |
| **To:** | PATRICIA JARAMILLO |
| **Subject:** | Re: Fwd: Scan from a Xerox WorkCentre |

OK, someone will need to initiate the resignation action in FPPS.

>>> PATRICIA JARAMILLO 11/25/2015 3:14 PM >>>
She wanted to resign immediately.

1

GONZALEZ 2016 0014 REVISED ROI 456

November 25, 2015

To: Julianne Bowman
    District Director
    Chicago District Office

*e.g.*

Effective as of today, November 25, 2015

I hereby resign my position as IIR, as a result of this agency's failure to provide me with a reasonable accommodation for my disabilities.

I consider this to be constructive discharge and I am addressing these issues and concerns with Headquarters as well as OIG and filing a formal complaint against this office.

As early as March 2015 I informed Mr. Irvin about my disability.

Elizabeth Gonzalez

*Elizabeth Gonzalez*

You can e-mail me the 2015 progress review to elizabeth_gonz2@hotmail.com

---

From: **JULIANNE BOWMAN** (JULIANNE.BOWMAN@EEOC.GOV)
Sent: Thu 1/28/16 3:44 PM
To: Elizabeth Gonzalez
Cc: JAMES TAYLOR

We don't have a performance appraisal for FY2016. Those would not be due until the end of the fiscal year - or after October 2016. We did not close out your performance for FY2015 before you left the agency. We do have a progress review for you from probably March of 2015. If you would like a copy of that, I will scan and e-mail it to you or send it to you at the address below. Just let me know.

Julianne Bowman
District Director, Chicago District
Equal Employment Opportunity Commission
500 West Madison Street, Suite 2000
Telephone: (312) 869-8111
Fax: (312) 869-8041
julianne.bowman@eeoc.gov

>> Elizabeth Gonzalez <elizabeth_gonz2@hotmail.com> 1/14/2016 12:32 PM >>

---

From: **elizabeth_gonz2@hotmail.com**
Sent: Thu 1/14/16 12:32 PM
To: julianne.bowman@eeoc.gov
Cc: JAMES TAYLOR (JAMES.TAYLOR@EEOC.GOV)

Ms. Bowman:

During my employment with the Chicago District Office I did not get a copy of my FY2016 Performance Appraisal in which Mr. Tyrone Irvin told me to sign in October 2015.

A copy of the FY2016 Performance Appraisal can be sent to the address on file:
5944 South Tripp Avenue
Chicago, IL 60629

Elizabeth Gonzalez

*\* OEO Submitted this into evidence.*
*ROI → Tab F-21*

Page 1

## U. S. Equal Employment Opportunity Commission
### Non-supervisory Employee Performance Appraisal Record

## PART I: GENERAL INFORMATION AND CERTIFICATION

This form records: (1) an understanding between the rating official and the employee of what is to be accomplished during the appraisal period; (2) how those accomplishments will be evaluated; (3) the employee's interim progress toward achieving the specified accomplishments; (4) the employee's actual accomplishments during the rating period; and (5) the overall summary rating assigned to the employee.

**Performance Rating Period:** From: <u>December 01, 2014</u>    To: <u>September 30, 2015</u>

TYPE OF RATING *(Indicate the type of rating.)*

● ANNUAL RATING OF RECORD    ○ INTERIM RATING    ○ OTHER _____

**Name:** Elizabeth Gonzalez                **Social Security Number:** On File

**Position Title:** Information Intake Representative        **Series & Grade:** 1802

**Office/Location:** Chicago District Office

---

**Performance Plan Certification:** *Signatures certify that the rating official and the employee have met, reviewed and discussed the Primary Elements and Performance Standards for the established performance appraisal period. The performance plan is contained in Part IV.*

| | | |
|---|---|---|
| *[signature]* <br> Rating Official's Signature | 12/01/2014 <br> Date | Tyrone Irvin, Enforcement Supervisor <br> Rating Official's Name *(typed or printed)* |
| *Elizabeth Gonzalez [signature]* <br> Employee's Signature | 12/01/2014 <br> Date | Elizabeth Gonzalez <br> Employee's Name *(typed or printed)* |

---

**Progress Review Certification:** *Initials by rating official and employee certify that performance and progress to date have been discussed. Written documentation is contained in Part III - A (Rating Official's comments) and B (Employee's optional comments).*

Rating Official: *[initials]*    4/10/15    Employee: *Elizabeth Gonzalez [signature]*    04/10/2015
Date:                                Date:

---

**Privacy Act Statement**

This form is subject to the provisions of the Privacy Act. Copies will be retained by the Office of Human Resources, and provided for review and retention as required to appropriate management officials having a need to know. The Non-supervisory Performance Appraisal Record gathers and records information on how EEOC employees are performing their duties and responsibilities. The information will be used to determine eligibility for, retention in, or removal from EEOC; awards, and/or compensation benefits. The authority to collect this information is contained in Title IV of the Civil Service Reform Act of 1978. The information will not be disclosed outside of EEOC without prior consent except as required or permitted by law.

EEOC FORM 636 (JUNE 2005)

00307

*\* Tyrone Irvin and Agency altered my FY2015 Performance Appraisal and forged my signature. There are (3) seperate dates; Unbelievable!*

**PART II: PERFORMANCE RATING GUIDELINE** Page 2

## RATING GUIDELINES

**Performance Rating Guidelines.** Each element described in the employee's performance plan is critical to the accomplishment of the agency's mission and goals and is therefore, designated as a Primary Element. The objective of the first Primary Element, Customer Service/Communications, is to assess the quality and timeliness of the employee's contacts/interactions, written/oral communications, guidance and/or advice to/with internal/external customers/ stakeholders. The objective of the second Primary Element, Completed Work Products, is to assess the specific work products/services completed. The objective of the third Primary Element, Operational Efficiency and Effectiveness, is to assess employee's overall contribution to/impact on the organizational goals and objectives of the agency. The performance standard definitions serve as guidelines for determining the employee's performance under each element.

For each Primary Element, the rater must carefully determine whether the employee's performance aligns with the expectations outlined in the four rating levels. The overall contribution of the employee's performance for each Primary Element must, in the rater's judgment, meet the rating level assigned.

## Performance Standard Definitions

**OUTSTANDING** *(Far Exceeds Expectation)*: The employee's performance consistently exceeds the highly effective level and greatly exceeds the expectations described in the Fully Successful standard. This is the level of exceptional performance. The Primary Element is not only achieved, but completed in an exemplary manner. The employee makes exceptional contributions to the organizational goals and objectives of the agency.

**HIGHLY EFFECTIVE** *(Exceeds Expectations)*: The employee's performance consistently exceeds expectations described in the fully successful standard. This is the level of unusually good performance. Performance of the Primary Element is consistently above the fully successful level. The employee makes significant contributions to the organizational goals and objectives of the agency.

**FULLY SUCCESSFUL** *(Meets Expectations)*: The employee's performance consistently meets expectations described in the fully successful standard in the employee's performance plan. This is the level of good sound performance. The Primary Elements are met. The employee has contributed positively to organizational goals and achieved meaningful results.

**UNACCEPTABLE** *(Fails to Meet Expectations)*: The employee's performance is unacceptable and fails to meet the established performance standard i.e., Fully Successful, in one or more Primary Elements. Job performance produces unacceptable work products. Minimum requirements of one or more Primary Elements are not met. Performance deficiencies detract from mission goals and objectives.

**PART III-A: PROGRESS REVIEW - RATING OFFICIAL'S COMMENTS** Page 3

One progress review is required at midpoint of the performance cycle; however, frequent communication between the employee and rating official regarding performance is encouraged and recommended. The rating official will assess and document in writing the progress made by the employee in achieving results and meeting performance expectations. Specific comments should be provided on areas accomplished well by the employee, if the employee is progressing as planned, or in need of improvement. Note: A progress review is not a rating. The employee's written comments are optional but encouraged. Written documentation becomes part of the performance appraisal and a copy is provided to the employee. The rating official and employee must then date and initial in the space provided in Part I, certifying that performance and progress to date have been discussed. **(Limited to 37 lines of text)**

**PART III-B: PROGRESS REVIEW - EMPLOYEE'S COMMENTS - (OPTIONAL)**        Page 4

One progress review is required at midpoint of the performance cycle; however, frequent communication between the employee and rating official regarding performance is encouraged and recommended. The rating official will assess and document in writing the progress made by the employee in achieving results and meeting performance expectations. Specific comments should be provided on areas accomplished well by the employee, if the employee is progressing as planned, or in need of improvement. Note: A progress review is not a rating. The employee's written comments are optional but encouraged. Written documentation becomes part of the performance appraisal and a copy is provided to the employee. The rating official and employee must then date and initial in the space provided in Part I, certifying that performance and progress to date have been discussed.        **(Limited to 37 lines of text)**

**PART IV: INDIVIDUAL ELEMENT RATING AND NARRATIVE SUMMARY**                    Page 5

Name:   Elizabeth Gonzalez

Position Title:   Information Intake Representative                Series & Grade:  1802

Rating Period:   From: December 01, 2014              To: September 30, 2015

INSTRUCTIONS:  The rating official shall assess the employee's performance on each Primary Element, taking into consideration all relevant  performance information including the Accomplishment Report submitted by the employee and any interim ratings completed during the appraisal period and (1) indicate in the space below whether the employee's performance Far Exceeds Expectations (FE), Exceeds Expectations (E), Meets Expectations (M), or Fails to Meet Expectations (F) for the element and (2) give concise but substantive examples of results achieved that support the rating for each Primary Element.

**PRIMARY ELEMENT I of III:  Customer Service and Communication**

Level of Achievement:                     O  FE             O  E            ⊠  M            O  F

NARRATIVE SUMMARY
*(Give concise but substantive explanation and examples to support element rating):*          **(Limited to 27 lines of text)**

**PART IV: INDIVIDUAL PRIMARY ELEMENT RATING AND NARRATIVE SUMMARY**     Page 6

**Name:** Elizabeth Gonzalez

**Position Title:** Information Intake Representative          **Series & Grade:** 1802

**Rating Period:** **From:** December 01, 2014          **To:** September 30, 2015

INSTRUCTIONS: The rating official shall assess the employee's performance on each Primary Element, taking into consideration all relevant performance information including the Accomplishment Report submitted by the employee and any interim ratings completed during the appraisal period and (1) indicate in the space below whether the employee's performance Far Exceeds Expectations (FE), Exceeds Expectations (E), Meets Expectations (M), or Fails to Meet Expectations (F) for the element and (2) give concise but substantive examples of results achieved that support the rating for each Primary Element.

**PRIMARY ELEMENT I1 of III:** **Completed Work Product**

Level of Achievement:          ○ FE          ○ E          ☒ M          ○ F

NARRATIVE SUMMARY
*(Give concise but substantive explanation and examples to support element rating):*          **(Limited to 27 lines of text)**

## PART IV:  INDIVIDUAL PRIMARY ELEMENT RATING AND NARRATIVE SUMMARY          Page 7

**Name:**   Elizabeth Gonzalez

**Position Title:**  Information Intake Representative          **Series & Grade:**  1802

**Rating Period:    From:** December 01, 2014          **To:** September 30, 2015

> **INSTRUCTIONS:**  The rating official shall assess the employee's performance on each Primary Element, taking into consideration all relevant performance information including the Accomplishment Report submitted by the employee and any interim ratings completed during the appraisal period and (1) indicate in the space below whether the employee's performance Far Exceeds Expectations (FE), Exceeds Expectations (E), Meets Expectations (M), or Fails to Meet Expectations (F) for the element and (2) give concise but substantive examples of results achieved that support the rating for each Primary Element.

**PRIMARY ELEMENT III of III:  Operational Efficiency and Effectiveness**

**Level of Achievement:**          O  **FE**          O  **E**          ☒  **M**          O  **F**

**NARRATIVE SUMMARY**
*(Give concise but substantive explanation and examples to support element rating):*          **(Limited to 27 lines of text)**

00313

**PART V: SUMMARY RATING**                                                                                          **Page 8**

Name:  Elizabeth Gonzalez

Position Title:  Information Intake Representative                           Series & Grade:  1802

Rating Period:   From: December 01, 2014                    To: September 30, 2015

INSTRUCTIONS: Based on the element ratings given in Part IV on the individual Primary Elements, select one of the four levels of performance that best describes the employee's overall performance:

○ OUTSTANDING          The majority of the individual Primary Elements must be rated **Far Exceeds Expectations** and must include a **Far Exceeds Expectations** rating for the Primary Element, *Completed Work Products*. No Primary Element may be rated below **Exceeds Expectations**.

○ HIGHLY EFFECTIVE     The majority of the individual Primary Elements are rated higher than **Meets Expectations**. No Primary Element is rated below **Meets Expectations**.

⊗ FULLY SUCCESSFUL     All individual Primary Elements are rated **Meets Expectations** or higher. The majority of the Primary Elements are not rated above **Meets Expectations**.

○ UNSATISFACTORY       One or more individual Primary Elements are rated **Failed to Meet Expectations**.

Rating Official's Signature          11/28/2015          Tyrone Irvin, Enforcement Supervisor
                                     Date                 Rating Official's Name *(typed or printed)*

Reviewing Official's Signature       11/23/15            ~~Julianne Bowman, Acting Director~~
                                     Date                 Reviewing Official's Name *(typed or printed)*

The employee's signature means only that the employee has had an opportunity to review, discuss, and comment on this appraisal.

                                                          Elizabeth Gonzalez
Employee's Signature                 Date                 Employee's Name *(typed or printed)*

Employee Comments?      ○ Yes      ○ No                                    (Limited to 7 lines of text)



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Washington, DC 20507**

Elizabeth Gonzalez, a/k/a
Nadine M.,[1]
Complainant,

v.

Janet Dhillon,
Chair,
Equal Employment Opportunity Commission,[2]
Agency.

Appeal No. 0120180745

Agency No. 2016-0014

DECISION

On December 22, 2017, Complainant filed an appeal with the Equal Employment Opportunity Commission (EEOC or Commission), pursuant to 29 C.F.R. § 1614.403(a), from the Agency's December 5, 2017, final decision concerning her equal employment opportunity (EEO) complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq., and Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 et seq. For the following reasons, the Commission VACATES the Agency's final decision.

On December 1, 2014, Complainant began working with the Agency as an Information Intake Representative (IIR) at its Chicago, Illinois District Office (CHIDO). Complainant was required to serve a one-year probationary period that was scheduled to end on December 1, 2015. On November 25, 2015, management informed Complainant that it had decided to terminate her

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

[2] In the present matter, the Equal Employment Opportunity Commission (EEOC) is both the respondent agency and the adjudicatory authority. The Commission's adjudicatory function is housed in an office that is separate and independent from those offices charged with in-house processing and resolution of discrimination complaints. For the purposes of this decision, the term "Commission" or "EEOC" is used when referring to the adjudicatory authority and the term "Agency" is used when referring to the respondent party to this action.

employment effective November 30, 2015. In response, Complainant resigned from the Agency effective November 25, 2015.

On January 12, 2016, Complainant filed an EEO complaint in which she alleged that the Agency discriminated against her on the bases of national origin (Mexican), sex (female), disability, and in reprisal for prior protected EEO activity arising under the Rehabilitation Act when:

1.  On November 17, 2015, November 20, 2015, and November 25, 2015, she was denied the ability to work from home as a reasonable accommodation;

2.  On November 25, 2015, she was given a termination letter; and

3.  On November 25, 2015, she was constructively discharged.

On July 19, 2016, the Agency completed its investigation of Complainant's complaint and provided her with a copy of the Report of Investigation. Additionally, the Agency informed Complainant that it would issue a final decision pursuant to 29 C.F.R. § 1614.302 because the complaint was a mixed-cased complaint.

In a decision dated December 5, 2017, the Agency determined that Complainant did not prove that she was subjected to unlawful discrimination or denied a reasonable accommodation for her disability. Additionally, the Agency found that Complainant's claim that her complaint had been improperly processed was without merit. The Agency then provided Complainant with rights to appeal the matter to the MSPB within 30 days of receiving the final decision, as well as the MSPB appeal forms on which to file the appeal.

Upon review, we note that the Agency determined that Complainant's complaint essentially concerns her claim that she was constructively discharged by a series of Agency actions, and therefore, should be processed as a mixed case complaint pursuant to 29 C.F.R. § 1614.302. The Agency only provided Complainant with appeal rights to the MSPB and did not provide her with the right to request a hearing before an EEOC Administrative Judge (AJ). There is no evidence that Complainant filed an appeal with the MSPB.

The MSPB has jurisdiction over appeals of adverse actions, which include removals and involuntary resignations after completion of probationary service periods, suspensions for more than fourteen days, reductions in grade or pay, and furloughs of thirty days or less. See 5 C.F.R § 1201.3(a)(1). In this case, Complainant had not completed her probationary period at the time she resigned from the Agency. As such, Complainant's complaint is not a mixed complaint over which the MSPB has jurisdiction. Therefore, the Agency should have provided Complainant with the opportunity to request a hearing before an EEOC AJ, which it failed to do. Therefore, we remand this matter to the Agency to provide Complainant with an opportunity to request a hearing before an AJ.

3                                                                         0120180745

## CONCLUSION

Accordingly, the Commission VACATES the Agency's final decision and REMANDS this matter to the Agency for further processing consistent with this decision and the ORDER set forth below.

## ORDER

Within thirty (30) calendar days, the Agency shall acknowledge to Complainant that it has received the remanded claim and simultaneously provide Complainant with a copy of the investigative file and a notice of her right to a hearing pursuant to 29 C.F.R. § 1614.108(f). After receipt of the investigative file and notice of her right to request a hearing, Complainant shall have thirty (30) calendar days to request a hearing before an AJ, or a final agency decision, in accordance with 29 C.F.R. § 1614.108(f). If Complainant requests a hearing, the Agency shall promptly contact the Office of Federal Operations to request the assignment of an independent contract Administrative Judge. If the Complainant requests a final decision without a hearing, the Agency shall issue a final decision within sixty (60) days of receipt of Complainant's request.

A copy of the Agency's letter of acknowledgment to Complainant and a copy of the notice that transmits the investigative file and notice of rights must be sent to the Compliance Officer as referenced below.

## IMPLEMENTATION OF THE COMMISSION'S DECISION (K0719)

Under 29 C.F.R. § 1614.405(c) and §1614.502, compliance with the Commission's corrective action is mandatory. Within seven (7) calendar days of the completion of each ordered corrective action, the Agency shall submit via the Federal Sector EEO Portal (FedSEP) supporting documents in the digital format required by the Commission, referencing the compliance docket number under which compliance was being monitored. Once all compliance is complete, the Agency shall submit via FedSEP a final compliance report in the digital format required by the Commission. See 29 C.F.R. § 1614.403(g). The Agency's final report must contain supporting documentation when previously not uploaded, and the Agency must send a copy of all submissions to the Complainant and his/her representative.

If the Agency does not comply with the Commission's order, the Complainant may petition the Commission for enforcement of the order. 29 C.F.R. § 1614.503(a). The Complainant also has the right to file a civil action to enforce compliance with the Commission's order prior to or following an administrative petition for enforcement. See 29 C.F.R. §§ 1614.407, 1614.408, and 29 C.F.R. § 1614.503(g). Alternatively, the Complainant has the right to file a civil action on the underlying complaint in accordance with the paragraph below entitled "Right to File a Civil Action." 29 C.F.R. §§ 1614.407 and 1614.408. A civil action for enforcement or a civil action on the underlying complaint is subject to the deadline stated in 42 U.S.C. 2000e-16(c) (1994 & Supp. IV 1999). **If the Complainant files a civil action, the administrative**

4                                        0120180745

**processing of the complaint, including any petition for enforcement, will be terminated.**
See 29 C.F.R. § 1614.409.

Failure by an agency to either file a compliance report or implement any of the orders set forth
in this decision, without good cause shown, may result in the referral of this matter to the Office
of Special Counsel pursuant to 29 CFR § 1614.503(f) for enforcement by that agency.

STATEMENT OF RIGHTS - ON APPEAL
RECONSIDERATION (M0617)

The Commission may, in its discretion, reconsider the decision in this case if the Complainant
or the Agency submits a written request containing arguments or evidence which tend to establish
that:

1.  The appellate decision involved a clearly erroneous interpretation of material fact
    or law; or

2.  The appellate decision will have a substantial impact on the policies, practices, or
    operations of the Agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of
Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision. A party
shall have **twenty (20) calendar days** of receipt of another party's timely request for
reconsideration in which to submit a brief or statement in opposition. See 29 C.F.R. § 1614.405;
Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-
110), at Chap. 9 § VII.B (Aug. 5, 2015). All requests and arguments must be submitted to the
Director, Office of Federal Operations, Equal Employment Opportunity
Commission. Complainant's request may be submitted via regular mail to P.O. Box 77960,
Washington, DC 20013, or by certified mail to 131 M Street, NE, Washington, DC 20507. In
the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is
received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R.
§ 1614.604. The agency's request must be submitted in digital format via the EEOC's Federal
Sector EEO Portal (FedSEP). See 29 C.F.R. § 1614.403(g). The request or opposition must
also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration
as untimely, unless extenuating circumstances prevented the timely filing of the request. Any
supporting documentation must be submitted with your request for reconsideration. The
Commission will consider requests for reconsideration filed after the deadline only in very
limited circumstances. See 29 C.F.R. § 1614.604(c).

5                                                                0120180745

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (R0610)

This is a decision requiring the Agency to continue its administrative processing of your complaint. However, if you wish to file a civil action, you have the right to file such action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. In the alternative, you may file a civil action **after one hundred and eighty (180) calendar days** of the date you filed your complaint with the Agency, or filed your appeal with the Commission. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. **Filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:


Bernadette B. Wilson
Executive Officer
Executive Secretariat


11/27/19
Date

6                                                                           0120180745

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed**. I certify that this decision was mailed to the following recipients on the date below:

Elizabeth Gonzalez
5944 S. Tripp Ave.
Chicago, IL 60629

Stan Pietrusiak, Acting Director
Office of Equal Opportunity
Equal Employment Opportunity Commission
131 M St., NE 6NW22K
Washington, DC 20507


**NOV 2 9 2019**
Date

Compliance and Control Division



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Washington, D.C. 20507**

Office of Equal Opportunity

January 6, 2020

Elizabeth Gonzalez
5944 South Tripp Avenue
Chicago, IL 60629

       SUBJECT:    Transmittal of Report of Investigation
                   *Elizabeth Gonzalez v. Janet Dhillon, Chair, EEOC*
                   EEO Complaint No. 2016-0014
                   Appeal No. 0120180745

Dear Ms. Gonzalez:

Pursuant to the Order the Office of Federal Operations (OFO) issued on November 29, 2019, in the matter of your EEO complaint, Appeal Number 0120180745, a copy of the investigative file and the Form to Request a Hearing are enclosed.

Discretion should be exercised with regard to the contents of the investigative record. The information in the file should not be disclosed to anyone other than you or others directly involved in the adjudication of this matter.

Be advised that you have the right to request a hearing before an Administrative Judge (AJ) or to receive a final decision from the Chair, US Equal Employment Opportunity Commission (Agency). If you wish to request a hearing before an AJ, **YOU MUST SUBMIT A WRITTEN REQUEST FOR A HEARING WITHIN 30 CALENDAR DAYS OF RECEIPT OF THIS INVESTIGATIVE FILE. THE WRITTEN REQUEST MUST BE SENT TO:**

                Hearing Request
                Attention: William Torruellas
                Office of Federal Operations
                US Equal Employment Opportunity Commission
                131 M Street N.E.
                Washington, D.C. 20507

Enclosed for your convenience, please find a hearing request form. Submission of the request will constitute notice to the Agency under the applicable regulations. If a hearing is requested, the AJ will issue a decision on the complaint. Thereafter, within 40 calendar days of receipt of the AJ's decision and hearing record, the Agency will take final action by fully implementing, modifying or rejecting the decision of the AJ in its Final Order, and simultaneously filing an appeal with the Office of Federal Operations. If the Agency does not issue a Final Order within 40 days of receipt of the AJ's decision, then the AJ's decision will become the final action of the Agency.

*Elizabeth Gonzalez v. EEOC*
Page 2

*Transmittal of Report of Investigation*
EEO Complaint No. 2016-0014
Appeal No. 0120180745

As an alternative to mailing the hearing request, you may also access the Federal Sector EEO Portal (FEDSEP) to request a hearing online at https://egov.eeoc.gov/FedSep/jsp/secure/login.jsf. If you need assistance registering for and using FEDSEP, please consult the FEDSEP User's Guide, which can be found by using this link.

If a hearing is not requested within 30 days of receipt of the investigative file, the Agency will issue a final decision on the merits within 60 calendar days from the end of the 30-day period for requesting a hearing.

Sincerely,

Stan Pietrusiak, Acting Director
Office of Equal Opportunity

Encl.   (Complainant only)
        Investigative File
        Form to Request a Hearing

cc:     Nicholas Inzeo, Director
        Office of Field Programs

        Julianne Bowman, Director
        Chicago District Office



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Washington, D.C. 20507**

Office of Equal Opportunity

January 17, 2020

Elizabeth Gonzalez
5944 South Tripp Avenue
Chicago, IL 60629

       SUBJECT:   *Elizabeth Gonzalez v. Janet Dhillon, Chair, EEOC*
                     EEO Complaint No. 2016-0014
                     Appeal No. 0120180745

Dear Ms. Gonzalez:

On November 29, 2019, the Equal Employment Opportunity Commission (EEOC) Office of Federal Operations (OFO) ordered the Office of Equal Opportunity (OEO) to issue you a copy of the investigative file in the above-captioned matter.

On January 6, 2020, OEO forwarded the investigative file and notified you that you have the right to request a hearing before an Administrative Judge (AJ) or to receive a final decision from the Chair, US Equal Employment Opportunity Commission (Agency). In our letter we referenced a Hearing Form enclosure; however, we inadvertently omitted the Hearing Form. The form is included here.

If you wish to request a hearing before an AJ, **YOU MUST SUBMIT A WRITTEN REQUEST FOR A HEARING WITHIN 30 CALENDAR DAYS OF RECEIPT OF THIS LETTER.** Please refer to the January 6, 2020, letter for additional information regarding your options.

If a hearing is not requested **WITHIN 30 DAYS OF RECEIPT OF THIS LETTER**, the Agency will issue a final decision on the merits within 60 calendar days from the end of the 30-day period for requesting a hearing.

                     Sincerely,

                     Stan Pietrusiak, Acting Director
                     Office of Equal Opportunity

Encl.:  Form to Request a Hearing
       January 6, 2020 Transmittal of Report of Investigation



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**

500 West Madison Street, Suite 2000
Chicago, IL 60661
PH: (312) 869-8000
TTY: (312) 869-8001

TO:        Elizabeth Gonzalez, Intake Information Representative

FROM:      Tyrone Irvin, Enforcement Supervisor

SUBJECT:   Termination During Probationary Period

DATE:      November 19, 2015

This is to inform you that your employment as an Intake Information Representative, GS-05, in the Chicago District Office will be terminated effective close of business on November 30, 2015. This action is being taken because you failed to demonstrate appropriate conduct for continued employment in your position. Specifically, you have excessive unscheduled absences from work. This action is in accordance with 5 CFR 315.804.

I have counseled you on various occasions on the necessity for you to improve your attendance at work. Despite attempts to get you to improve your attendance, you continued to be absent from work.

If you believe that your termination is due to partisan political reasons or marital status, you may appeal this action to the Merit Systems Protection Board (MSPB). Your appeal must be filed within thirty (30) days from the effective date of your termination to the Regional Director, MSPB, at 230 South Dearborn Street, 31st Floor, Chicago, Illinois. Your appeal must be in writing and give the reasons for contesting your removal.

If you believe this action is due to discrimination, you may file an EEO complaint with EEOC's Office of Equal Employment Opportunity at 1801 L Street, NW, Washington, DC, Room 9024 within 45 days of the date of this action.

Any Agency materials you possess, including but not limited to work products and keys should be returned to me by close of business on November 30, 2015.

If you have any questions about this notice, you may direct them to Stephen Schuster, Office of Human Resources, on 202-663-4557.

This document was never given to me. It's fabricated. It's not in the original ROI.

Elizabeth Gonzalez  2016-0014  00639

**FedEx Office - Michigan & Jackson**

| | |
|---|---|
| **From:** | Elizabeth Gonzalez <elizabeth_gonz2@hotmail.com> |
| **Sent:** | Tuesday, March 31, 2020 5:22 PM |
| **To:** | usa2007@fedex.com |
| **Subject:** | [EXTERNAL] Fw: Hearing Request Withdrawl |
| **Attachments:** | 2016 0014 Final Decision Transmittal Letter.pdf; ROI transmittal letter.pdf; HEARING REQUEST -final rev 2-2016.pdf |

---

**From:** Elizabeth Gonzalez <elizabeth_gonz2@hotmail.com>
**Sent:** Friday, March 27, 2020 12:34 PM
**To:** WILLIAM TORRUELLAS <WILLIAM.TORRUELLAS@EEOC.GOV>
**Cc:** nicholas.inzeo@eeoc.gov <nicholas.inzeo@eeoc.gov>; stan.pietrusiak@eeoc.gov <stan.pietrusiak@eeoc.gov>; John.Sherlock@eeoc.gov <John.Sherlock@eeoc.gov>
**Subject:** Hearing Request Withdrawl

Dear Mr. Torruellas:

Due to the my health condition and disabilities (major depressive disorder, suicidal ideation, anxiety disorder, vertigo, migrainosus and bipolar disorder); I have not been able to thoroughly review my correspondence until yesterday, March 26, 2020. I was finally able to review the Report of Investigation I received on January 13, 2020 and sent to me from Mr. Stan Pietrusiak, Acting Director, Office of Equal Opportunity until yesterday, March 26, 2020. I now discovered a few discrepancies that prompt me to once again review the original Report of Investigation issued on, July 19, 2016 by Camella Woodham, Deputy Director, Office of Equal Opportunity; I now discovered Ms. Woodham did provide me with the right to request a hearing before an Administrative Judge or to receive a final decision from the Chair, Equal Employment Opportunity Commission (Please See Attachment.) I just now discovered that Mr. Stan Pietrusiak, Acting Director, Office of Equal Opportunity did not attach or include Ms. Woodham's letter that was attached to the original Report of Investigation.

These recent discoveries also prompt me to once again review the Final Agency Decision issued on December 5, 2017 by Cynthia G. Pierre, Chief Operating Officer. The Report of Investigation and Ms. Woodham's letter was attached to the Final Agency Decision.

Furthermore, I also now discovered while once again reviewing the Final Agency Decision; the attached transmittal letter from Ms. Erica D. White-Dunston, (former) Director advised me of my MSPB appeal rights. I just realized that she maliciously did that to prevent me from exercising my civil rights while jeopardizing my time limit to file in a timely manner.

I also now discovered the Decision issued on November 27, 2019 by Bernadette B. Wilson, Executive Officer, Executive Secretariat was a malicious intent to prevent me from exercising my civil rights while jeopardizing my time limit to file in a timely manner.

I strongly believe the EEO pre-complaint process, the investigation, the Report of Investigation, the Final Agency Decision and the Appeal decision related to Appeal No: 0120180745 and EEOC Case No: 2016-0014 were intentional, malicious and performed by individuals in positions of power and authority in a governmental entity. The United States Equal Employment Opportunity Commission has continued to have a reckless disregard towards me and deliberate practice of discriminating against me.

The actions taken against me appear to be another act of obstruction of justice and to prevent me from exercising my civil rights.

The United States Equal Employment Opportunity Commission, Office of Equal Opportunity, Office of Federal Operations, including everyone involved in both cases (EEOC Case No. 2016-0014 and EEOC Case No. 2019-0012), EEOC management, attorneys, Executive Officers, et., al, have effected my life, my well being and exacerbated my medical conditions and disabilities. I am not ashamed of my disabilities, but I am most definitely ashamed that I ever worked for the United States Equal Employment Opportunity Commission.

I am hereby withdrawing the hearing request I submitted on January 14, 2020 and from the hearing process related to EEOC Case No: 2016-0014.


Elizabeth Gonzalez
5944 South Tripp Avenue
Chicago, IL 60629
(312) 788-4519
elizabeth_gonz2@hotmail.com

2

## FedEx Office - Michigan & Jackson

**From:**          Elizabeth Gonzalez <elizabeth_gonz2@hotmail.com>
**Sent:**            Tuesday, March 31, 2020 5:23 PM
**To:**                usa2007@fedex.com
**Subject:**       [EXTERNAL] Fw: Hearing Request Withdrawl

---

**From:** Elizabeth Gonzalez
**Sent:** Friday, March 27, 2020 12:37 PM
**To:** WILLIAM TORRUELLAS <WILLIAM.TORRUELLAS@EEOC.GOV>; Mark Travis <mtravis@travisadr.com>
**Cc:** John.Sherlock@eeoc.gov <John.Sherlock@eeoc.gov>
**Subject:** Hearing Request Withdrawl

Dear Mr. Torruellas and Judge Travis:

I am hereby withdrawing the hearing request I submitted on January 14, 2020 and from the hearing process related to EEOC Case No: 2016-0014.


Elizabeth Gonzalez
5944 South Tripp Avenue
Chicago, IL 60629
(312) 788-4519
elizabeth_gonz2@hotmail.com

1

**FedEx Office - Michigan & Jackson**

| | |
|---|---|
| **From:** | Elizabeth Gonzalez <elizabeth_gonz2@hotmail.com> |
| **Sent:** | Tuesday, March 31, 2020 5:23 PM |
| **To:** | usa2007@fedex.com |
| **Subject:** | [EXTERNAL] Fw: Order of Dismissal; 2016-0014 |

---

**From:** Elizabeth Gonzalez <elizabeth_gonz2@hotmail.com>
**Sent:** Monday, March 30, 2020 12:21 PM
**To:** Mark Travis <mtravis@travisadr.com>; IAN SPREAT <IAN.SPREAT@EEOC.GOV>; John.Sherlock@eeoc.gov <John.Sherlock@eeoc.gov>; IAN SPREAT <IAN.SPREAT@EEOC.GOV>
**Cc:** WILLIAM TORRUELLAS <WILLIAM.TORRUELLAS@EEOC.GOV>
**Subject:** Re: Order of Dismissal; 2016-0014

Dear Judge, receipt acknowledged.


Elizabeth Gonzalez

---

**From:** Mark Travis <mtravis@travisadr.com>
**Sent:** Monday, March 30, 2020 9:50 AM
**To:** Elizabeth Gonzalez <elizabeth_gonz2@hotmail.com>; IAN SPREAT <IAN.SPREAT@EEOC.GOV>; John.Sherlock@eeoc.gov <John.Sherlock@eeoc.gov>; IAN SPREAT <IAN.SPREAT@EEOC.GOV>
**Cc:** WILLIAM TORRUELLAS <WILLIAM.TORRUELLAS@EEOC.GOV>
**Subject:** Order of Dismissal; 2016-0014

Ms. Gonzalez and Agency Counsel:
Attached please find my Order of Dismissal in the above referenced case. Please confirm receipt.

**Mark C. Travis, J.D., LL.M.**
Arbitrator & Mediator

 TRAVIS ADR
SERVICES, LLC

P.O. Box 2460
Cookeville, TN 38502
931.252.9123
Please feel free to check my online calendar for available dates at http://travisadr.com/calendar/.

An attorney-mediator-arbitrator is sending this message. This message is not intended to serve as legal advice to any recipient, named or unnamed. It and any attachments are intended exclusively for the addressees. It may contain information that is confidential or privileged or otherwise legally exempt from disclosure. If you have received this message in error, you are prohibited from copying, disseminating, distributing, or using this information. Please notify the above sender immediately by reply e-mail to mtravis@travisadr.com. or by

telephone at 931-252-9123.  Please discard any paper copies, and delete all electronic files of the original message. Thank you.