UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELIZABETH GONZALEZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 20 C 2111 ) |
| JANET DHILLON, Chair of the U.S. Equal Employment Opportunity Commission, | ) Judge Kennelly ) ) |
| Defendant. | ) ) |

## ANSWER

Defendant Janet Dhillon, Chair of the U.S. Equal Employment Opportunity Commission, by her attorney, John R. Lausch, Jr., United States Attorney for the Northern District of Illinois, for her answer to the complaint, Dkt. 1, states as follows:

### First Defense

Plaintiff is barred from pursuing claims that were not raised and exhausted at the administrative level.

### Second Defense

Plaintiff is barred from raising claims related to subsequent administrative complaints that were untimely filed and/or not fully exhausted, including claims related to EEO complaints nos. 2019-0012 and 2020-0047 and documents from those administrative cases attached to the complaint.

### Third Defense

Plaintiff's claims are barred to the extent she is seeking remedies that are not available under Title VII of the Civil Rights Act or the Rehabilitation Act.

### Fourth Defense

Plaintiff's claims are barred in whole or in part because she failed to meet statutory deadlines.

### Fifth Defense

Plaintiff's claim for punitive damages is barred.

### Sixth Defense

Answering the specific allegations of the complaint, the defendant admits, denies, or otherwise avers as follows:

1. **Complaint:** This is an action for employment discrimination.

    **Response:** Admit.

2. **Complaint:** The plaintiff is Elizabeth Gonzalez of the county of Cook in the state of Illinois.

    **Response:** Defendant admits that the plaintiff is Elizabeth Gonzalez. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph; accordingly, they are denied.

3. **Complaint:** The defendant is Janet Dhillon, Chair of the United States Equal Employment Opportunity Commission, whose street address is 131 M Street, NE, Washington, District of Columbia, D.C. 20507.

    **Response:** Admit.

4. **Complaint:** The plaintiff sought employment or was employed by the defendant at 500 West Madison St., Suite 2000 Chicago Cook IL 60661.

    **Response:** Admit.

5. **Complaint:** The plaintiff was employed but is no longer employed by defendant.

**Response:** Admit.

6. **Complaint:** The defendant discriminated against the plaintiff on or about, or beginning on or about, November 17, 2015.

**Response:** Deny.

7.2 **Complaint:** The defendant is a federal government agency, and

(a) The plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint [on] February 2, 2019.

(b) The plaintiff received a Final Agency Decision on May 6, 2019.

(c) Attached is a copy of the

(i) Complaint of Employment Discrimination.

(ii) Final Agency Decision.

**Response:** Defendant admits that it is a federal government agency. Defendant admits that the plaintiff has previously filed multiple complaints of employment discrimination, including filing EEO complaint no. 2019-0012 on February 2, 2019, but denies that EEO complaint no. 2019-0012 provides any jurisdictional or statutory basis to bring this suit and denies that it asserts the same acts of discrimination asserted in this suit. Defendant further avers that the relevant EEO complaint for this action, no. 2016-0014, was filed by plaintiff on January 12, 2016. (Dkt. 1 at 52). Defendant admits that plaintiff received a final agency decision, but denies that she received the final agency decision on May 6, 2019 (Dkt. 1 at 44). Defendant admits that two complaints of employment discrimination, nos. 2019-0012 and 2016-0014, are attached to the complaint (Dkts. 1 at 9, 52) but denies that EEO complaint no. 2019-0012 (Dkt. 1 at 9) provides any jurisdictional or statutory basis for this suit. Defendant admits that the final agency decision in administrative case no. 2016-0014 is attached (Dkt. 1 at 44).

8. [Not applicable].

9. **Complaint:** The defendant discriminated against the plaintiff because of the plaintiff's

    (c)    Disability (Americans with Disabilities Act or Rehabilitation Act).

    (d)    National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981).

    (g)    Sex (Title VII of the Civil Rights Act of 1964).

**Response:** Deny.

10. **Complaint:** If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

**Response:** Deny. Paragraph 10 does not apply to the defendant.

11. **Complaint:** Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C. § 331, 28 U.S.C. § 1343(a)(3), and 42 U.S.C. § 2000e-5(f)(3); for 42 U.S.C. § 1981 and § 1983 by 42 U.S.C. § 1988; for the A.D.E.A. by 42 U.S.C. § 12117; for the Rehabilitation Act, 29 U.S.C. § 791.

**Response:** Defendant admits that jurisdiction for Title VII claims is conferred by 42 U.S.C. § 2000e-5(f)(3), and jurisdiction for disability claims is conferred by the Rehabilitation Act, 29 U.S.C. § 791. Defendant further admits that the law provides jurisdiction for the other statutory violations listed but denies that those statutory violations are alleged in this case.

12. **Complaint:** The defendant

    (b)    terminated the plaintiff's employment.

    (e)    failed to reasonably accommodate the plaintiff's disabilities.

    (f)    failed to stop harassment;

    (g)    retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

**Response:** Deny.

13. **Complaint:** The facts supporting the plaintiff's claim of discrimination are as follows:

> On December 1, 2014, I began working with the United Stated Equal Employment Opportunity Commission as an Information Intake Representative (IIR) at its Chicago, Illinois District Office. I was required to serve a one-year probationary period that was scheduled to end on December 1, 2015. On November 5, 2015, I got very sick at work; the paramedics took me to the hospital. On November 17, 2015, November 20, 2015 and November 25, 2015, I requested a reasonable accommodation. My status as a probationary employee was a condition and factor to deny me ADA (Americans with Disabilities Act) protection, not entitled to complete the interactive process. On November 25, 2015, management informed me that it had decided to terminate my employment effective November 30, 2015.

**Response:** Defendant admits that Gonzalez began her employment with the defendant on December 1, 2014, as an Information Intake Representative (IIR) at its Chicago, Illinois District Office and that she was scheduled to serve a one-year probationary period. Defendant admits that Gonzalez requested an accommodation on November 20, 2015, and November 25, 2015. Defendant admits that on November 25, 2015, Gonzalez was informed that her employment would be terminated effective November 30, 2015. The remaining allegations of paragraph 13 are denied.

14. **Complaint:** [*AGE DISCRIMINATION ONLY*] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

**Response:** Deny. Paragraph 14 does not apply because plaintiff is not bringing a claim of age discrimination.

15. **Complaint:** The plaintiff demands that the case be tried by a jury.

**Response:** Admit.

WHEREFORE, defendant requests that the case be dismissed with costs and that the court award such further relief as may be appropriate.

>Respectfully submitted,
>
>JOHN R. LAUSCH, Jr.
>United States Attorney
>
>By: s/ Valerie R. Raedy
>   VALERIE R. RAEDY
>   Assistant United States Attorney
>   219 South Dearborn Street
>   Chicago, Illinois 60604
>   (312) 353-8694
>   valerie.raedy@usdoj.gov