UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ELIZABETH GONZALEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 20 C 2111 |
| JANET DHILLON, Chair of the U.S. Equal | ) | |
| Employment Opportunity Commission, and | ) | Judge  Kennelly |
| the UNITED STATES EQUAL | ) | |
| EMPLOYMENT OPPORTUNITY | ) | |
| COMMISSION, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS

### Introduction

Plaintiff Elizabeth Gonzalez brings this employment discrimination suit alleging that her former employer, the U.S. EEOC, discriminated against her on the basis of sex, national origin, and disability, failed to provide reasonable accommodations, and retaliated against her. Defendants ("the EEOC") have partially answered, denying the core of Gonzalez's complaint— her claims related to her resignation in November 2015.  However, the EEOC moves to dismiss claims from Gonzalez's Second EEO Complaint that Gonzalez did not timely exhaust: her claim that the EEOC improperly included her reasons for resignation on the SF-50 form and her claim that the EEOC provided incorrect information to U.S. Customs and Border Protection during a subsequent background check.  Gonzalez did not initiate counselor contact within the required 45-day window related to this alleged wrongful conduct—initiating it instead over seven months and over two years later, respectively.

Thus, Gonzalez's claims from her Second EEO Complaint should be dismissed for failure to timely exhaust.

## Facts

### I.      First Amended District Court Complaint

Plaintiff Elizabeth Gonzalez filed her original complaint *pro se* on March 31, 2020, against the chair of the EEOC.  Dkt. 1.  On September 3, 2020, counsel was appointed on plaintiff's behalf, and she was provided the opportunity to amend her complaint, which she did on December 1, 2020.  Dkts. 20, 24-25.  In her First Amended Complaint, Gonzalez added the agency itself as a defendant to the suit.  1st Am. Compl. ¶ 5, Dkt. 25.  The following facts are taken from Gonzalez's First Amended Complaint.

Gonzalez is a former employee of the Chicago District Office of the EEOC.  1st Am. Compl. ¶¶ 23, 39, Dkt. 25.  She was hired in December 2014 as an information intake representative, where she would receive and respond to telephone calls from individuals seeking information on employment discrimination, the charge filing process, and pre-charge counseling, among other things.  *Id.* ¶¶ 23-25.  Gonzalez resigned on November 25, 2015.  *Id.* ¶ 39.  Gonzalez alleges that she was constructively discharged, *id.* ¶ 64, and that the EEOC discriminated against her based on national origin and sex, *id.* ¶¶ 47-54, failed to accommodate her disability, *id.* ¶¶ 55-65, and retaliated against her, *id.* ¶¶ 66-71.  Gonzalez seeks monetary damages and other available remedies.  *Id.* ¶ 72.

The vast majority of Gonzalez's allegations involve her employment at the Chicago District Office of the EEOC and the events surrounding her resignation.  1st Am. Compl. ¶¶ 23-42.  However, the subject of this motion to dismiss does not involve those allegations.  This motion to dismiss involves solely the claims in her Second EEO Complaint—claims involving Gonzalez's allegations of wrongful conduct that occurred *after* Gonzalez's resignation on November 25, 2015 (*id.* ¶¶ 45-46, 69).  Gonzalez alleged that the EEOC improperly included the reasons Gonzalez

provided for her resignation on the Standard Form 50 (SF-50), issued on January 5, 2016 (*id.* ¶¶ 45, 69), and that the EEOC provided negative information to U.S. Customs and Border Protection during its background check related to Gonzalez's potential employment with U.S. Customs and Border Protection (*id.* ¶¶ 46, 69).

## II.    Administrative Proceedings

Gonzalez has filed multiple EEO complaints based on her EEOC employment, but only two are relevant to the operative complaint.

### A.    First EEO Complaint

Gonzalez filed her "First EEO Complaint" (No. 2016-0014) on January 12, 2016, alleging discrimination, failure to offer reasonable accommodation, and retaliation based on her November 25, 2015 resignation and a subsequent paycheck issue.  1st Am. Compl. ¶ 10; First EEO Complaint, Ex. A (*see also* Dkt. 1 at 52-53).  The agency issued its notice of dismissal.  *Id.* ¶ 11.  Gonzalez appealed and on appeal, the agency's decision was vacated and the case remanded to provide Gonzalez an opportunity for a hearing on her claims.  *Id.* ¶ 13.  Gonzalez requested a hearing on January 11, 2020.  *Id.* ¶ 14.  On March 27, 2020, Gonzalez withdrew her request for a hearing.  *Id.* The agency then issued a final decision on her First EEO Complaint on August 3, 2020.  *Id.* ¶ 15. On March 31, 2020, Gonzalez filed this suit.  Dkt. 1.

The EEOC is not moving to dismiss Gonzalez's claims related to her First EEO Complaint. Answer, Dkt. 19, and Am. Answer, Dkt. 22.

### B.    Second EEO Complaint

Gonzalez initiated EEO counselor contact on November 16, 2018.  1st Am. Compl. ¶ 17. She filed a formal complaint of discrimination (the "Second EEO Complaint") on March 2, 2019, alleging that the Commission subjected her to reprisal by including her reasons for resignation on

the standard form 50 ("SF-50") and by providing incorrect information to the Customs and Border Protection background investigator, among others. *Id.* ¶18; Second EEO Complaint, Ex. B (*see also* Dkt. 1 at 9-10). On May 6, 2019, the agency issued a notice of dismissal. 1st Am. Compl. ¶ 19. On May 9, 2019, Gonzalez filed an appeal from the agency's decision. *Id.* ¶ 20. On December 27, 2019, the EEOC issued a final agency decision on the Second EEO Complaint. *Id.* ¶ 21; FAD, Ex. C (*see also* Dkt. 1 at 32-40).

**Argument**

## I.     Motion to Dismiss Standard

The Federal Rules require a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). A complaint should be dismissed pursuant to Rule 12(b)(6) if it does not meet this requirement. *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007). In ruling on a motion to dismiss, the court may consider documents referred to and thereby incorporated into the complaint. *Thompson v. Ill. Dept. of Professional Regulation*, 300 F.3d 750, 754 (7th Cir. 2002); Fed. R. Civ. P. 10(c). The court should accept the plaintiff's allegations as true but need draw only reasonable inferences in her favor. *Williams v. Seniff*, 342 F.3d 774, 781 (7th Cir. 2003).

## II.    The U.S. EEOC Is Not a Proper Defendant and Should Be Dismissed.

The U.S. EEOC is not a proper defendant here. In Gonzalez's *pro se* complaint, she properly initiated this suit solely against the head of the agency, Janet Dhillon, Chair of the U.S. Equal Employment Opportunity Commission. *See generally* Compl., Dkt. 1. However, in Gonzalez's First Amended Complaint, she adds the U.S. Equal Employment Opportunity Commission as a defendant to this suit. 1st Am. Compl. ¶ 5. This change was improper. The

"only proper defendant in a Title VII suit is the head of the agency accused of having discriminated against the plaintiff. *See* 42 U.S.C. § 2000e–16(c)." *McGuinness v. U.S. Postal Serv.*, 744 F.2d 1318, 1322 (7th Cir. 1984); *Shapiro v. United States*, No. 18 C 3361, 2018 WL 11230467, at *2 (N.D. Ill. May 31, 2018). Accordingly, the U.S. Equal Employment Opportunity Commission should be dismissed.

**III. Gonzalez's Claims related to her SF-50 and Background Check Should Be Dismissed.**

**A. Gonzalez Failed to Timely Exhaust her SF-50 and Background-Check Claims.**

Gonzalez did not timely exhaust her administrative remedies as required for claims related to her SF-50 form (1st Am. Compl. ¶¶ 45, 69) or claims related to her Customs and Border Protection background check (*id.* ¶¶ 46, 69). She did not include any of these claims in her First EEO Complaint. *See generally* Ex. A; *see also* Dkt. 1 at 52-53. Although she asserted these claims in her Second EEO Complaint, she had not initiated counselor contact within 45 days of the alleged conduct. It is well-established that a Title VII plaintiff must exhaust her administrative remedies before bringing a cause of action for employment discrimination under Title VII. *Ester v. Principi*, 250 F.3d 1068, 1071 (7th Cir. 2001). Her failure to do so bars these claims.

**1. Gonzalez Did Not Allege Any Misconduct Related to These Two Claims in Her First EEO Complaint.**

Gonzalez's claims that the EEOC discriminated against her by including improper information on her SF-50 and providing erroneous information for a background check must be dismissed because she never exhausted those claims in her First EEO Complaint that gave rise to this action and, as argued below, she never timely exhausted those claims in her Second EEO Complaint either. Title VII plaintiffs must exhaust their administrative remedies before bringing suit, and as a general rule, "a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge." *Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009) (internal citation

and quotation marks omitted). "The purpose of this requirement is twofold: to promote resolution of the dispute by settlement or conciliation and to ensure that the sued employers receive adequate notice of the charges against them." *Id.* at 691. It is beyond dispute that Gonzalez's First EEO Complaint made no mention of any wrongful conduct related to her SF-50 form or to her Customs and Border Protection background check. *See generally* Ex. A; *see also* Dkt. 1 at 52-53.

That said, Title VII plaintiffs may also bring claims that are "like or reasonably related to" the allegations asserted in the EEOC charge. *Id.* at 691-92 (internal citation and quotation marks omitted). To meet that standard, "the EEOC charge and the complaint must, at a minimum, describe the *same conduct* and implicate the *same individuals*." *Id.* at 692 (emphasis in original; internal citation and quotation marks omitted); *see also Conner v. Ill. Dep't of Natural Res.*, 413 F.3d 675, 680 (7th Cir. 2005) ("The complaint filed in the district court and the charge filed with the EEOC must, at a minimum, describe the same circumstances and participants."). But Gonzalez's SF-50 and background-check claims and her First EEO Complaint indisputably involve different conduct and likely implicate different individuals. Her First EEO Complaint focuses on her alleged constructive discharge in November 2015 and her allegations that the EEOC failed to provide reasonable accommodations; those claims are not reasonably related to her SF-50 and her background check with a separate agency—which occurred at different times and involve substantively different conduct. Thus, these claims are not "like or reasonably related to" the allegations asserted in her First EEO Complaint.

## 2. Gonzalez Failed to Timely Initiate Counselor Contact.

Gonzalez's Second EEO Complaint does not save her claims related to the SF-50 (1st Am. Compl. ¶¶ 45, 69) or her claims related to the Customs and Border Protection's background check (1st Am. Compl. ¶¶ 46, 69) because she failed to timely exhaust those claims at the administrative

level.  Gonzalez waited more than 45 days—in fact, multiple months—after the conduct occurred before initiating contact with an EEO counselor.  Gonzalez's delay bars any allegations in her complaint based on this conduct.

Claimants alleging discrimination "must initiate contact with [an EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action."  29 C.F.R. § 1614.105(a)(1).  The 45-day time limit is strictly observed, and failure to comply with it requires dismissal.  29 C.F.R. §§ 1614.107(a)(2) & 1614.109(b); *Smith v. Potter*, 445 F.3d 1000, 1006-07 (7th Cir. 2006) (overruled in part on other grounds by *Hill v. Tangherlini*, 724 F.3d 965, 967 n. 1 (7th Cir. 2013)) (failure to meet with EEO counselor within 45 days "equates to the violation of a statute of limitations and, notwithstanding extenuating circumstances, would bar a federal employee from pursuing any action against the government").

Gonzalez alleges that she contacted an EEO counselor on November 16, 2018, in regards to the allegations of her Second EEO Complaint.  1st Am. Compl. ¶ 17.  Regarding her SF-50 claims, Gonzalez alleges that, on or around January 5, 2016, the EEOC improperly included the reasons for Gonzalez's resignation on the Standard Form 50 ("SF-50").  1st Am. Compl. ¶ 45.  She also alleges that she emailed the agency about the SF-50 in July 2017.  *Id.*  Based on her own allegations, Gonzalez failed to initiate counselor contact within 45 days of the allegedly discriminatory act.  *Id.*  Gonzalez initiated EEO counselor contact regarding the allegations of her Second EEO Complaint on November 16, 2018 (1st Am. Compl. ¶ 17), over two years later, well after the required 45-day window had passed.  29 C.F.R. §1614.105(a)(1).  Thus, Gonzalez's claims related to the SF-50 (1st Am. Compl. ¶ 45) were not properly exhausted and should be dismissed.

Similarly, Gonzalez's allegations are also untimely with respect to her claims about her background check with United States Customs and Border Protection. Gonzalez alleges that she learned, on or around April 6, 2018, that the EEOC provided incorrect information to the Customs and Border Protection background investigator that negatively affected her ability to secure employment with Customs and Border Protection. Second EEO Complaint, Ex. B (*see also* Dkt. 1 at 9-10); Ex. C at 2 (*see also* Dkt. 1 at 33); Dkt. 1 at 12-13. Gonzalez failed to initiate counselor contact within 45 days of the allegedly discriminatory act. Gonzalez first initiated EEO counselor contact on November 16, 2018, over seven months after she first learned of the allegedly wrongful conduct in April 2018. Thus, the claims alleged in her suit related to the Customs and Border Protection's background check (1st Am. Compl. ¶¶ 46, 69) are untimely and should be dismissed. *Rodriguez v. Napolitano*, No. 12 C 7838, 2014 WL 1276193, at *7 (N.D. Ill. Mar. 27, 2014) ("The 45–day window acts as a statute of limitations, and the failure to consult with an EEO counselor within the required time frame is grounds for dismissing an employee's . . . claim.").

### Conclusion

The court should dismiss the agency from this suit. The court should also dismiss Gonzalez's allegations related to her Second EEO Complaint for failure to timely exhaust her administrative remedies.

Respectfully submitted,

JOHN R. LAUSCH, Jr.
United States Attorney

By: s/ Valerie R. Raedy
   VALERIE R. RAEDY
   Assistant United States Attorney
   219 South Dearborn Street
   Chicago, Illinois 60604
   (312) 353-8694
   valerie.raedy@usdoj.gov

# Exhibit A

JAN-12-2016 20:20 From:63 PULAS CE    17737679055    T 2026637003    P.2/13



| INDIVIDUAL COMPLAINT OF EMPLOYMENT DISCRIMINATION AGAINST THE U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION Based on Race, Color, Religion, National Origin, Sex, Age, Disability, and/or Reprisal 29 CFR § 1614.103 (Privacy Act Statement on reverse. Additional filing instructions are attached.) | Agency Case Number |
|---|---|

### SECTION I    COMPLAINANT AND COMPLAINANT'S REPRESENTATIVE INFORMATION

| 1. COMPLAINANT'S NAME: | Mailing Address | Phone Number |
|---|---|---|
| Elizabeth Gonzalez | | Office |
| 2. REPRESENTATIVE'S NAME | Mailing Address | Phone Number |
| | | |

Place √ in only one box to complete the following. The Representative named above ☐ is, ☐ is not, an attorney.

### SECTION II    INDIVIDUAL COMPLAINT OF EMPLOYMENT DISCRIMINATION

**3. BASIS(ES):**
Check box(es) next to only the basis(es) on which you are filing this complaint.
Refer to the instructions for further definitions.

| RACE ☐ Specify your race | RELIGION ☐ Specify your religion | NATIONAL ORIGIN ☑ Specify your National Origin — Mexican |
| COLOR ☐ Specify your color | SEX ☑ Specify your sex — Female single mother, situation | GENETIC INFORMATION ☐ Specify |
| REPRISAL ☑ Specify — Participating in prior EEO activities | AGE ☐ Specify your age & D O B | DISABILITY ☑ Specify your disability | SEXUAL ORIENTATION ☐ Specify |

**4. ISSUE(S) Employment Related Matter(s)**

The employment related matters that are generally tracked under § 1614 regulations and the "No Fear Act" are listed below. Refer to instructions for further definitions.

| | | |
|---|---|---|
| ☐ Appointment/Hire | ☑ Evaluation/Appraisal | ☑ Reasonable Accommodation |
| ☐ Assignment of Duties | ☐ Examination/Test | ☐ Reinstatement |
| ☐ Awards | ☑ Harassment/Non-sexual | ☐ Retirement |
| ☐ Conversion to Full-time | ☐ Harassment/Sexual | ☑ Termination |
| ☐ Disciplinary Action - Demotion | ☐ Medical Examination | ☑ Terms and Conditions of Employment |
| ☐ Disciplinary Action - Reprimand | ☐ Pay/including Overtime | ☐ Time & Attendance |
| ☐ Disciplinary Action - Suspension | ☐ Promotion/Non-selection | ☐ Training |
| ☐ Disciplinary Action - Removal | ☐ Reassignment/denied | ☑ Other Constructive discharge, Disparate treatment |
| ☐ Duty Hours | ☐ Reassignment/directed | |

**5. DATE(S) ON WHICH THE DISCRIMINATION IS ALLEGED TO HAVE OCCURED,** including the most recent date that discrimination took place?
11/17/2015
11/20/2015
11/25/2015

**6. EEOC OFFICE** Where the Alleged Discrimination occurred:
Chicago District office
500 W. Madison Ave, Suite 2000

**NAME & TITLE OF INVOLVED MANAGEMENT OFFICIAL (if Known):**
and [redacted]

EEOC FORM 429 (Revised 08/2009)    PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND SHOULD NOT BE USED    page 1 of 2 pages

JAN-12-2016 20:20 From:63 PULAS~CE      17737679055      T 2026637003      P.3/13

**7. STATEMENT OF CLAIM(S):** In accordance with 29 CFR § 1614.106(c), the claim(s) "must be sufficiently precise to identify the aggrieved individual and the agency and to describe generally the action(s) or practice(s) that form the basis of the complaint."

Use the space below to provide a brief statement of your claim(s). Refer to the instructions in the addendum for additional information on framing a claim of discrimination.

Please See Attached ~~How to~~ e.g.
Complaint Affidavit

**8. REMEDY REQUESTED**

Use the space below to describe what you are seeking to resolve your claim(s) in your complaint.

Compensation for damages; $1,000,000.00
(one million dollars.)

**9. I HAVE DISCUSSED MY COMPLAINT WITH AN EEO COUNSELOR.**

| | |
|---|---|
| (a) Date of Initial Contact: | 11 18 2015 |
| (b) Name of EEO Counselor: | C████ A████ |
| (c) Date you received the Notice of Right to File a Discrimination Complaint: | 01 04 2016 |

**10. HAVE YOU FILED THE CLAIM(S) RAISED IN THIS COMPLAINT IN EITHER:**

If yes, indicate date filed in space below.

| | | |
|---|---|---|
| (a) A Merit Systems Protection Board Appeal? | NO ☒  YES ☐ | |
| (b) A negotiated grievance? | NO ☒  YES ☐ | |

**11. COMPLAINANT'S SIGNATURE:** x *Elizabeth Gonzalez*    DATE x 01/07/2016

*I have read the Privacy Act Statement below and reviewed the complaint. I declare, under penalty of Perjury that, to the best of my knowledge and belief, the foregoing is true and correct*

**PRIVACY ACT STATEMENT**

**Authority.** 42 U.S.C. Section 2000-e 16, 29 U.S.C. 206(d), 29 U.S.C. 633(a), 29 U.S.C. Section 791, Executive Order Number 12106, 44 Fed Reg 1053 (Jan 1979), and the No Fear Act, P1. 107-174. **Principal Purposes.** The primary uses of the information requested on this form are to determine whether the complaint was timely filed or whether the claims in the complaint are within the purview of 29 CFR § 1614. **Routine Uses.** Other uses for the information you provide may include (1) referring information to federal, state, and local law enforcement agencies if EEOC becomes aware of a violation or possible violation of a law or regulation, (2) disclosing information to a federal agency, court, or party to an administrative proceeding or in litigation when the government is a party, (3) providing information to a congressional office, (4) disclosing information to a duly authorized official engaged in the investigation or settlement of a grievance, complaint, or appeal filed by an employee, (5) disclosure of relevant information during discovery in a judicial or administrative proceeding.

(6) disclosing information to state or local bar associations or disciplinary boards or committees investigating complaints against attorneys regarding their representation of a party in a judicial or administrative proceeding; (7) disclosing information to federal agencies upon request and if relevant to their decision to hire an individual or issue a security clearance, conduct a security or suitability investigation, classify a job, or for other lawful investigatory purposes; (8) disclosing information to employees of contractors engaged by an agency to carry out the agency's responsibilities under 29 CFR § 1614, and (9) disclosing information to potential witnesses where necessary to perform the agency's functions under 29 CFR § 1614. **Whether Disclosure is mandatory or voluntary and effect on individual for not providing information.** Furnishing the requested information on this form is voluntary, but failure to identify the parties, the action(s) or policy(ies) complained of and failure to sign the complaint may result in dismissal of the complaint

EEOC FORM 429 (Revised 01/2009)      PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND SHOULD NOT BE USED      page 2 of 2 pages

GONZALEZ 2016 0014 REVISED ROI 008

JAN-12-2016 20:20 From:63 PULA⬡CE    17737679055    ⬡2026637003    P.4/13
Outlook.com Print Message     Page 1 of 1

Print    Close

# Notice of Right to File a Formal Complaint & Complaint Form

From: ███████████████████
Sent: Tue 12/29/15 11:00 AM
To: ██████████████

    2 attachments
    GONZALEZ NORTF.pdf (49.0 KB) , Complaint Form and Instructions.pdf (213.2 KB)

Good Morning, Elizabeth:

Please see the attached documents. If you have any questions about the next steps of the EEO process, please contact me. Hard copies of the documents will be mailed to the address on record.

S███ A████
Office of Equal Opportunity
Equal Employment Specialist
█████████████

202-663-7003 fax
█████████████

https://blu181.mail.live.com/ol/mail.mvc/PrintMessages?mkt=en-us    12/30/2015

GONZALEZ 2016 0014 REVISED ROI 009

## COMPLAINANT AFFIDAVIT

Date:   January 7, 2016

Re.    Elizabeth Gonzalez vs U.S. Equal Employment Opportunity Commission

1.  My name is Elizabeth Gonzalez.

2.  My address is ███████████████████████████████

3.  My phone number is ███████████████████████

4.  From December 1, 2014 to November 25, 2015 I worked full time as an Information Intake Representative (IIR) Bilingual/Spanish, GS 1802-05 at the U.S. Equal Employment Opportunity Commission located at 500 West Madison Avenue, Suite 2000, Chicago, Illinois 60661. I reported to my first-line supervisor, ████████████

5.  From December 1, 2014 to November 25, 2015 I worked full time as an IIR in the Information Intake Group, starting at 8:30 AM and ending at 6:00 PM at the EEOC Chicago District Office, 500 W. Madison Ave., Chicago, IL 60661 and performed the following tasks among others: received and responded to telephone calls from individuals and/or their representatives seeking information regarding employment discrimination, the laws enforced by EEOC, and the charge filing process; determine the allegations of whether EEOC or some other organization has jurisdiction; conduct pre-charge counseling and send out intake questionnaire to the potential charging party and enter specified information into designated data bases. I reported to my first-line supervisor, ████████████

6.  I have no disciplinary records for my entire employment with the US Equal Employment Opportunity Commission nor given a warning or counseled.

7.  From December 1, 2014 through November 25, 2015 I was performing at a satisfactory level.

8.  On February 3, 2015 at 11:34 PM I went to the emergency room at Holy Cross Hospital due to suicidal ideation and major depression regarding a domestic violence situation I was involved with my 22-year-old son. On February 4, 2015 I texted my first-line supervisor, ████████████████████████ and informed him that I was in the hospital. I was discharged on February 4, 2015 around 3:00 AM. I went to work on February 4, 2015 at 8:30 AM,

*E.D.*

JAN-12-2016 20:21 From:63 PULA◯ CE        17737679055        ◯2026637003        P.6/13

Complainant Affidavit
Elizabeth Gonzalez vs U.S. Equal Employment Opportunity Commission
January 7, 2016
Page 2 of 9

9. On February 12, 2015 and February 17, 2015 I took sick leave. On March 30, 2015 and March 31, 2015 I took annual leave. The total leave balance as of March 31, 2015 was: annual leave 14:30 and sick leave 20:00.

10. On April 30, 2015 I had a total of on/or around 687 calls for the month of April. I over exceeded expectations. I demonstrated the ability to perform the essential functions of my position as an Information Intake Representative (IIR.)

11. On May 28, 2015, again, I sent ▇▇▇▇ Irvin a text message to his cell phone number ▇▇▇▇ I updated and informed ▇▇▇▇ that I was still experiencing ▇▇▇▇ nd still in a ▇▇▇▇ situation with my 22-year-old son. I also requested that we meet upon my return to work on June 1, 2015.

12. On June 1, 2015 I went to Mr. ▇▇▇▇ office to talk about the ▇▇▇▇ situation I was in and regarding my ▇▇▇▇ I Informed ▇▇▇▇ I also informed Mr. ▇▇▇▇ that I was applying for jobs and looking to relocate in the Baltimore, Maryland and Washington, D.C. area to remove myself from the ▇▇▇▇ situation I was in. During our discussion, I verbally requested and asked ▇▇▇▇ to provide me with a reasonable accommodation by granting me intermittent leave as well as taking leave without pay until I get my health under control as well as the ▇▇▇▇ situation at home with my 22-year-old. Mr. ▇▇▇▇ informed me that he would continue to approve my leave as well as taking leave without pay. Mr. ▇▇▇▇ Informed me that I shouldn't worry about my leave or current situation since there are laws that would protect me. Mr. ▇▇▇▇ also informed me that Ms. ▇▇▇▇ wanted to speak with me regarding my ▇▇▇▇ ituation and ▇▇▇▇

13. On June 22, 2015 I had a panel phone interview with management from the FAA in Washington, D.C. Ms. ▇▇▇▇ coordinated the phone interview and was my point of contact. I was seeking to get away from my ▇▇▇▇ situation with my 22-year-old son and was desperate to relocate.

14. On Friday, July 24, 2015 I sent Mr. ▇▇▇▇ text message to his cell phone ▇▇▇▇ and again, wanted to give him an update on my current home situation regarding the ▇▇▇▇ I requested and asked ▇▇▇▇ if we could meet upon my return to work in a private area (such as a conference room) to get privacy to discuss my home situation and my health. I also told Mr. ▇▇▇▇ in good faith that I needed some advice from him because I didn't know what to do with my situation. I also stated that I had a phone interview with the FAA in Washington, D.C. ▇▇▇▇ agreed to meet with me upon my return to work.

Page 2 of 9

C.A.

GONZALEZ 2016 0014 REVISED ROI 011

JAN-12-2016 20:21 From:63 PULA⬭CE          17737679055          ⬤2026637003          P.7/13

Complainant Affidavit
Elizabeth Gonzalez vs. U.S. Equal Employment Opportunity Commission
January 7, 2016
Page 3 of 9

15. On Monday, July 27, 2015, Tuesday, July 28, 2015, Wednesday, July 29, 2015, Thursday, July 30, 2015 I took leave without pay and ███████████ approved it.

16. On/or around the first week of August 2015 I requested to meet with Irvin regarding my ████████ situation with my 22-year-old son and my disabilities. ████████ asked me where my son's father was and why doesn't he go live with his father? I told him that I was a single mother and his father doesn't give me moral support and he doesn't want my son living with him. My ex-boyfriend doesn't want to deal with my son's problems. ████████ suggested that I kick my son out the house and call the police on my son. I told ████████ that I didn't want my son going to jail and he does not have anywhere to stay. I was very emotional as usual and ████████ opened up to me and told me that he was also in a ████████ situation when he was in the military but that he was the abuser with his wife. During our discussion I informed ████████ that I was flying out to Baltimore, Maryland on August 25, 2015 and returning August 29, 2015 to take my 18-year-old son to college. I also requested leave without pay during this trip. ████████ approved the leave without pay. Again, ████████ informed me that I shouldn't worry about my leave or current situation since there are laws that would protect me.

17. On August 30, 2015 I called Ms. ████████ LCSW, BCD, MAC, SAP, CEAP at ████████ with the Employee Assistance and work /Life Programs and left her a very specific detailed voicemail message requesting counseling for my son and I regarding the ████████ situation at home. From August 30, 2015 through November 25, 2015 I never received a call back from Ms. ████████.

18. During the last week of October 2015 ████████ came into my office (which I shared with HR, ████████ and asked ████████ and I to sign our Employee Performance Appraisal Record. ████████ came into our office abruptly without notice. I was very busy and on a telephone call with a potential charging party. I had to put the caller on mute. ████████ told me to sign the Employee Performance Appraisal Record and informed me that ████████ was the 2016 expectations. ████████ informed me and ████████ that he would return and bring us a copy of our signed Employee Performance Appraisal Record. I resigned on November 25, 2015 and ████████ never gave me a copy of my Employee Performance Appraisal Record. On January 5, 2016 I requested a copy of the October 2015 Employee Performance Appraisal Record to ████████ Human Resource Specialist (Performance Management) at ████████ and email ████████

Page 3 of 9

E. D.

GONZALEZ 2016 0014 REVISED ROI 012

JAN-12-2016 20:21 From:63 PULA　CE        17737679055          2026637003        P.8/13

Complainant Affidavit
Elizabeth Gonzalez vs U.S. Equal Employment Opportunity Commission
January 7, 2016
Page 4 of 9

19. On November 5, 2015 I got very sick at work. My hands, legs, and jaw was shaking really bad. I felt extremely dizzy and felt like I was going to faint. It appeared as if I was having a seizure, ████████ called the Fire Dept./Paramedics. Meanwhile, I was taken to the Director's Conference Room in which some EEOC staff members and management were present. ██████████ Upon arrival; a fireman took my vitals. My vitals were very high and ████████████ wrote down my vitals. The EEOC staff members and management did not give me privacy as the fireman asked for my health history and took my vitals. I was immediately taken to the emergency room at Rush University Medical Center.

20. On November 17, 2015, Enforcement Manager, ██████████ (not in my line of command) came into my office and stated she wanted to speak with me in her office. ████████████ quickly started to question my health related to the November 5, 2015 incident when I got very sick at work and was taken to the hospital, ████████ asked me if my job was making me sick, if it causes me migraine headaches, anxiety and depression? I responded and said, "no." ████████ asked me if I called in sick and take leave without pay because my job makes me sick? I responded and said, "no." ████████ also asked me if I called in sick and take leave without pay because I didn't want to come to work? I responded and said, "no." ████████ asked me why do I call in sick and take leave without pay? I told Jaramillo that I have been in communication with ██████████ and I have informed ████████ of my disabilities and the ███████ situation I was in with my 22-year-old son, ██████████ has approved my leave. This was a very uncomfortable conversation; it was unexpected and I never held a conversation with ██████████ since my employment with the EEOC. ████████████ used intimidating tactics and asked me many questions that were confusing and also emphasized that I was still on probation (my start date was December 1, 2014.) During my discussion with ████████ on November 17, 2015; I verbally requested a reasonable accommodation and asked Ms. ████████ if I could telework. ████████ asked me what about your son, he lives with you? I responded and informed her that my son moved out the house a couple of weeks ago, ████████ then asked me, aren't you still going to get anxiety, migraine headaches and depression even if you're home? I told ██████████ that I don't have control over my disabilities and I don't have control as to when I'll get sick, ████████ quickly responded without hesitation and stated, I could not work from home; that's not possible and that's not an option, ████████ asked me if I would take part-time? I responded and told her that I would prefer to remain full-time; I told her that I'm a single mother and my younger son just went away to college and I couldn't afford to go part-time but that I would accept part-time rather than being terminated. I agreed to part-time, ██████████ said, "you already take leave without pay, so what's the difference?" I strongly

Page 4 of 9

*E. D.*

JAN-12-2016 20:21 From:63 PULAS    CE          17737679055          2026637003          P.9/13

Complainant Affidavit
Elizabeth Gonzalez vs. U S Equal Employment Opportunity Commission
January 7, 2016
Page 5 of 9

believe this was an interrogation interview regarding my health and disabilities. I
was detrimentally affected during this conversation and by the disparate
treatment; loss of sleep, anxiety attack, depression, fear, loss of enjoyment of life
and no longer able to enjoy my family.

21. On November 18, 2015 I was so sick from anxiety and depression; I could not
get out of bed. I called in and took a leave without pay.

22. On November 18, 2015 I called EEO Counselor, Ms. ▇▇▇▇▇▇▇
▇▇▇ to file an informal complaint of discrimination based on my national origin
(Mexican), sex (female, single mother, domestic violence situation), my disability
(major depressive disorder, suicidal ideation, depression, anxiety disorder, vertigo
and migrainous), denied reasonable accommodation against the EEOC Chicago
District Office. Ms. ▇▇▇▇▇▇ scheduled a phone interview for November 23,
2015.

23. On November 20, 2015 I sent Mr. ▇▇▇▇▇▇▇ second in command
(Information Intake Group) an e-mail regarding the incident that took place on
November 17, 2015 with Ms. ▇▇▇▇▇▇ regarding my disabilities and
reasonable accommodation. ▇▇▇▇▇▇ did not respond to my e-mail.

24. On November 20, 2015 I had a meeting with union steward, ▇▇▇▇▇▇
▇▇▇▇ and union representative, Mr. ▇▇▇▇▇▇ stated that I was being
discriminated based on my national origin (Mexican), sex (female, single mother,
domestic violence situation), disability ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ denied
reasonable accommodation. I informed ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇ that on November 18, 2015, I contacted Ms. ▇▇▇▇▇▇ EEO
Counselor from the Office of Equal Opportunity to file an informal complaint of
discrimination and have a scheduled phone interview for November 23, 2015 with
Ms. ▇▇▇▇▇▇ Both union representatives told management of my EEO
activities.

25. On November 20, 2015 I was called into a meeting by Ms. ▇▇▇▇▇▇ and
▇▇▇▇ I told Ms. ▇▇▇▇▇▇ that I needed union representation
and I wanted ▇▇▇▇▇▇ to be present during the meeting. During the meeting,
▇▇▇▇▇▇▇ informed ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ that
I have some disabilities and I need a reasonable accommodation. ▇▇▇▇▇▇
▇▇▇▇ stated they have not made a determination whether they would retain
me before my probationary period is over on December 1, 2015 but that I can still
request a reasonable accommodation in writing and contact the ADA Coordinator
in Headquarters to get the paperwork started. ▇▇▇▇▇▇▇▇▇ asked Ms.
▇▇▇▇▇▇▇▇▇▇▇▇ when will they determine whether they
will retain me? ▇▇▇▇▇▇▇▇ stated they did not know.

Page 5 of 9

*E. D.*

GONZALEZ 2016 0014 REVISED ROI 014

Complainant Affidavit
Elizabeth Gonzalez vs. U.S. Equal Employment Opportunity Commission
January 7, 2016
Page 6 of 9

26. On November 20, 2015 after the meeting with management; I immediately contacted ▓▓▓▓▓▓▓▓▓▓ Disability Program Manager (202) 663-7042 and e-mailed him the "Confirmation of Request for Reasonable Accommodation." I also informed ▓▓▓▓▓▓▓▓▓▓ that I would submit the medical support as soon as possible.

27. On November 20, 2015 after the meeting with union steward, ▓▓▓▓▓▓▓▓▓▓ came into my office and stated that ▓▓▓▓▓▓▓▓▓▓ stated to ▓▓▓▓▓ and confirmed that ▓▓▓▓▓▓▓▓▓▓ made a decision to demote me to part-time rather than to terminate my employment. I agreed to that arrangement since they denied me a reasonable accommodation to telework. Ms. ▓▓▓▓▓▓▓▓▓▓ advised me to hold off on filing the informal EEO complaint since ▓▓▓▓▓ stated she will demote me to part-time. Ms. ▓▓▓▓▓ stated that she knows how management is and they will retaliate against me if I filed a complaint. ▓▓▓▓▓ also stated that part-time is better than no job and I can work my way up to full-time. I agreed. I was afraid of losing my job and therefore, I sent ▓▓▓▓▓

28. On November 23, 2015 I sent ▓▓▓▓▓▓▓▓▓▓ an e-mail and stated that I wanted to hold off on the complaint for now.

29. On November 25, 2015, ▓▓▓▓▓▓▓▓▓▓ came into my office while I was out to lunch and left a note on my computer stating "▓▓▓▓ and I need to see you her office at 1:30 TI ▓▓▓▓▓▓▓▓▓▓ I came back from lunch at 1:00 p.m. I quickly went to look for the union steward, ▓▓▓▓▓▓▓▓▓▓ she was out of the office. I went to look and located union representative, ▓▓▓▓▓▓▓▓▓▓ and I went to Ms. ▓▓▓▓▓▓▓▓▓▓ office and we met with Ms. ▓▓▓▓▓▓▓▓▓▓ at 1:30 p.m. ▓▓▓▓▓▓▓▓▓▓ stated they made a decision not to retain me and I was being terminated effective close of business on November 30, 2015. At that point, I realized they discriminated against me and violated The Title VII of Civil Rights Act of 1964 and Americans with Disabilities Act of 1990/Rehabilitation Act of 1973, as amended, 29 U.S.C. 706; 791 et seq, I immediately resigned effective November 25, 2015 and issued management my resignation letter.

30. On November 27, 2015 I contacted Ms. ▓▓▓▓▓▓▓▓▓▓ EEO Counselor from the Office of Equal Opportunity to file an informal complaint of discrimination.

31. I requested the following reasonable accommodation: "request that I be allowed to work at home (telework) on those days that I cannot get my depression or vertigo under control and have to stay home and intermittent FMLA leave" and

$\mathcal{E}.\mathcal{D}.$

GONZALEZ 2016 0014 REVISED ROI 015

Complainant Affidavit
Elizabeth Gonzalez vs. U.S. Equal Employment Opportunity Commission
January 7, 2016
Page 7 of 9

"part-time or modified work schedule" on the following dates; November 17,
2015, November 20, 2015 and November 25, 2015.

32. During my employment with the EEOC Chicago District Office from December 1,
2014 through November 25, 2015: management has provided reasonable
accommodations to NON-MEXICAN, Information Intake Representatives GS
1802-05, including my co-worker ▮▮▮▮▮▮▮ (Black race) who started the
same day as I did on December 1, 2014.

Responsible Management Officials hired the following Information Intake
Representatives (IIRs) GS 1802-05 as full-time teleworkers:
- Christy Bailey, Chicago District Office (Non-Mexican)
- Nicholas Boren (Non-Mexican)
- Nydia Washington (Non-Mexican)
- Susan Brewer, Chicago District Office (Non-Mexican)
- Tamara Turner (Non-Mexican)

33. On December 8, 2015 I filed an informal discrimination complaint (via fax 202-
663-7003) with the Office of Equal Opportunity, EEO Counselor, ▮▮▮▮▮
▮▮▮▮claiming discrimination based on my national origin (Mexican), sex
(female, single mother, ▮▮▮▮▮▮▮▮▮ situation), disability ▮▮▮▮▮▮▮▮▮

denied reasonable accommodation and reprisal for prior EEO activities. **It took
several days for Ms. ▮▮▮▮▮▮▮ to return my telephone calls/e-mails and she
advised me NOT to fax the OEO Contact Form until she was in the office as she
teleworks.

34. On January 8, 2016 I received a Bill For Collection from the United States
Department of the Interior regarding a pay adjustment. The debt is a result of a
time sheet correction submitted by the EEOC Chicago District Office. The EEOC
Chicago District Office is charging me $236.49. ▮▮▮▮▮▮▮▮ approved the
time sheet. Responsible Management Officials, including ▮▮▮▮▮▮▮ should
have taken immediate action to correct the time sheet when I resigned
(constructive discharge) on November 25, 2015. I consider this a form of
retaliation due to my EEO activities.

I want to file a formal complaint of discrimination based on my national origin
(Mexican), sex (female, single mother, ▮▮▮▮▮▮▮▮▮ situation), my disability
▮▮▮▮▮▮▮▮▮ denied reasonable accommodation and reprisal for prior EEO
activities (On November 20, 2015 I informed union steward, ▮▮▮▮▮▮▮
and union representative, ▮▮▮▮▮▮▮ I informed them both that on November 18,
2015, I contacted Ms. ▮▮▮▮▮▮ EEO Counselor from the Office of Equal
Opportunity to file an informal complaint of discrimination and had a scheduled

Page 7 of 9

JAN-12-2016 20:22 From:63 PULA█████CE         17737679055         ████ 2026637003         P.12/13

Complainant Affidavit
Llizabeth Gonzalez vs. U.S. Equal Employment Opportunity Commission
January 7, 2016
Page 8 of 9

phone interview for November 23, 2015 with Ms. ████████ Both union representatives told management of my EEO activities.) I was discriminated and retaliated against when:

35. On November 25, 2015, I was punished and given a termination letter by Mr. ████████ for work missed during leave taken as a reasonable accommodation approved by Mr. ████████ eginning February 12, 2015 through November 17, 2015. To punish me would make the leave an ineffective accommodation; making Mr. ████████ liable for failing to provide a reasonable accommodation.

36. On November 25, 2015, I was discriminated based on my disabilities ██████ ████████████████ and denied reasonable accommodation. After I became severely ill at work on November 5, 2015. Responsible Management Officials denied me a reasonable accommodation; my request "to work at home (telework) on those days that I could not get my depression or vertigo under control and had to stay home and intermittent FMLA leave and part-time or modified work schedule." I requested a reasonable accommodation on November 17, 2015, November 20, 2015 and November 25, 2015.

37. On November 25, 2015, I was forced to resign due to discrimination, severe disparate treatment and reprisal. On November 17, 2015, November 20, 2015 and November 25, 2015; ████████ created an intolerable working condition and hostile work environment for me at the EEOC Chicago District Office, so difficult and intolerable that my anxiety and depression escalated as a result of this and I was unable to control my disabilities and unable to get out of bed to care for myself. The discrimination, adverse treatment and reprisal was so severe that I had no choice but to resign. Prior to ████████ ssuing me the termination letter on November 25, 2015; Responsible Management Officials, including ████████ knew about my protected activities and DID NOTHING TO CORRECT THESE CONDITIONS. Responsible Management Officials failed to take immediate and appropriate corrective action to prevent discrimination. I was discriminated and constructively discharged based on my national origin (Mexican), sex (female, single mother, ████████ situation), disability ████████ ████████████████████████████████ denied reasonable accommodation and reprisal for prior EEO activities. The EEOC Chicago District Office, Responsible Management Officials continue to place a burden on a taxed system and fail to provide the best service to the stakeholders the EEOC serves.

Based on the foregoing, I allege that the Agency discriminated against me based on my national origin (Mexican), disability ████████ ████████████████████ sex (female, single mother, ████████

Page 8 of 9

*Q.D.*

JAN-12-2016 20:23 From:63 PULAS◯CE        17737679055        T◯2026637003        P.13/13

Complainant Affidavit
Elizabeth Gonzalez vs. U.S Equal Employment Opportunity Commission
January 7, 2016
Page 9 of 9

▮▮▮▮▮▮▮▮▮▮ ituation), denied reasonable accommodation and in retaliation for
my prior EEO activities in violation of The Title VII of Civil Rights Act of 1964 and
Americans with Disabilities Act of 1990/Rehabilitation Act of 1973, as amended, 29
U.S.C. 706; 791 et seq.

---

## DECLARATION

I, the undersigned, declare under penalty of perjury that the statements made in the above
affidavit are true and correct to the best of my knowledge, information, and belief.

*Elizabeth Gonzalez*
Elizabeth Gonzalez

01|07|2016
Date

Page 9 of 9

*E.D.*

GONZALEZ 2016 0014 REVISED ROI 018

# Exhibit B

| INDIVIDUAL COMPLAINT OF EMPLOYMENT DISCRIMINATION AGAINST THE U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION Based on Race, Color, Religion, National Origin, Sex, Age, Disability, and/or Reprisal 29 CFR § 1614.103 *(Privacy Act Statement on reverse. Additional filing instructions are attached.)* | Agency Case Number: |
|---|---|

**SECTION I    COMPLAINANT AND COMPLAINANT'S REPRESENTATIVE INFORMATION**

| 1. COMPLAINANT'S NAME: Elizabeth Gonzalez | Mailing Address ▓▓▓▓▓▓▓ | Phone Numbers: Cell : Home ▓▓▓ Office |
|---|---|---|

| 2. REPRESENTATIVE'S NAME Not Applicable | Mailing Address Not Applicable | Phone Number: Not Applicable |
|---|---|---|

Place √ in only one box to complete the following: The Representative named above ☐ **is**, ☐ **is not**, an attorney.

**SECTION II    INDIVIDUAL COMPLAINT OF EMPLOYMENT DISCRIMINATION**

**3. BASIS(ES):**

Check box(es) next to **only** the basis(es) on which you are filing this complaint.

Refer to the instructions for further definitions.

| RACE ☐ Specify your race: | RELIGION ☐ Specify your religion: | NATIONAL ORIGIN ☑ Specify your National Origin: Mexican |
|---|---|---|
| COLOR ☐ Specify your color: | SEX ☐ Specify your sex: | GENETIC INFORMATION ☐ Specify: |
| REPRISAL ☑ Specify: Prior Formal EEO Complaint (2016-0014) | AGE ☐ Specify your age & D.O.B. | DISABILITY ☑ Specify your disability: Same disabilities stated in prior Formal EEO complaint. ▓▓ |
|  |  | SEXUAL ORIENTATION ☐ Specify: |

**4. ISSUE(S)  Employment Related Matter(s)**

The employment related matters that are generally tracked under § 1614 regulations and the "No Fear Act" are listed below. Refer to instructions for further definitions.

| ☐ Appointment/Hire | ☐ Evaluation/Appraisal | ☐ Reasonable Accommodation |
|---|---|---|
| ☐ Assignment of Duties | ☐ Examination/Test | ☐ Reinstatement |
| ☐ Awards | ☑ Harassment/Non-sexual | ☐ Retirement |
| ☐ Conversion to Full-time | ☐ Harassment/Sexual | ☐ Termination    *past* → |
| ☐ Disciplinary Action - Demotion | ☐ Medical Examination | ☑ Terms and Conditions of Employment |
| ☐ Disciplinary Action - Reprimand | ☐ Pay/Including Overtime | ☐ Time & Attendance |
| ☐ Disciplinary Action - Suspension | ☐ Promotion/Non-selection | ☐ Training |
| ☐ Disciplinary Action - Removal | ☐ Reassignment/denied | ☑ Other: Different terms and conditions related to my FOIA request, employment reference checks, refusal to remove remarks annotated on my SF-50. Harassment during OEO and Office of Legal Counsel interaction. |
| ☐ Duty Hours | ☐ Reassignment/directed |  |

**5. DATE(S) ON WHICH THE DISCRIMINATION IS ALLEGED TO HAVE OCCURED,**
including the most recent date that discrimination took place:

| **6. EEOC OFFICE** Where the Alleged Discrimination occurred: | **NAME & TITLE OF INVOLVED MANAGEMENT OFFICIAL (If Known):** |
|---|---|
| Chicago District Office, Office of Equal Opportunity, Office of Legal Counsel and Office of Information Technology. | J▓▓ B▓▓ (Director); S▓▓ G▓▓ K▓▓ H▓▓ L▓▓ C▓▓ Unknown Name (Director from the Office of Information Technology. |

**7. STATEMENT OF CLAIM(S):** In accordance with 29 CFR § 1614.106(c), the claim(s) "must be sufficiently precise to identify the aggrieved individual and the agency and to describe generally the action(s) or practice(s) that form the basis of the complaint."

Use the space below to provide a brief statement of your claim(s). Refer to the instructions in the addendum for additional information on framing a claim of discrimination

I have been discriminated on the bases of retaliation (prior EEO complaint Number: 2016-0014); National Origin (Mexican), Disabilities ( ) The U.S. Equal Employment Opportunity Commission (U.S. EEOC) and its employees continue to discriminate and retaliate against me. (1.) The U.S. EEOC has denied, provided me the wrong information and estimated high fees related to my Freedom Of Information Act (FOIA) requests. (2.) The U.S. EEOC and management are responsible for maliciously disclosing my sensitive, confidential and the private facts that were gathered and taken from my resignation letter and made a conscious decision to maliciously document the information and disclose it in my Standard Form 50. This was an intentional action to detract from my character and to influence other federal agencies and their hiring officials not to hire me based on the information the U.S. EEOC disclosed in my Standard Form 50. The information annotated in my Standard Form 50 is sensitive, confidential and private facts related to my former job position during my employment with the U.S. Equal Employment Opportunity Commission and not public ones. It's also a violation of the Privacy Act. The disclosure occurs every time I need to submit a job application via the usajobs.gov website. I have made several requests to have the information removed from my Standard Form 50, but yet the U.S. has refused. (3.) The U.S. EEOC provided false information to the U.S. Customs and Border Protection during an employment background investigation; it had a negative impact on the job offer.

| 8. REMEDY REQUESTED | Use the space below to describe what you are seeking to resolve the claim(s) in your complaint. |
|---|---|

$ 500,000.00

**9. I HAVE DISCUSSED MY COMPLAINT WITH AN EEO COUNSELOR.**

| (a) Date of Initial Contact: | November 16, 2018 |
|---|---|
| (b) Name of EEO Counselor: | B███ S███ and L███ C███ |
| (c) Date you received the Notice of Right to File a Discrimination Complaint: | January 19, 2019 |

| 10. HAVE YOU FILED THE CLAIM(S) RAISED IN THIS COMPLAINT IN EITHER: | | | If yes, indicate date filed in space below. | |
|---|---|---|---|---|
| (a) A Merit Systems Protection Board Appeal? | NO ☒ | YES ☐ | | |
| (b) A negotiated grievance? | NO ☒ | YES ☐ | | |

| 11. COMPLAINANT'S SIGNATURE: | x *Elizabeth Gonzalez* | DATE | x 02/01/2019 |
|---|---|---|---|

*I have read the Privacy Act Statement below and reviewed the complaint. I declare, under penalty of Perjury that, to the best of my knowledge and belief, the foregoing is true and correct.*

**PRIVACY ACT STATEMENT**

**Authority.** 42 U.S.C. Section 2000-e 16; 29 U.S.C. 206(d); 29 U.S.C. 633(a); 29 U.S.C. Section 791; Executive Order Number 12106, 44 Fed. Reg. 1053 (Jan. 1979); and the No Fear Act, P.L. 107-174.
**Principal Purposes.** The primary uses of the information requested on this form are to determine whether the complaint was timely filed or whether the claims in the complaint are within the purview of 29 CFR § 1614.
**Routine Uses.** Other uses for the information you provide may include: (1) referring information to federal, state, and local law enforcement agencies if EEOC becomes aware of a violation or possible violation of a law or regulation; (2) disclosing information to a federal agency, court, or party to an administrative proceeding or in litigation when the government is a party; (3) providing information to a congressional office; (4) disclosing information to a duly authorized official engaged in the investigation or settlement of a grievance, complaint, or appeal filed by an employee; (5) disclosure of relevant information during discovery in a judicial or administrative proceeding;

(6) disclosing information to state or local bar associations or disciplinary boards or committees investigating complaints against attorneys regarding their representation of a party in a judicial or administrative proceeding; (7) disclosing information to federal agencies upon request and if relevant to their decision to hire an individual or issue a security clearance, conduct a security or suitability investigation, classify a job, or for other lawful investigatory purposes; (8) disclosing information to employees of contractors engaged by an agency to carry out the agency's responsibilities under 29 CFR § 1614; and (9) disclosing information to potential witnesses where necessary to perform the agency's functions under 29 CFR § 1614.
**Whether Disclosure is mandatory or voluntary and effect on individual for not providing information.** Furnishing the requested information on this form is voluntary, but failure to identify the parties, the action(s) or policy(ies) complained of and failure to sign the complaint may result in dismissal of the complaint.

# Exhibit C



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Washington, DC 20507**

Elizabeth Gonzalez, a/k/a
Nadine M.,[1]
Complainant,

v.

Janet Dhillon,
Chair,
Equal Employment Opportunity Commission,[2]
Agency.

Appeal No. 2019003329

Agency No. 2019-0012

## DECISION

On May 9, 2019, Complainant filed an appeal with the Equal Employment Opportunity Commission (EEOC or Commission), pursuant to 29 C.F.R. § 1614.403(a), from the Agency's May 6, 2019, final decision concerning her equal employment opportunity (EEO) complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq., and Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 et seq. For the following reasons, the Commission AFFIRMS the Agency's final decision.

## ISSUE PRESENTED

The issue presented herein is whether the Agency properly dismissed Complainant's EEO complaint.

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

[2] In the present matter, the Equal Employment Opportunity Commission (EEOC) is both the respondent agency and the adjudicatory authority. The Commission's adjudicatory function is housed in an office that is separate and independent from those offices charged with in-house processing and resolution of discrimination complaints. For the purposes of this decision, the term "Commission" or "EEOC" is used when referring to the adjudicatory authority and the term "Agency" is used when referring to the respondent party to this action.

2                                                                    2019003329

## BACKGROUND

Complainant worked with the Agency as an Information Intake Representative (IIR) at its Chicago, Illinois District Office. The Agency informed her on November 25, 2015, that she would be terminated during her probationary period. In response, Complainant resigned from the Agency effective November 25, 2015. Complainant filed an EEO complaint, namely Agency No. 2016-0014, alleging that she was subjected to discrimination when she was constructively discharged when she was denied reasonable accommodations and resigned in lieu of termination. Complainant appealed this matter to the Commission. It has been docketed as EEOC Appeal No. 0120180745.

Subsequent to her resignation, Complainant discovered that the Agency had included on her Standard Form 50 (SF-50), issued on January 5, 2016, the reasons Complainant had given for her resignation. Complainant characterized this information as "sensitive and personal"; it referenced her disability, the Agency's alleged failure to provide her with reasonable accommodation, her view that she had been constructively discharged, and her intention to file a complaint against the Agency. Complainant contacted the Agency on several occasions to obtain a revised SF-50 omitting this information. The record reflects that Complainant emailed the Agency in July 2017. When she received no response, Complainant submitted additional emails and letters to the Agency in November 2017.

Following her resignation from the Agency, Complainant sought employment with the United States Customs and Border Protection (CBP) under the Department of Homeland Security. The CBP tendered Complainant a conditional offer of employment pending a background investigation. As part of the background investigation, the CBP contacted the Agency. Following her background investigation, the CBP rescinded Complainant's job offer. Complainant believes that an Agency official provided information which negatively affected her ability to secure employment with the CBP. The record included an email from Complainant to a CBP official (CBP Official) dated April 6, 2018, discussing the rescission of the job offer and the background investigation.

During this period of time, Complainant tried to obtain information that would support her claim of discrimination alleged in Agency No. 2016-0014. To this end, Complainant submitted several requests for documents and information under the Freedom of Information Act (FOIA). She believes that the Agency has continued to subject her to unlawful retaliation in mishandling and denying her FOIA requests.

Based on these incidents, Complainant contacted the EEO Counselor via email dated November 16, 2018, alleging unlawful retaliation. During the informal processing of the instant matter, Complainant emailed the EEO Office on February 2, 2019, raising concerns with the processing of Agency No. 2016-0014. She attempted to amend the instant matter to include her concerns regarding the EEO Office's alleged misleading and false information provided in the processing of her prior EEO complaint.

3                                      2019003329

When the instant matter could not be resolved informally, Complainant was issued a notice of right to file a formal complaint. On March 2, 2019, Complainant filed an EEO complaint alleging that the Agency discriminated against her on the basis of reprisal for prior protected EEO activity arising under Title VII and the Rehabilitation Act when:

1.  The Agency included the private and sensitive reasons for her resignation on her SF-50. Complainant believed this was an intentional action to detract from her character and influence other federal agencies from hiring her in the future.

2.  Complainant learned that the Agency provided false information to the CBP background investigator that negatively affected her ability to secure employment with the CBP.

3.  On unspecified dates up to October 2018, the Agency mishandled Complainant's FOIA requests.

4.  In October 2018, the Agency denied Complainant's most recent FOIA request.

On May 6, 2019, the Agency issued its final decision dismissing Complainant's EEO complaint (Agency No. 2019-0012). The Agency dismissed claim 1 pursuant to 29 C.F.R. § 1614.107(a)(1) for failure to state a claim. The Agency held that Complainant failed to assert a cognizable claim and that the SF-50 was drafted pursuant to guidance issued by the Office of Personnel Management (OPM).

The Agency also dismissed claims 1 and 2 pursuant to 29 C.F.R. § 1614.107(a)(2) for untimely EEO Counselor contact. The Agency found that Complainant became aware of claim 1 on January 5, 2016, the date the SF-50 was issued. As to claim 2, the Agency determined that Complainant became aware that an Agency official provided information for the CBP background investigation as evidenced in the April 6, 2018 email. The record showed that Complainant contacted the EEO Counselor by email on November 16, 2018. The Agency noted that Complainant's contact occurred well outside of the 45-day time limit.

The Agency then dismissed claims 3 and 4 pursuant to 29 C.F.R. § 1614.107(a)(1) for failure to state a claim. The Agency determined that Complainant was using the EEO complaint process to collaterally attack the Agency's FOIA process. The Agency stated that Complainant was inappropriately using the EEO complaint process to challenge events outside of the Commission's jurisdiction.

Lastly, the Agency noted that Complainant had attempted to amend the instant complaint by alleging claims of dissatisfaction with the processing of her prior EEO complaint. The Agency dismissed these claims pursuant to 29 C.F.R. § 1614.107(a)(8) as a spin-off complaint. The Agency nonetheless addressed the claims of dissatisfaction pursuant to EEO MD-110, Chap. IV § D, but found that the claims lacked merit.

4                                                      2019003329

## CONTENTIONS ON APPEAL

On appeal, Complainant maintained her claims that the Agency's EEO Office subjected her to unlawful retaliation regarding the processing of her prior EEO complaint. She levied accusations against the EEO Director and the contractor EEO Counselor. She also argued that the Agency improperly investigated her prior EEO complaint.

Complainant then argued that she did not receive the CBP investigation until March 2019. As such, she claimed that did not become aware of the discrimination alleged in claim 2 until March 2019. She asserted that claim 2 therefore was raised in a timely manner. In addition, she stated that her prior management official with the Agency provided incorrect dates to the CBP pursuant to their background investigation. Complainant asserted that the management official's false information was the basis for the withdrawal of the CBP's offer of employment. Based on the Agency's alleged improper processing and false statements, Complainant asked that the Commission reverse the dismissal of her EEO complaint.

The Agency responded by arguing that its dismissal of the complaint was appropriate. The Agency asked that the Commission therefore affirm its final decision.

## ANALYSIS AND FINDINGS

*Dismissal of Claims 1 and 2*

EEOC's regulations require that complaints of discrimination be brought to the attention of an Equal Employment Opportunity Counselor "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). The Commission has long applied a "reasonable suspicion" standard, viewed from the perspective of the complainant, to determine when the 45-day limitation period is triggered. See, e.g., Complainant v. U.S. Postal Serv., EEOC Appeal No. 0120093169 (June 27, 2014) (citing Howard v. Dep't of the Navy, EEOC Request No. 05970852 (Feb. 11, 1999), citing Ball v. U.S. Postal Serv., EEOC Appeal No. 01871261 (July 6, 1988), req. for recon. den., EEOC Request No. 05980247 (July 15, 1988)). Thus, the time-limitation is not triggered until a complainant should reasonably suspect discrimination, even if all the facts that might support the charge of discrimination have not yet become apparent.

As for claim 1, the record includes several forms of correspondence from Complainant requesting the Agency to change her SF-50 issued on January 5, 2016. The record shows that Complainant contacted the Agency on July 11, 2017, seeking changes to her SF-50. As such, we find that Complainant was aware of the situation as early as July 2017. However, she did not contact the EEO Counselor until November 16, 2018, well beyond the 45 calendar-day

5                                                               2019003329

time-limit. Complainant has provided no reason to toll the time-limit. As such, we affirm the dismissal of claim 1.[3]

In claim 2, Complainant argued on appeal that she was not aware of the false information provided by an Agency official (Agency Official) to the CBP until she received a copy of the background investigation in March 2019. The record shows otherwise.

Complainant provided several documents in support of her appeal. Included within the documents was a copy of an email she sent to the CBP Official dated April 6, 2018. In this email, Complainant provided the CBP Official with documents pertaining to her start date with the Agency.

After a review of the documents as a whole, we find that Complainant clearly believed that the CBP withdrew its offer of employment following its background investigation. More specifically, as of at least April 6, 2018, Complainant was aware that the Agency Official provided what she believed to be false information regarding her start date. We find that Complainant should have reasonably suspected discrimination by April 2018, and therefore, we find that the time-limitation was triggered in April 2018. Complainant subsequently received documents supporting her belief that the Agency Official provided misinformation to the CBP. Despite reasonably suspecting discrimination in April 2018, Complainant waited until she received additional information from the CBP to contact the EEO Counselor in March 2019. As Complainant did not contact the EEO Counselor within the 45-day time-limit, we find that the Agency properly dismissed claim 2 pursuant to 29 C.F.R. § 1614.107(a)(2).

*Dismissal of Claims 3 and 4*

The EEOC regulation set forth at 29 C.F.R. § 1614.107(a)(1) provides, in relevant part, that an agency shall dismiss a complaint that fails to state a claim. EEOC regulations further provide that an agency shall accept a complaint from any aggrieved employee or applicant for employment who believes that he or she has been discriminated against by that agency because of race, color, religion, sex, national origin, age, disabling condition, genetic information, or reprisal.   29 C.F.R. §§ 1614.103, 1614.106(a).   The Commission's federal sector case

---

[3] We note that the Agency also dismissed claim 1 pursuant to 29 C.F.R. § 1614.107(a)(1) for failure to state a claim. We have affirmed the dismissal of claim 1 on other grounds. However, we would be remiss if we did not address the Agency's application of 29 C.F.R. § 1614.107(a)(1). We remind the Agency that, in claim 1, Complainant alleged unlawful retaliation when the Agency provided Complainant with a negative reference contained within the SF-50. We find that Complainant has presented a cognizable claim of unlawful retaliation. Furthermore, we note that the Agency's articulated reason for the action in dispute, i.e., that the SF-50 was issued in compliance with OPM regulations, goes to the merits of Complainant's complaint, and is irrelevant to the procedural issue of whether she has stated a justiciable claim under Title VII. See Osborne v. Dep't of the Treasury, EEOC Request No. 05960111 (July 19, 1996); Lee v. U.S. Postal Serv., EEOC Request No. 05930220 (Aug. 12, 1993); Ferrazzoli v. U.S. Postal Serv., EEOC Request No. 05910642 (Aug. 15, 1991).

precedent has long defined an "aggrieved employee" as one who suffers a present harm or loss with respect to a term, condition, or privilege of employment for which there is a remedy. Diaz v. Dep't of the Air Force, EEOC Request No. 05931049 (Apr. 21, 1994).

In claims 3 and 4, Complainant alleged discrimination based on her dissatisfaction with the Agency's responses to, and denial of, her FOIA requests. We note that such claims fall outside of the Commission's jurisdiction. The Commission does not have enforcement authority over the processing of FOIA requests. See Gaines v. Dep't of the Navy, EEOC Request No. 05970321 (June 12, 1997) (Commission has no jurisdiction over the processing of FOIA requests and appeals about the processing of his FOIA requests should be brought under the appropriate FOIA regulations). As such, Complainant should bring any appeals about the processing of her FOIA requests under the appropriate FOIA regulations.   We therefore affirm the dismissal of claims 3 and 4 pursuant to 29 C.F.R. § 1614.107(a)(1) for failure to state a claim.

*Claims of Dissatisfaction in the processing of Agency No. 2016-0014*

EEOC Regulation 29 C.F.R. § 1614.107(a)(8) provides for an Agency to dismiss an EEO complaint that alleges the dissatisfaction with the processing of a previously filed complaint. This is commonly referred to as a "spin-off" complaint.

Complainant claimed that the EEO Office mishandled her prior EEO complaint. She tried to amend the instant complaint to include her claims of dissatisfaction in the processing of her prior EEO complaint. In addition, on appeal, Complainant levied additional claims against Agency EEO staff. Here, the claims at issue are classic examples of spin-off complaints as all its allegations, considered in their totality, raise allegations of Agency misconduct in the processing of Complainant's previously filed complaint. As such, we find that these claims are properly dismissed pursuant to 29 C.F.R. § 1614.107(a)(8).

In cases where Complainant's concerns have not been resolved informally with the Agency, Complainant may present those concerns to the Commission at either of the following stages of processing:

1. Where the complainant has requested a hearing, to the Commission's Administrative Judge when the complaint is under the jurisdiction of the Administrative Judge; or

2. Where the complainant has not requested a hearing, to the Commission's Office of Federal Operations (OFO) on appeal.

EEO MD-110 at 5-29. We note that Complainant's prior EEO complaint, Agency No. 2016-0014, was addressed in EEOC Appeal No. 0120180745. The Commission vacated the Agency's final decision and remanded the matter for further processing. The Agency has been ordered to provide Complainant with the right to a hearing before an Equal Employment

7                                    2019003329

Opportunity Commission Administrative Judge (AJ) or an immediate final decision. Therefore, we note that the appropriate place for Complainant to raise her claims of improper processing of her original complaint and the motives therein is before the AJ if she opts for a hearing or before the Commission on appeal following the Agency's final decision in that complaint.

## CONCLUSION

Based on a thorough review of the record and the contentions on appeal, including those not specifically addressed herein, we AFFIRM the Agency's final decision.

## STATEMENT OF RIGHTS - ON APPEAL
## RECONSIDERATION (M0617)

The Commission may, in its discretion, reconsider the decision in this case if the Complainant or the Agency submits a written request containing arguments or evidence which tend to establish that:

1.  The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.  The appellate decision will have a substantial impact on the policies, practices, or operations of the Agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision. A party shall have **twenty (20) calendar days** of receipt of another party's timely request for reconsideration in which to submit a brief or statement in opposition. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission. Complainant's request may be submitted via regular mail to P.O. Box 77960, Washington, DC 20013, or by certified mail to 131 M Street, NE, Washington, DC 20507. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The agency's request must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP). See 29 C.F.R. § 1614.403(g). The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

8                                              2019003329

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0610)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:


bernadette.wilson@eeoc.gov   Digitally signed by bernadette.wilson@eeoc.gov
                             DN: envbernadette.wilson@eeoc.gov
                             Date: 2019.12.27 12:05:41 -05:00
_____

Bernadette B. Wilson
Executive Officer
Executive Secretariat


**DEC 2 7 2019**
_____
Date

9                                      2019003329

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this letter was mailed to the following recipients on the date below:

Ms. Elizabeth Gonzalez

█████████████████

Hand Deliver to:
Stan Pietrusiak, Acting Director
Office of Equal Opportunity
Equal Employment Opportunity Commission
131 M St., NE 6NW22K
Washington, DC 20507

December 27, 2019
Date

Compliance and Control Division