UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ELIZABETH GONZALEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 20 C 2111 |
| v. | ) | |
| | ) | Judge Kennelly |
| JANET DHILLON, Chair of the U.S. Equal Employment Opportunity Commission, | ) | |
| | ) | |
| Defendant. | ) | |

## AGREED PRIVACY ACT AND HIPAA PROTECTIVE ORDER

In this Federal Tort Claims Act action, defendant United States of America wishes to disclose certain documents and information that may be encompassed by the Privacy Act of 1974, 5 U.S.C. § 552a, or the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 ("HIPAA"). In particular, the United States wishes to produce documents and information pertaining to plaintiff Elizabeth Gonzalez's administrative tort claim and medical records in the possession of the U.S. EEOC, all of which may contain personal and/or healthcare information pertaining to Elizabeth Gonzalez, employees of the U.S. EEOC, and/or other individuals who were involved in the incidents giving rise to this lawsuit. In order to permit the disclosure and discovery of information relevant to the subject matters of this case in a manner that is consistent with the Privacy Act and HIPAA, and that does not provide undue public access, pursuant to 5 U.S.C. § 552a(a)(11), 45 C.F.R. § 164.512(e), and Rule 26(c) of the Federal Rules of Civil Procedure it is hereby

ORDERED as follows:

1. Documents and information produced by the United States pertaining to the Gonzalez's administrative tort claim and Gonzalez's medical records in the possession of the

United States are hereby designated as confidential information.

2. All confidential information shall be used solely for purposes of this litigation and shall be disclosed only to persons who need access to the confidential information in order for counsel to effectively prosecute or defend this litigation. This order does not prohibit disclosure of confidential information in court filings or at hearings in this case, or to any of the following persons, provided that the disclosure is reasonably necessary for counsel to effectively prosecute or defend this litigation:

    a. the parties;

    b. the parties' counsel and support staff in their employ;

    c. experts, consultants, and investigators retained by the parties;

    d. deponents and other persons properly present at a deposition;

    e. potential witnesses that counsel determines in good faith need access to the confidential information in order for counsel to effectively prosecute or defend the litigation; and

    f. any other persons mutually agreed upon in writing by counsel for the parties.

3. All persons permitted access to confidential information by this order shall be bound by this order, including but not limited to experts, consultants, investigators, or other non-parties retained to assist in this litigation.

4. This order is without prejudice to the rights of any party or any interested member of the public to make any objection to the designation of information as confidential information. If such an objection cannot be resolved without court intervention, the objecting party or interested

member of the public may bring the matter before the court, treating the information as confidential until a court determination is made.

5. This order is without prejudice to the rights of any party to make any objection to the discovery of information permitted by the Federal Rules of Civil Procedure or any statute or other authority.

6. This order shall remain in full force and effect after the final disposition of this litigation, or until canceled, vacated, or otherwise modified by order of this court.

7. Within 45 days after the conclusion of the litigation, including appeals, the parties, their attorneys, and any person or entity in possession of protected health information received from counsel pursuant to paragraph four of this Order, shall return Plaintiffs' protected health information to the covered entity or destroy any and all copies of protected health information pertaining to Plaintiffs, except that counsel are not required to secure the return or destruction of protected health information submitted to the court. The United States' retention and use requirements are set by applicable federal law, such as Privacy Act of 1974, 5 U.S.C. § 552a.

E N T E R:

_____
United States District Judge

Dated: March 16, 2021