UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELIZABETH GONZALEZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 20 C 2111 |
| CHARLOTTE A. BURROWS, Chair of the U.S. Equal Employment Opportunity Commission,[1] | ) Judge Kennelly ) ) ) |
| Defendant. | ) ) |

## UNITED STATES' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Charlotte Burrows, Chair of the U.S. Equal Employment Opportunity Commission, by her attorney, John R. Lausch, Jr., United States Attorney for the Northern District of Illinois, for her answer to plaintiff's second amended complaint, Dkt. 40, states as follows:

### First Defense

Plaintiff is barred from pursuing claims that were not raised and exhausted at the administrative level, including plaintiff's claim that she was not hired by United States Customs and Border Protection because of information provided by the U.S. EEOC during a background investigation.

### Second Defense

Plaintiff is barred from raising claims related to subsequent administrative complaints that were untimely filed and/or not fully exhausted, including claims related to EEO complaints nos. 2019-0012 and 2020-0047.

---

[1] Janet Dhillon is no longer the Chair of the United States Equal Employment Opportunity Commission, and the current Chair is now Charlotte Burrows. By automatic operation of the Federal Rule of Civil Procedure 25(d), the current chair is substituted in for the previous chair.

### Third Defense

A portion of plaintiff's claims are barred in whole or in part because she failed to meet the statutory deadlines of making contact with an EEO counselor within 45 days of the alleged conduct. Specifically, plaintiff initiated counselor contact in November 2018 regarding alleged conduct that occurred in January 2016 and April 2018, and also initiated counselor contact in the winter of 2020 regarding alleged conduct that occurred years prior.

### Fourth Defense

Answering the specific allegations of the complaint, the defendant admits, denies, or otherwise avers as follows:

### JURISDICTION AND VENUE

1. **Complaint:** This action seeks equitable relief and damages from Defendants for their discrimination in federal employment against Plaintiff on the bases of disability, national origin, sex, and retaliation.

    **Response:** Admit.

2. **Complaint:** Jurisdiction exists under 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), 42 U.S.C. §2000e-5(f)(3), 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 1988, and 29 U.S.C. § 791.

    **Response:** Defendant admits only that jurisdiction for Title VII claims is conferred by 42 U.S.C. § 2000e-5(f)(3), and jurisdiction for disability claims is conferred by the Rehabilitation Act, 29 U.S.C. § 791.

3. **Complaint:** Venue is proper because the discriminatory acts occurred within this judicial district under 42 U.S.C. 2000e-5(f)(3).

    **Response:** Admit that the alleged discriminatory acts occurred in this district and that venue is proper.

## PARTIES

4. **Complaint:** Plaintiff Elizabeth Gonzalez is a citizen of the United States who was employed by the United States Equal Employment Opportunity Commission's Illinois District Office in Chicago, Illinois.

**Response:** Admit that Gonzalez was employed by the United States Equal Employment Opportunity Commission and affirmatively state that she worked at the Chicago District Office but deny that an Illinois District Office exists and deny that the plaintiff worked there.

5. **Complaint:** Defendant Janet Dhillon, Chair, United States Equal Employment Opportunity Commission, is charged with the administration and enforcement of all laws, rules, and regulations relating to the equal employment opportunity of officers and employees under the jurisdiction of the United States Equal Employment Opportunity Commission.

**Response:** Deny that Janet Dhillon is the current Chair of the United States Equal Employment Opportunity Commission, and affirmatively state that the current Chair is Charlotte Burrows. Admit that the Commission is charged as described but not the chair.

## PRIOR ADMINISTRATIVE PROCEEDINGS

6. **Complaint:** Plaintiff exhausted all pre-complaint administrative procedures under the rules and regulations of the EEOC.

**Response:** Deny. The First Amended Complaint has a footnote on this paragraph. To the extent a response to the footnote is required, it is denied.

7. **Complaint:** Plaintiff filed this action within 90 calendar days following receipt of each of the below Final Agency Decisions.

**Response:** Deny.

### First EEO Complaint

8. **Complaint:** On November 18, 2015, Plaintiff initiated counseling alleging that she was discriminated against on the bases of disability, national origin, sex, and reprisal when she was denied accommodation.

3

**Response:** Admit that plaintiff initiated counseling but deny that she did so on November 18, 2015. Deny the remaining allegations.

9. **Complaint:** On January 12, 2016, Plaintiff filed her First EEO Complaint (No. 2016-0014).

**Response:** Admit.

10. **Complaint:** On December 5, 2017, the Agency issued its Notice of Dismissal.

**Response:** Admit.

11. **Complaint:** On December 22, 2017, Plaintiff filed an appeal with the Office of Federal Operations (OFO).

**Response:** Admit.

12. **Complaint:** On November 27, 2019, OFO vacated the Agency's decision and remanded the matter for further processing.

**Response:** Admit.

13. **Complaint:** On January 11, 2020, Plaintiff requested a hearing with an Administrative Judge, which she withdrew on March 27, 2020, because of health reasons.

**Response:** Admit that plaintiff requested a hearing with an administrative judge but state that she did so on January 14, 2020. Admit that she withdrew her request on March 27, 2020. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph; accordingly, they are denied.

14. **Complaint:** On August 3, 2020, the EEOC issued a Final Agency Decision on the First EEO Complaint.

**Response:** Admit that the agency's Office of Equal Opportunity issued the Final Agency Decision on the First EEO Complaint on August 3, 2020. Deny the remaining allegations.

15. **Complaint:** On August 21, 2020, Plaintiff received the Final Agency Decision on the First EEO Complaint.

**Response:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph; accordingly, they are denied.

### Second EEO Complaint

16. **Complaint:** On November 16, 2018, Plaintiff contacted an EEO counselor, alleging unlawful retaliation.

**Response:** Admit.

17. **Complaint:** On February 2, 2019, filed her Second EEO Complaint (No. 2019-0012).

**Response:** Admit.

18. **Complaint:** On May 6, 2019, the Agency issued its Notice of Dismissal.

**Response:** Admit.

19. **Complaint:** On May 9, 2019, Plaintiff filed an appeal from the Agency's decision.

**Response:** Admit.

20. **Complaint:** On December 27, 2019, the EEOC issued a Final Agency Decision on the Second EEO Complaint.

**Response:** Admit.

21. **Complaint:** On January 10, 2020, Plaintiff received the Final Agency Decision on the First Second EEO Complaint.

**Response:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph; accordingly, they are denied.

### FACTS

22. **Complaint:** Plaintiff began working with the Agency as an Information Intake Representative (IRR) at its Chicago District Office on December 1, 2014.

      **Response:**    Admit but deny that the acronym is "IRR."

23.    **Complaint:**    Plaintiff had to serve a one-year probationary period, which was set to end on December 1, 2015.

      **Response:**    Admit that plaintiff was scheduled to serve a one-year probationary period.

24.    **Complaint:**    Plaintiff received and responded to telephone calls from individuals and/or their representatives seeking information on employment discrimination, the laws enforced by EEOC, and the charge filing process; determined whether EEOC or some other organization had jurisdiction; conducted pre-charge counseling and sent out intake questionnaires to the potential charging parties; and entered information into designated databases.

      **Response:**    Admit only that the tasks described are among the duties of the IIR position Gonzalez held while employed by the EEOC but deny that the list is complete. Deny all remaining allegations.

25.    **Complaint:**    Plaintiff had a medical event at work and went to the emergency room at Holy Cross Hospital because of her medical condition on February 3, 2015.

      **Response:**    Deny that the medical event occurred at work. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph; accordingly, they are denied.

26.    **Complaint:**    Plaintiff notified her first-line supervisor, Tyrone Irvin, and informed him that she was at the hospital with the medical condition on February 4, 2015.

      **Response:**    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph; accordingly, they are denied.

27.    **Complaint:**    Throughout Plaintiff's employment with the Agency, she continued to keep the Agency informed of her medical condition and took sick leave.

      **Response:**    Admit that plaintiff took sick leave and other leave throughout her employment with the Agency. Deny the remaining allegations.

28. **Complaint:** Plaintiff spoke with Mr. Irvin about her medical condition and requested reasonable accommodation because of her medical condition on June 1, 2015.

**Response:** Deny.

29. **Complaint:** On this date and later discussions, Mr. Irvin told Plaintiff that she could continue to have leave without pay.

**Response:** Deny.

30. **Complaint:** On or around August 2015, Plaintiff requested to meet with Mr. Irvin regarding her domestic violence situation with her son and her disability (major depressive disorder, suicidal ideation, depression, anxiety disorder, vertigo, and migrainosus). Plaintiff requested reasonable accommodation related to her domestic violence situation and her disability.

**Response:** Defendant admits only that plaintiff and Mr. Irvin met on or around August 2015. All other allegations of Paragraph 30 are denied.

31. **Complaint:** Plaintiff had a medical event at work and went to the emergency room at Rush University Medical Center on November 5, 2015.

**Response:** Admit that plaintiff had a medical event at work and was taken by ambulance to a local hospital on November 5, 2015. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph; accordingly, they are denied.

32. **Complaint:** On November 17, 2015, Patricia Jaramillo, an EEOC Enforcement Manager, spoke to Plaintiff about the November 5 medical event and Plaintiff's medical condition. Plaintiff requested reasonable accommodation, including the ability to telework. Ms. Jaramillo denied Plaintiff's request.

**Response:** Admit that Jaramillo spoke to plaintiff on November 17, 2015. Deny the remaining allegations.

33. **Complaint:** On November 18, 2015, Plaintiff was unable to come into work due to her medical condition and called in to take leave without pay.

**Response:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph; accordingly, they are denied.

34. **Complaint:** On November 18, 2015, Plaintiff called an EEO Counselor, Sandra Adams, to file an informal complaint of discrimination based on her national origin (Mexican), sex (female), and disability (major depressive disorder, suicidal ideation, depression, anxiety disorder, vertigo, and migrainosus), and the denial of reasonable accommodation. Ms. Adams scheduled a phone interview for November 23, 2015.

**Response:** Admit that plaintiff called EEO Counselor Sandra Adams on November 18, 2015. Defendant lacks knowledge or information sufficient to form a belief about the truth of what occurred during the phone call; accordingly, those allegations are denied.

35. **Complaint:** On November 20, 2015, Plaintiff emailed Patrick DeWolf, an EEOC Information Intake Program Manager, about her meeting with Ms. Jaramillo about Plaintiff's disability and reasonable accommodation. Mr. DeWolf did not respond.

**Response:** Admit that plaintiff emailed Patrick DeWolf on November 20, 2015, and that Mr. DeWolf did not respond. Deny the remaining allegations.

36. **Complaint:** On November 20, 2015, Plaintiff met with union steward, Kimberly Engram, and union representative, Jose Romo. Plaintiff told them of her discrimination complaint.

**Response:** Admit that plaintiff met with union steward, Kimberly Engram, and union representative, Jose Romo. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph; accordingly, they are denied.

37. **Complaint:** On November 20, 2015, Plaintiff was called into a meeting by Ms. Jaramillo and Mr. Irvin. Plaintiff requested that her union representative, Ms. Engram, be present. Ms. Engram requested reasonable accommodation again on behalf of Plaintiff. Ms. Jaramillo stated the Agency had not decided whether they would retain Plaintiff beyond the probationary period, but Plaintiff could make a reasonable accommodation in writing and contact the ADA Coordinator. Plaintiff immediately contacted Rodney Yelder, Disability Program Manager, and emailed him a confirmation of reasonable accommodation.

**Response:** Admit that plaintiff met with Ms. Engram, Mr. Irvin, and Ms. Jaramillo on November 20, 2015. Admit that plaintiff was informed at this meeting, as well as other occasions, that if she needed a reasonable accommodation, she would need to get in touch with the disability program manager. Admit that plaintiff contacted Rodney Yelder, disability program manager, to request a reasonable accommodation on November 20, 2015, although she did not submit supporting medical documentation. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph; accordingly, they are denied.

38. **Complaint:** On that same day, Ms. Engram told Plaintiff that Ms. Jaramillo had decided to demote Plaintiff to part-time rather than to terminate her. Plaintiff agreed since the Agency had denied her reasonable accommodation. Ms. Engram told Plaintiff that the management would retaliate against her if she filed an informal EEO complaint. As a result, Plaintiff emailed Ms. Adams to hold off on her complaint.

**Response:** Admit only that plaintiff emailed Ms. Adams on November 23, 2015, to "hold off" on her complaint. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph; accordingly, they are denied.

39. **Complaint:** On November 25, 2015, the Agency informed Plaintiff that it would not retain her and that she would be terminated effective November 30, 2015. Plaintiff immediately resigned.

**Response:** Admit.

40. **Complaint:** From the start of her employment on December 1, 2014 through November 25, 2015, Plaintiff performed at a satisfactory level.

**Response:** Deny.

41. **Complaint:** Plaintiff had no disciplinary records for her entire employment with the Agency.

9

      **Response:**    Deny. Plaintiff was not suspended but she was counseled numerous times on time and attendance.

    42.    **Complaint:**    Plaintiff was not given a warning nor counseled at any time by the Agency.

      **Response:**    Deny.

    43.    **Complaint:**    On November 27, 2015, Plaintiff contacted Ms. Adams to proceed with her complaint.

      **Response:**    Admit that plaintiff contacted Ms. Adams on November 27, 2015, but deny the characterization of such contact and all remaining allegations.

    44.    **Complaint:**    During Plaintiff's employment with the Agency, management provided reasonable accommodation to non-Mexican IRRs who started at the same time as Plaintiff. The Agency also hired other non-Mexican IRR as full-time teleworkers.

      **Response:**    Deny. IRR was not a position at the Agency.

    45.    **Complaint:**    After her resignation, Plaintiff sought employment with the United States Customs and Border Protection (CBP) under the Department of Homeland Security. The CBP gave Plaintiff a conditional offer of employment pending a background investigation. As part of the background investigation, the CBP contacted the Agency. After her background investigation, the CBP rescinded Plaintiff's job offer. On information and belief, an Agency official provided information that harmed Plaintiff's ability to secure employment with the CBP.

      **Response:**    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph; accordingly, they are denied.

## COUNT I

### Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Disparate Treatment Based on National Origin and Sex

    46.    **Complaint:**    Plaintiff incorporates Paragraphs 1 through 45.

      **Response:**    Defendant incorporates its responses to paragraphs 1 through 45.

47. **Complaint:** Title VII prohibits an employer from discriminating against any individual in, among other things, compensation, terms, conditions, or privileges of employment, because of such individual's race and national origin. 42 U.S.C. § 2000e-2(a)(1).

**Response:** Admit.

48. **Complaint:** Plaintiff is a member of protected classes (national origin and female) under Title VII.

**Response:** Admit.

49. **Complaint:** Plaintiff was subject to adverse employment actions based on national origin and sex when she was denied reasonable accommodation.

**Response:** Deny.

50. **Complaint:** Similarly situated EEOC employees outside the protected class were not subject to such adverse terms and conditions of employment.

**Response:** Deny.

51. **Complaint:** Defendants' denial of reasonable accommodations resulted in constructive termination of Plaintiff.

**Response:** Deny.

52. **Complaint:** Plaintiff has been subject to disparate treatment because of disability/national origin/sex and has been damaged on a continuing basis.

**Response:** Deny.

53. **Complaint:** Defendants' acts and omissions constitute an intentional and "continuing violation" under Title VII.

**Response:** Deny.

## COUNT II

**Violation of The Rehabilitation Act of 1973. as amended at**
**29 U.S.C. § 791 et seq., Failure to Accommodate Disability**

54. **Complaint:** Plaintiff incorporates Paragraphs 1 through 53.

**Response:** Defendant incorporates it responses to paragraphs 1 through 54.

55. **Complaint:** The Rehabilitation Act prohibits a federal agency from discriminating against an otherwise qualified individual with a disability solely by reason of her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination § 501(g) of the Rehabilitation Act, (29 U.S.C. 791(g)).

**Response:** Admit.

56. **Complaint:** The Rehabilitation Act expressly incorporates the liability standards set out in the ADA. See id. § 794(d); 29 C.F.R. § 1614.203(b).

**Response:** Admit.

57. **Complaint:** Plaintiff is an individual with disability, as defined under the ADA.

**Response:** Deny.

58. **Complaint:** Plaintiff has a record of her disability and impairments, and her employer and supervisors knew of her disabilities.

**Response:** Deny.

59. **Complaint:** Defendants violated § 501 of the Rehabilitation Act, as amended and under the applicable standards of the ADA as amended 42 U.S.C. § 12112(b); and 29 C.F.R. Part 1630, when they forced her to take part-time employment while seeking treatment for her disability.

**Response:** Deny.

## COUNT III

### Violation of The Rehabilitation Act of 1973 as amended at 29 U.S.C. § 791 *et seq.*, Failure to Accommodate Disability

60. **Complaint:** Plaintiff incorporates Paragraphs 1 through 59.

**Response:** Defendant incorporates it responses to paragraphs 1 through 60.

61. **Complaint:** Defendants' actions against Plaintiff, when viewed in the totality of the circumstances, as highlighted in this First Amended Complaint, constitute discrimination and failure to accommodate against a qualified disabled individual.

**Response:** Deny.

62. **Complaint:** Defendants did not want to accommodate Plaintiff's disability and failed to accommodate her disability intentionally and recklessly.

   **Response:** Deny.

63. **Complaint:** Rather than accommodate Plaintiff, Defendants constructively terminated Plaintiff.

   **Response:** Deny.

64. **Complaint:** Plaintiff has been damaged as a result of Defendants' acts and omissions.

   **Response:** Deny.

## COUNT IV

### Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000E-3 (Anti-Retaliation Provisions)

65. **Complaint:** Plaintiff incorporates Paragraphs 1 through 65.

   **Response:** Defendant incorporates it responses to paragraphs 1 through 65.

66. **Complaint:** Management officials responsible for the denial of Plaintiff's reasonable accommodation and continued employment were, in fact, aware of Plaintiff's prior protected EEO activities.

   **Response:** Deny.

67. **Complaint:** Similarly situated employees in the EEOC who have not engaged in protected EEO activities have been treated more favorably related to reasonable accommodation and continued employment.

   **Response:** Deny.

68. **Complaint:** Defendants interfered with Plaintiff's employment with other governmental entities, namely CBP.

   **Response:** This paragraph is subject to defendant's pending motion to dismiss and therefore need not be answered. If a response is required, the allegations are denied.

13

69. **Complaint:** Defendants' acts and omissions constitute a continuing violation of the antiretaliation provisions of Title VII 42 U.S.C. 2000E-3.

    **Response:** Deny.

70. **Complaint:** Plaintiff has been damaged as a result of Defendants' acts and omissions.

    **Response:** Deny.

WHEREFORE, defendant requests that the case be dismissed with costs and that the court award such further relief as may be appropriate.

    Respectfully submitted,

    JOHN R. LAUSCH, Jr.
    United States Attorney

    By: s/ Valerie R. Raedy
        VALERIE R. RAEDY
        Assistant United States Attorney
        219 South Dearborn Street
        Chicago, Illinois 60604
        (312) 353-8694
        valerie.raedy@usdoj.gov