UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ELIZABETH GONZALEZ, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 20 C 2111 |
| CHARLOTTE A. BURROWS, Chair of the U.S. Equal Employment Opportunity Commission,[1] | ) ) ) ) ) | Judge Kennelly |
| Defendant. | ) | |

**JOINT MOTION TO EXTEND FACT DISCOVERY**

Plaintiff Elizabeth Gonzalez, by her attorneys, Riley Safer Holmes & Cancila LLP, and defendant Charlotte A. Burrows, Chair of the U.S. Equal Employment Opportunity Commission, by John R. Lausch, Jr., United States Attorney for the Northern District of Illinois, jointly request a 60-day extension of fact discovery from October 8, 2021, to December 8, 2021. In support of this joint motion, the parties state as follows:

1. This is an employment discrimination case alleging that plaintiff Elizabeth Gonzalez, a former probationary-period employee of the EEOC, was constructively terminated due to disability discrimination.

2. Fact discovery is currently set to close on October 8, 2021. Dkt. 31.

3. Plaintiff has propounded an initial set of discovery to Defendant and has identified the key witnesses for deposition. Defendant answered the operative amended complaint on April 9, 2012. Defendant responded to plaintiff's request for production and produced over 3,000 pages

---

[1] The current Chair of the United States EEOC, Charlotte Burrows, is automatically substituted for the previous chair, Janet Dhillon, pursuant to Fed. R. Civ. P. 25(d).

of documents in its first production, USA-Gonzalez 1–3214, on May 7, 2021. Defendant served its own requests for production and interrogatories on May 12, 2021, as well as requests for authorizations. Plaintiff is in the process of responding to these requests for production and interrogatories. Plaintiff's personal situation related to domestic violence has delayed her ability to respond. Moreover, Plaintiff's limited resources with transportation and concerns related to COVID-19 have also delayed her ability to obtain records necessary to properly respond to discovery. As of now, Plaintiff believes she has gathered the voluminous records responsive to Defendant's discovery requests, and her counsel is in the process of reviewing them and assisting in providing responses.

4. The parties seek a 60-day extension to complete fact discovery. The plaintiff needs additional time to respond to defendant's first set of requests for production of documents, including providing authorizations for third-party medical records, and defendant's first set of interrogatories. Defendant needs additional time to produce relevant ESI, namely emails, from the EEOC in its second production. In addition, plaintiff's answers to defendant's interrogatories will identify plaintiff's prior medical history; defendant needs those answers in order to subpoena and receive and review copies of the relevant third-party medical records and then identify any relevant treaters to depose.

5. This is the first motion for extension of fact discovery in this case.

WHEREFORE, the parties jointly move for a 60-day extension of fact discovery until December 8, 2021.

                                                  Respectfully submitted,

| | |
|---|---|
| s/ Brian O. Watson | JOHN R. LAUSCH, Jr. |
| Brian O. Watson | United States Attorney |
| Matthew E. Lee | |
| RILEY SAFER HOLMES & CANCILA LLP | By:  s/ Valerie R. Raedy |
| 70 W. Madison Street, Suite 2900 | VALERIE R. RAEDY |
| Chicago, Illinois 60602 | Assistant United States Attorney |
| (312) 471-8700 | 219 South Dearborn Street |
| bwatson@rshc-law.com | Chicago, Illinois 60604 |
| mlee@rshc-law.com | (312) 353-8694 |
| docketdept@rshc-law.com | valerie.raedy@usdoj.gov |