# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS

### EASTERN DIVISION

| | |
|---|---|
| ELIZABETH GONZALEZ,<br><br>      Plaintiff,<br><br>    v.<br><br>CHARLOTTE A. BURROWS, Chair of the U.S. Equal Employment Opportunity Commission,<br><br>      Defendant. | Case No. 20-CV-2111<br><br>Judge Kennelly |

## PLAINTIFF ELIZABETH GONZALEZ'S RESPONSE
## IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL

In this employment discrimination case, Plaintiff Elizabeth Gonzalez opposes Defendant's motion to compel [64] production of redacted medical records that contain irrelevant details about her domestic violence and other irrelevant personal issues. The redacted medical records are not relevant to any party's claim or defense and proportional to the needs of the case—indeed, Ms. Gonzalez's disabilities are uncontested. Defendant is not entitled to Ms. Gonzalez's entire medical and personal history merely because she filed suit. Defendant's motion therefore should be denied.

### BACKGROUND

Ms. Gonzalez worked for the EEOC from December 1, 2014 to November 25, 2015. During this time, she made requests for reasonable accommodation for her disabilities—depression, anxiety, vertigo, and migraines. These requests mainly included the ability to work from home, leave without pay, and relocation. In other words, these requests were intended to permit Ms. Gonzalez to work remotely and possibly from a different location.

Ms. Gonzalez's disabilities are uncontested. The record—after multiple administrative proceedings and over a year of discovery—shows that Ms. Gonzalez had the disabilities that led to her reasonable accommodation requests, and Defendant has never suggested any dispute over her disabilities. Moreover, in an effort to work with Defendant in good faith, Ms. Gonzalez also agreed to sign broad authorizations for her counsel to obtain all records from every location Defendant requested:

> Copy of all records regarding [Ms. Gonzalez] in any form, including complete chart, progress notes, interview notes, discharge summaries, operative reports, x-ray & all imagery, laboratory tests, pathology tissue, and all diagnostic studies whether in electronic data or other format. This includes psychotherapy notes.

These authorizations were nearly unlimited; they were not restricted by years, type of care, or in any other meaningful way. In exchange, Defendant agreed that it would not issue untimely and costly subpoenas for medical records and that Ms. Gonzalez and her court-appointed counsel could redact irrelevant medical records. As agreed, Ms. Gonzalez and her counsel then carefully reviewed, redacted, and produced the medical records to Defendant in December 2021.

The produced records confirm Ms. Gonzalez's disabilities. Some examples of unredacted records include:

- University of Chicago unredacted records show Ms. Gonzalez's depression in 2008, with Dr. Helene Rubeiz as the treating and diagnosing physician.

- Riveredge Hospital unredacted records show Ms. Gonzalez's depression in 2019, with Dr. Surinder Sehdev as the treating and diagnosing physician.

- Rush University unredacted records show Ms. Gonzalez's migraines and vertigo, with Dr. Katarzyna Gore as the treating and diagnosing physician.

- Holy Cross unredacted records show Ms. Gonzalez's depressive disorder, with Dr.

Jonathan Koehler as the treating and diagnosing physician.

Ms. Gonzalez's Rule 26(a) disclosures, which were served over a year ago on December 22, 2020, identified these medical providers. Although Defendant issued subpoenas for their depositions just before the close of 26(a) discovery, Defendant withdrew the subpoenas and chose not to depose them.[1] For example, Dr. Elizabeth Mirkin, Ms. Gonzalez's treating psychiatrist, was noticed for deposition, and Dr. Mirkin and Plaintiff were ready to proceed, but Defendant withdrew the deposition on the Friday before the deadline. The next week, despite having Ms. Gonzalez's medical records for two months, Defendant filed this motion on the deadline.

Defendant has no experts to contest Ms. Gonzalez's disabilities. On December 22, 2021, the Court specifically ordered [61] the parties to file a joint status report stating whether either side will need Rule 26(a)(2) disclosure deadlines. On January 27, 2022, the parties filed a joint status report [62] and did not request Rule 26(a)(2) disclosure deadlines. Defendant's argument is mistaken that "unredacted medical records are needed for expert discovery." [64 at 5] Ms. Gonzalez's treaters—the only experts possibly at issue—show her disabilities based on the already disclosed medical records.

**LEGAL STANDARD**

"In ruling on a motion to compel, the discovery standard set forth in Rule 26(b) applies." *Mendez v. City of Chicago*, 18-cv-6313, 2020 WL 4736399, at *3 (N.D. Ill. Aug. 14, 2020). Rule 26 provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be

---

[1] Defendant also withdrew the subpoenas to Ms. Gonzalez's domestic abuser, sons, and deceased mother.

discoverable." *Id.* "The party requesting discovery bears the initial burden to establish its relevancy." *Mendez*, 2020 WL 4736399, at *3. Courts have broad discretion in resolving such disputes. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002).

## DISCUSSION

### I.  Defendant Seeks Discovery That Is Not Relevant and Proportionate.

Defendant here seeks discovery that is not relevant and proportionate to the needs of this employment discrimination case. Defendant is not entitled to all of Plaintiff's medical records. Instead, the medical records should be limited and proportional to her claimed disabilities of depression, anxiety, vertigo, and migraines. *See Wier v. United Airlines, Inc.*, No. 19 CV 7000, 2020 WL 12432053, at *1–2 (N.D. Ill. Dec. 16, 2020) (rejecting the defense's argument that it was entitled to all of plaintiff's medical records and limiting plaintiff's anxiety, depression, and claimed emotional distress caused by defendant's alleged unlawful conduct) (citing *Ashley v. Schneider Nat'l Carriers, Inc.*, No. 12-cv-08309, 2014 WL 972154, at *5–6 (N.D. Ill. Mar. 11, 2014); *Warner v. Velardi*, No. 16-cv-1924, 2017 WL 3387723, at *3 (S.D. Cal. Aug. 7, 2017); *Anderson v. Abercrombie & Fitch Stores, Inc.*, No. 06-cv-991, 2007 WL 1994059, at *4 (S.D. Cal. July 2, 2007)).

Indeed, Ms. Gonzalez has provided the medical records from doctors with unchallenged credentials that verify her uncontested disabilities. Defendant does not dispute any of this evidence. By contrast, Ms. Gonzalez's redacted medical records contain irrelevant details about her domestic violence and irrelevant personal issues. For example, Defendant is seeking records related to Ms. Gonzalez's cardiology and gynecology. Moreover, Defendant's argument about the sheer number of redactions is misplaced because, as agreed, Ms. Gonzalez signed broad authorizations for her counsel to obtain all records from every location Defendant requested, and

4

not limit the records up front.  Defendant's argument is now trying to exploit the agreement.  As Rule 26 and *Wier* make clear, Defendant is not entitled to disproportionate discovery of medical records in this employment discrimination case, especially with undisputed disabilities.

Defendant's argument that it needs unredacted records to determine whether "*any* possible reasonable accommodation" would have allowed Ms. Gonzalez to perform her job misses the point.  [64 at 5]  Ms. Gonzalez's claim is that a reasonable accommodation would have permitted her to perform her job remotely.  Both Ms. Gonzalez's direct supervisor and the supervisor in charge of the Chicago District Office of the EEOC have testified that Ms. Gonzalez's work performance was good, and the only issue was *in-person* attendance.  During the coronavirus pandemic, employees performing Ms. Gonzalez's job function as an Information Intake Representative have also perform their jobs remotely.  Moreover, there were remote Information Intake Representative when Ms. Gonzalez worked at the EEOC.  Simply put, the issue is whether Ms. Gonzalez working remotely (a reasonable accommodation) would have permitted her to perform her job.  Defendant does not need Ms. Gonzalez's medical records that relate to Ms. Gonzalez's cardiology, OBGYN, domestic violence, and irrelevant medical issues to defend against Ms. Gonzalez's reasonable accommodation claims.

## II. Defendant Is Pursuing Invasive Discovery That Could Have and Should Have Been Obtained Through Less Invasive Methods.

Defendant also had far less invasive ways to conduct discovery into Ms. Gonzalez's disabilities.  *See* Fed. R. Civ. P. 26(b)(1) (limiting discovery as "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit"); *see also* Fed. R. Civ. P. 26(b)(2) (limiting discovery if it could have

been "obtained from some other source that is less burdensome" and "the party seeking discovery had ample opportunity to obtain the information in the action").

Defendant has not challenged any treating physicians' diagnoses of Ms. Gonzalez's disabilities. Ms. Gonzalez's disabilities are proven in the disclosed, unredacted medical records, and Defendant still does not suggest otherwise. Defendant also withdrew subpoenas and deposition notices of Ms. Gonzalez's treating physicians. Deposing Ms. Gonzalez's treating physicians would have been far less invasive than challenging redacted medical records. Just as an example, Dr. Mirkin is Ms. Gonzalez's current psychiatrist, yet Defendant for some reason withdrew her request for Dr. Mirkin's deposition.

This Court has been abundantly clear that February 22, 2022, was the end of fact discovery. Plaintiff propounded discovery and responded to discovery, took depositions, and subpoenaed relevant records. Plaintiff timely completed all her needed discovery. Defendant's motion is attempting to extend deadlines at the last minute for discovery it should have completed.

### III. Defendant Did Not Request Rule 26(a)(2) Expert Disclosure Deadlines and Additional Medical Records Would Not Assist Any Experts.

Defendant's argument for more medical records for its "necessary expert testimony" is mistaken. [64 at 5] Defendant did not request Rule 26(a)(2) experts in response to this Court's order [61, 62]. Ms. Gonzalez's disabilities are uncontested, and unredacted medical records are not "needed for expert discovery."

### IV. Defendant's Attempt to Seek Additional Medical Records Serves to Harass and Embarrass a Domestic Violence Victim Asserting Employment Discrimination Claims.

Finally, this Court can and should protect Ms. Gonzalez from Defendant's attempts to seek medical records that would only harass and embarrass her. Rule 26(c) allows "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Batchelor v. Merck & Co.*, No. 3:05-CV-791 JTM, 2007 WL 4179015, at *4 (N.D. Ind. Nov. 20, 2007) (excluding records related to sexual history in an employment discrimination case). Topics such as sexual history and domestic violence are of the "highest sensitivity" and should be restricted to the patient and doctor. *See id.* (citing *Mitchell v. Hutchings*, 116 F.R.D. 481, 484 (D. Utah 1987)).

Defendant's request for all medical records would harass and embarrass Ms. Gonzalez. In this case, Defendant has previously subpoenaed Ms. Gonzalez's domestic violence abuser, dead mother, and sons for deposition. Defendant's demanded discovery of all of her medical records only adds to the embarrassment of a woman with depression and anxiety who has endured emotional hardships. Moreover, because Ms. Gonzalez's disability diagnoses are uncontested, this Court has good cause to protect Ms. Gonzalez from continued harassment and embarrassment. Fed. R. Civ. P. 26(c) (courts may "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"); Fed. R. Civ. P. 1 (rules "secure the just, speedy, and inexpensive determination of every action"); Fed. R. Civ. P. 26 (discovery must be "relevant to any party's claim or defense and proportional to the needs of the case").

## **CONCLUSION**

For these reasons, Plaintiff Elizabeth Gonzalez requests that the Court deny Defendant's motion to compel.

Dated: March 9, 2022

>Respectfully submitted,
>
>*/s/ Brian O. Watson*
>Brian O'Connor Watson
>Matthew E. Lee
>RILEY SAFER HOLMES & CANCILA LLP
>Three First National Plaza
>70 W. Madison Street, Suite 2900
>Chicago, IL 60602
>(312) 471-8700
>BWatson@rshc-law.com
>MLee@rshc-law.com
>
>*Counsel for Elizabeth Gonzalez*

# **CERTIFICATE OF SERVICE**

I certify that on March 9, 2022, these papers were filed using the Court's CM/ECF system, which will provide notice to all counsel of record.

*/s/ Brian O. Watson*

*Counsel for Elizabeth Gonzalez*