# Exhibit P

Page 1

```
         UNITED STATES DISTRICT COURT
         NORTHERN DISTRICT OF ILLINOIS
               EASTERN DIVISION


ELIZABETH GONZALEZ,           )
                              )
          Plaintiff,          )
                              )
    vs                        ) No. 1:20-cv-02111
                              )
JANET DHILLON, CHAIR;         )
UNITED STATES EQUAL           )
EMPLOYMENT OPPORTUNITY        )
COMMISSION,                   )
                              )
          Defendants.         )
```

        The discovery deposition of TYRONE IRVIN, taken in the above-entitled cause before Steven J. Brickey, CSR, RMR, CRR, State of Illinois, on behalf of the plaintiff, at 219 South Dearborn Street, Chicago, Illinois, on the 11th day of January, A.D., 2022, commencing at 11:00 o'clock a.m.

```
 1   A P P E A R A N C E S:

 2      RILEY SAFER HOLMES & CANCILA, LLP
        BY:  MR. BRIAN O'CONNOR WATSON
 3      70 West Madison Street
        Suite 2900
 4      Chicago, Illinois 60602
        (312) 471-8770,
 5      bwatson@rshc-law.com

 6              Appeared on behalf of the Plaintiff;

 7      UNITED STATES DEPARTMENT OF JUSTICE
        BY:  MS. VALERIE RAEDY
 8      219 South Dearborn Street
        Suite 500
 9      Chicago, Illinois 60604
        (312) 886-1325,
10      valerie.raedy@usdoj.gov

11              Appeared on behalf of the Defendants;

12

13   REPORTED BY:

14         Steven J. Brickey, CSR, RMR, CRR
           CSR License No. 084-004675
15

16

17

18

19

20

21

22

23

24

25
```

Tyrone Irvin
January 11, 2022

Page 3

I N D E X

THE WITNESS: TYRONE IRVIN

                                      PAGE

Direct Examination by Mr. Watson.......... 4

Cross-Examination by Ms. Raedy............ 124

E X H I B I T S

| Exhibit | | Marked for Identification |
|---|---|---|
| 1 | 2015 Interim Progress Review | 30 |
| 2 | E-mail Irvin to Bowman 5-30-15 | 34 |
| 3 | Handwritten notes 7-8-15 | 48 |
| 4 | Handwritten notes 8-8-15 | 58 |
| 5 | E-mail Irvin to Bowman 11-18-15 | 64 |
| 6 | E-mail Irvin to Bowman 11-19-15 | 68 |
| 7 | E-mail Irvin to Schuster 11-19-15 | 71 |
| 8 | 12-1-14 to 9-30-15 performance Appraisal | 77 |
| 9 | 11-25-15 Termination Notice | 81 |
| 10 | Affidavit of Tyrone Irvin | 89 |
| 11 | E-mail Irvin to Millan 7-7-16 | 98 |
| 12 | Supplemental Affidavit | 108 |
| 13 | United States' Answer to Plaintiff's Second Amended Complaint dated April 9th, 2021 | 114 |

Page 4

1  (Witness sworn.)
2  TYRONE IRVIN
3  called as a witness herein, having been first duly
4  sworn, was examined and testified as follows:
5  E X A M I N A T I O N
6  BY MR. WATSON:
7  Q.   Good morning still, sir.  My name is
8  Brian Watson.  I represent Elizabeth Gonzalez in
9  this civil lawsuit.
10             Could you introduce yourself and
11  spell your full name.
12     **A.   Tyrone Irvin, T-y-r-o-n-e, I-r-v, as**
13  **in Victor, i-n.**
14     Q.   Mr. Irvin, you understand today
15  we're here for a deposition?
16     **A.   Yes.**
17     Q.   Sworn to under oath?
18     **A.   Yes.**
19     Q.   Same testimony that you would give
20  in a courtroom?
21     **A.   Yes.**
22     Q.   You understand that it's a lawsuit
23  filed by Elizabeth Gonzalez regarding alleged
24  discrimination?
25     **A.   Yes.**

Tyrone Irvin
January 11, 2022

Page 32

1	A.	I should have, yes.
2	Q.	In short, that conversation would
3	have covered the same things that are written in
4	the progress review here?
5	A.	Yes.
6	Q.	And it's to Elizabeth Gonzalez and
7	to HR, do you see that at the top?
8	A.	No, that's --
9	Q.	IRR?
10	A.	Ms. Gonzalez is an IRR.
11	Q.	I was going to say all of a sudden
12	we have a HR department.
13			At this time, for this progress
14	review, you note and make no mention of an
15	attendance issue, right?
16	A.	We were not to bring up conduct
17	issues involved in performance reviews.
18	Q.	Tell me the difference between a
19	conduct issue versus other issues.
20	A.	Conduct is attendance, disobeying a
21	directive, coming -- you know, coming in late,
22	just breaking the rules as a conduct issue whereas
23	performance is all about how you do your job and
24	they try to make sure we keep that separate.
25	Q.	Who is they?

Page 48

1  anyone at the EEOC?
2      A.    Yes, the person who was handling the
3  complaint that she filed.
4      Q.    Before the complaint, did you share
5  your notes with anyone?
6      A.    No.  No one wanted to see my notes.
7      Q.    Did you show your notes to
8  Ms. Gonzalez?
9      A.    No.
10     Q.    I'm handing you what is marked as
11 Exhibit 3, which is three pages, the last page is
12 typewritten.  The first two pages are handwritten.
13               (Document marked as Irvin
14                Exhibit No. 3 for
15                identification.)
16 BY MR. WATSON:
17     Q.    Can you tell me what Exhibit 3 is?
18     A.    The handwritten and typed notes of
19 my conversation with Ms. Gonzalez on July 8th,
20 2015.
21     Q.    When did you handwrite the notes on
22 the first two pages of Exhibit 3?
23     A.    Immediately after my conversation
24 with Ms. Gonzalez.
25     Q.    And that conversation was also on

1   July 8th --

2       A.    Yes.

3       Q.    -- 2015?  Did you prepare the typed

4   up version on page 3 of this exhibit?

5       A.    I think I typed these up a couple of

6   days after my handwritten notes because I was

7   having difficulty reading them.  So the typed is

8   the actual word for word of my handwritten.

9       Q.    And the handwritten was -- of

10   Exhibit 3 was done on July 8th, 2015, the typed

11   version was prepared within days --

12       A.    Yes.

13       Q.    -- of July 8th, 2015, right?

14       A.    Yes.  Let me -- let me revise my

15   statement.  These typed notes may have been typed

16   as a result of the complaint as well.  That's what

17   I'm not too sure about exactly when I typed these.

18           I'm assuming I did them within

19   days, but it could have been as a result of

20   receiving the complaint and then me reviewing my

21   notes and seeing that I was having a hard time

22   reading them.  So I decided to type them word for

23   word so that whoever was reading them could read.

24       Q.    Thank you for that.

25       A.    Believe me.  This is a 57-year

Tyrone Irvin
January 11, 2022

Page 58

1      (Document marked as Irvin
2        Exhibit No. 4 for
3        identification.)
4  BY THE WITNESS:
5      A.    These are the handwritten and typed
6  notes of my second conversation with Elizabeth
7  Gonzalez concerning her attendance on August 18th,
8  2015.
9  BY MR. WATSON:
10     Q.    When were the handwritten notes
11 prepared?
12     A.    The handwritten notes were prepared
13 the same day after the meeting.
14     Q.    When were the typewritten notes
15 prepared?
16     A.    They would have to be the same time
17 that the first set of typewritten notes were done.
18     Q.    And you're the author of both?
19     A.    Yes.
20     Q.    I have a few questions about the
21 notes and I'm going to jump to various parts of
22 the notes.
23            If you ever feel like I need to
24 add or you need to add context so I'm not being
25 unfair to you by reading something, let me know.

1  then they would tell us it's okay to issue it to
2  the employee.
3     Q.    In your e-mail, you say "I used the
4  same document that was used for Georgia Brown who
5  had the exact same issue, but she was not as
6  extreme as Elizabeth," do you see that?
7     A.    Yes.
8     Q.    Remind us who Ms. Georgia Brown is?
9     A.    She was an IRR, one of the first
10 ones we hired, who had an attendance issue as
11 well.  It wasn't leave without pay, but it was an
12 attendance issue.
13    Q.    And when you refer to the exact same
14 issue, what are you referring to?
15    A.    Attendance because that's the
16 charge.
17    Q.    Did Ms. Gonzalez file or dispute her
18 termination?
19    A.    I believe she filed an EEO
20 complaint.
21    Q.    Did Ms. Brown file or dispute the
22 termination?
23    A.    No.  Fortunately or unfortunately, I
24 don't know how to say that, but when I called
25 Ms. Brown in to have the initial conversation with

Tyrone Irvin
January 11, 2022

Page 133

1      C E R T I F I C A T E
2
3      I, Steven Brickey, Certified Shorthand
4   Reporter, Registered Merit Reporter and Certified
5   Realtime Reporter, do hereby certify that on the
6   11th day of January, A.D., 2022, the deposition of
7   the witness, TYRONE IRVIN, called by the
8   Plaintiff, was taken before me, reported
9   stenographically, and was thereafter reduced to
10  typewriting under my direction.
11      The said deposition was taken at 219 South
12  Dearborn Street, Chicago, Illinois, and there were
13  present counsel as previously set forth.
14      The said witness, TYRONE IRVIN, was first
15  duly sworn to tell the truth, the whole truth, and
16  nothing but the truth, and was then examined upon
17  oral interrogatories.
18      I further certify that the foregoing is a
19  true, accurate, and complete record of the
20  questions asked of and answers made by the said
21  witness, TYRONE IRVIN, at the time and place
22  hereinabove referred to.
23      The signature of the witness, TYRONE IRVIN,
24  was reserved by agreement.
25      The undersigned is not interested in the

Page 134

1  within case, nor of kin or counsel to any of the
2  parties.
3       Witness my official signature on this
4  __21st__ day of __January__, A.D., 2022.

_____
STEVEN BRICKEY, CSR, RMR, CRR
CSR No. 084-004675